Dane County Sheriff's Office
Civil Process
115 West Doty Street
MADISON, WI 53703

Process Number: 05011442             Court Number: 05CV11135MLW

I, Gary H. Hamblin, Sheriff of Dane County, do hereby certify that I r eived the within and foregoing SUMMONS, COMPLAINT, JURY DEMAND on 7th day of September, 2005, and that I served the same on:

    TRAFFICCAST INC  (Defendant)
    2802 COHO ST STE 102
    MADISON, WI   53717
    Served on: 8th day of September, 2005 at 17:05:00 by Gary L Vandiv  r

    Served to: CONNIE JING LI  (PERSON IN CHARGE)
               5806 VERDE VIEW RD
               MADISON, WI   53717

Returned on the 8th day of September, 2005

I also certify that I endorsed on the said copy the date of service, s  ned my name, and added my official title thereto.

Dated the 8th day of September, 2005

                                        Gary H. Hamblin, Sheriff
                                        Dane County Sheriff's Office, Wisc  sin

                                    BY: _____
                                        Deputy Sheriff
                                        Civil Process

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __Massachusetts__

Robert D. Pritchard,
Plaintiff

V.

TrafficCast, Inc.; Bin Ran; and Connie Jing Li,
Defendants

SUMMONS IN A CIVIL CAS

CASE NUMBER: **05 CV 11135 MI W**

TO: (Name and address of Defendant)  TrafficCast, Inc.
2802 Coho St, Suite 102
Madison, WI 53713

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and ad  )

Paul Michienzie, Esq.
John C. Barker, Esq.
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

in answer to the complaint which is herewith served upon you, within _____20_____ days after service  his summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken again  ou for he relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a re   nable period of time after service.

SARAH A. THORNTON

LERK

y) DEPUTY CLERK

8-12-05
DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. _____

```
                                      )
ROBERT D. PRITCHARD,                  )
          Plaintiff,                  )
                                      )
                                      )
v.                                    )
                                      )
TRAFFICCAST, INC.; BIN                )
RAN; AND CONNIE JING LI,              )
          Defendants.                 )
                                      )
```

**COMPLAINT AND JURY DEMAND**

Introduction

1.  Plaintiff Robert D. Pritchard ("plaintiff"), through his counsel of record, hereby brings this action against corporate Defendant TrafficCast, Inc. ("TrafficCast"), and individual Defendants Bin Ran and Connie Jing Li (collectively, "defendants").

Jurisdiction and Venue

2.  Because of the Federal Securities Law claim below, subject matter jurisdiction over defendants is appropriate pursuant to 28 U.S.C. §1331. Subject matter jurisdiction over the state-law claims below is properly maintained under 28 U.S.C. §1367(a).

3.  In addition, plaintiff submits that complete diversity exists, such that federal subject matter jurisdiction is proper, in the alternative, under 28 U.S.C. §1332(a)(1). Plaintiff is a resident of Massachusetts, the individual defendants are residents of Wisconsin, and the corporate defendant is headquartered in Wisconsin and incorporated either in Wisconsin or Delaware.

4.  Venue is proper in the Eastern District of the United States of the District Court o Massachusetts, pursuant to 28 U.S.C. §1391(b)(2) if under a federal question jurisdiction; and pursuant to 28 U.S.C. §1391(a)(2) if under diversity jurisdiction.

## The Parties

5.      Plaintiff Robert D. Pritchard was a Director and Executive Vice President defendant TrafficCast, Inc. Plaintiff is a resident of Foxboro, Massachusetts.

6.      The corporate defendant, TrafficCast, Inc. was formerly known as TrafficCast.com, Inc. Its principal address is 2802 Coho Street, Suite 102, Maidson, WI 713. It was (and is) a privately owned startup company holding patents on systems that predict traffic patterns and timing anywhere in the United States. TrafficCast regularly did business in Massachusetts, and had a Boston office from 2000 until at least 2002.

7.      Individual defendant Bin Ran, Ph.D, was and is President, CEO, registered agent for service of process, and part-owner of TrafficCast, Inc.

8.      Individual defendant Connie Jing Li, Ph.D and P.E., was and is Chief Operating Officer and part-owner of TrafficCast, Inc.

## Factual Background

9.      The two individual defendants (Ran and Li) founded the corporate defendant along with co-founder Jerome Chen, in or about November 1999. Following a period of part-time effort beginning in or about November 1999, plaintiff joined them as a company founder in or about February 2000. Pritchard also also became a member of TrafficCast's management team: Pritchard was given the title Executive Vice President. He led the market and sales team for the company. Plaintiff Pritchard was also a Director of the closely held company

10.     The founders, including Pritchard, contributed their labor, deferred salaries other compensation, contributions toward company expenses, as well as intellectual property to the formation of the company. TrafficCast's development was funded by deferred salaries and by stock options for the development team, which included plaintiff Pritchard. According he company's records, the company was valued at between $8.4M and $18M. It was the founders, including plaintiff Pritchard, who held 100 percent of the company's value.

11.     Defendants promised plaintiff an annual salary of $110,000.

12.     Defendants Ran and Li repeatedly made written and oral representations to plaintiff Pritchard that he was a founding partner, director, and Executive Vice President of defendant TrafficCast. Further, they represented orally to plaintiff that he would be entitled an annual salary of $110,000, reimbursement of travel and other business expenses, and that h as entitled to 1,848,000 shares of TrafficCast.

13.     Between November 1999 and October of 2002 (Pritchard worked part-time n November 1999 to February 2000), the plaintiff worked hard to promote and develop TrafficCast, deferring substantial salary and benefits in the approximate amount of $270,00 iot including interest). Pritchard developed business relationships and materials that are the foundation of Defendant's current business enterprise.

14. Additionally, the defendants promised plaintiff 22% of TrafficCast (as translated into 1,848,000 shares of TrafficCast and described in defendant's business records), in return for his hard work and expertise in developing the business. On or before 5/14/00, defendant R emailed a table of Stock Commitments for Founders and Developers, which reflected that 1,848,000 shares of TrafficCast had been committed to founder Robert Pritchard.

15. Plaintiff paid for various company expenses and costs during the development of TrafficCast, out of his own pocket. He has not yet been reimbursed for all of these costs and expenses. Defendants now owe Pritchard unpaid travel and business expenses in the approximate amount of $25,000 (not including any interest).

16. In or about June 2002, defendant Ran began to distance himself and defendant TrafficCast from plaintiff. In October 2002, defendant Ran provided vague explanations such as that they were "going on different routes." Despite plaintiff's repeated written and verbal requests for an explanation and/or a settling up of money due to plaintiff, defendants never provided either.

### Count I: Violations of Federal Securities Laws, Against Defendants

17. Plaintiff incorporates by reference, as if fully set forth herein, Paragraphs 1 through 16.

18. Plaintiff was issued 1,848,000 shares of TrafficCast in 2000 in consideration of his efforts and expertise in developing the startup company.

19. Defendants misrepresented to plaintiff that he would remain a Director and Executive Vice President of TrafficCast entitled to an annual salary of $110,000, reimbursement of travel and related business expenses, and that he would be entitled to these 1,848,000 shares with each share having a par value of $1.00. The stock issued to plaintiff was issued in addition to his salary.

20. The individual defendants Ran and Li intentionally misrepresented these facts that they never intended to give plaintiff the salary they promised him, reimburse him for incurred travel and related business expenses, or give him the shares they issued to him in TrafficCast.

21. Plaintiff reasonably relied on promises from the individual defendants Ran and Li, in working for TrafficCast for more than two years, spending his own money for the company costs and expenses, accepting deferred salary in substantial amounts, and suffering substantial detriment in return for a substantial gain of over $2M in ultimate profits. TrafficCast has a g product, valuable intellectual property, and hardworking and experienced personnel developing the company; thus, it was reasonable for the plaintiff to believe that the company was (and is) viable startup, such that he was willing to defer salary and except valuable shares for his work and expertise.

22. As a result of defendants' intentional misrepresentations to plaintiff, plainti[ff] as lost over $2M in lost shares, salary, expenses, and costs.

### Count II: Common-Law Fraud, Against Defendants Ran and Li

23. Plaintiff incorporates by reference, as if fully set forth herein, Paragraphs 1 through 22.

24. Defendants Ran and Li misrepresented to plaintiff that he would be paid cer[tain] salary amounts, totaling approximately $270,000; that he would be reimbursed for his out-[of-]pocket expenses incurred on behalf of TrafficCast, totaling approximately $25,000; and tha[t he] would have 1,848,000 shares of TrafficCast, issued at a par value of $1.00.

25. At the time Ran and Li made these misrepresentations to plaintiff, Ran and L[i] knew that they were not true, and never intended to give plaintiff the benefits of his labors. Rather, Ran and Li intended to induce plaintiff to work for more than two years for a deeply discounted salary; to spend his own money on TrafficCast expenses for which he would not [be] reimbursed; and to forego more promising opportunities, in order to get the benefit of plain[tiff']s considerable expertise in developing the startup business.

26. Plaintiff reasonably relied on the promises of Ran and Li, and forewent other business opportunities in order to work for TrafficCast for more than two years; contributed knowledge and expertise to developing TrafficCast; and contributed considerable effort and specialized knowledge to developing the business.

27. The misrepresentations by Ran and Li were material. They went to the heart [of] plaintiff's business relationship with defendant TrafficCast.

28. At the time they made these misrepresentations, Ran and Li knew that they w[ere] false, and intended to induce plaintiff to rely on them to his detriment, in order to cause plain[tiff] to work for free for TrafficCast, to contribute his own money towards the development of TafficCast and toward expenses incurred in the development of TrafficCast.

29. Plaintiff's detrimental reliance on Ran's and Li's misrepresentations in this regard, was reasonable. TrafficCast had (and has) considerable potential as a startup, valuab[le] intellectual property, and convincing (if insincere) founders.

30. As a result of defendants' intentional misrepresentations to plaintiff, plaintiff [has] lost over $2M in lost shares, salary, expenses, and costs.

### Count III: Breach of Fiduciary Duty, Against Defendants

31. Plaintiff incorporates by reference, as if fully set forth herein, Paragraphs 1 through 30.

32. Defendants Ran and Li owed plaintiff a fiduciary duty. In a close corporation such as TrafficCast, the relationship among stockholders must be one of trust, confidence, and absolute loyalty if the enterprise is to succeed. In a close corporation, the stockholders owe each other a fiduciary duty of the utmost good faith and loyalty.

33. Defendant Ran and Li breached their fiduciary duty owed to plaintiff by freezing him out of the company and denying him his salary, reimbursement for incurred travel and related business expenses, and shares of the company that they had promised him.

34. Defendants' breach of fiduciary duty owed to plaintiff caused plaintiff to suffer monetary damages of over $2M.

### Count IV: Breach of Contract, Against Defendants

35. Plaintiff incorporates by reference, as if fully set forth herein, Paragraphs 1 through 34.

36. Plaintiff and defendants had an oral contract of employment and an oral contract under which plaintiff stood to receive 1,848,000 shares of TrafficCast for his efforts and expertise. These contracts were memorialized in many different writings, including but not limited to, TrafficCast Business Plans.

37. Plaintiff performed his duties under the subject contracts. He worked on a full-time basis for TrafficCast for more than two years, from February of 2000 to October of 2002. When working for TrafficCast, he expended his best efforts and contributed considerable experience and expertise to the development of the new company.

38. He worked for TrafficCast in consideration for an annualized salary of $110,000, which was deferred by mutual agreement; with the understanding that any out-of-pocket expenses on behalf of TrafficCast would be reimbursed by TrafficCast; and with the understanding that he owned 1,848,000 shares of TrafficCast, which would later become valuable, and would later be valued at about $1.8M.

39. Defendants breached their contract with plaintiff. They owe him approximately $270,000 in deferred salary, about $25,000 in unreimbursed expenses, and 1,848,000 shares of TrafficCast.

40. Plaintiff has been damaged by defendants' breach of contract, in the amount of over $2M.

41. Demand was made upon defendants for reimbursement of these damages and the stock. A copy of the demand is attached hereto. Defendant has failed to respond to the demand.

### Count V: Quantum Meruit Recovery Against Defendants

42. Plaintiff incorporates by reference, as if fully set forth herein, Paragraphs 1 through 41.

43. Plaintiff worked diligently and effectively, using his best efforts, for TrafficCast from February of 2000 until at least October of 2002. As detailed above, plaintiff was promised an annual salary of $110,000, reimbursement of out-of-pocket expenses incurred for TrafficCast, and 1,848,000 shares of TrafficCast.

44. However, in the alternative, should there be a finding that no contract existed, plaintiff is still entitled to recover his actual damages based on a quasi-contract, or quantum meruit recovery. Otherwise, plaintiff would have worked for more than two years at a deep discounted salary, and defendants would have been unjustly enriched by plaintiff's work for TrafficCast.

45. Under this Count for quantum meruit recovery, plaintiff is entitled to recover approximately $295,000 in unpaid salary and benefits and unreimbursed expenses.

### Count VI: Wrongful Termination, Against TrafficCast

46. Plaintiff incorporates by reference, as if fully set forth herein, Paragraphs 1 through 45.

47. If plaintiff is considered to have been an employee of TrafficCast between February of 2000 and at least October of 2002, then plaintiff has not received his compensation for past services and salary already earned, in the amount of approximately $270,000.

48. If TrafficCast is considered to have been plaintiff's employer, his employer owes him a duty of good faith and fair dealing. Under such duty, his employer must pay plaintiff salary already earned in its employ.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor as follows:

1. Granting him damages in the approximate amount of $2,143,000 as detailed above;

2. Granting plaintiff multiple or punitive damages because of defendants' intentional fraud;

3. Granting plaintiff, under applicable law, his attorneys' fees, prejudgment interest, post-judgment interest, and/or costs; and

4. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Demand is hereby made for trial by jury on all issues so triable.

PLAINTIFF, ROBERT D. PRITCHARD,
By His Attorneys,

MICHIENZIE & SAWIN, LLC

Dated: 5/31/05          By: *John Barker*

Paul Michienzie – BBO NO: 548701
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116-2636
Tel: 617-227-5660

JS 44 (Rev. 3-99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or o... papers as required
...law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1... is required for the
of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FO...)

**I. (a) PLAINTIFFS**

Robert D. Pritchard

**DEFENDANTS**

TrafficCast, Inc.
Bin Ran
Connie Jing Li

(b) County of Residence of First Listed Plaintiff  **Norfolk County, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Dane C...ty, WI
(IN U.S. PLAINTIFF CASES ONL...)
NOTE: IN LAND CONDEMNATION CASES, USE THE ...TION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul Michienzie, Esq.
John C. Barker, Esq.
745 Boylston Street
Boston, MA 02116

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X"...
(For Diversity Cases Only) and On... for Defendant...

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another... | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

[Nature of suit checkboxes - ☒ 160 Stockholders' Suits selected under CONTRACT; ☒ 850 Sec... selected under PROPERTY RIGHTS]

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 ...

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendants violated federal securities laws (Section 10b-5) committed fraud, and b...ached contract and covenant of good faith with plaintiff.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded ...
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   n/a   JUDGE   DOCKET NUMBER

DATE 6/1/05    SIGNATURE OF ATTORNEY OF RECORD  *John Barker*

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Pritchard v. TrafficCast, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (Se :al rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 12
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyrigh   ses

   ☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in th district please indicate the title and number of the first filed case in this court.

   n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)
   YES ☒   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies residing in Massachusetts reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John C. Barker
ADDRESS Michienzie & Sawin LLC, 745 Boylston Street, Boston, MA 02116
TELEPHONE NO. (617) 227-5660

(CategoryForm.wpd - 5/2/05)