IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT D. PRITCHARD,

        Plaintiff,

vs.

TRAFFICCAST, INC., BIN RAN,
and CONNIE JING LI,

        Defendants.

Case No. 05CV11135MLW

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND, ALTERNATIVELY, TO TRANSFER VENUE

## INTRODUCTION

Defendant TrafficCast, Inc. is a Wisconsin corporation engaged in the business of providing traffic information. It was Incorporated in July of 1999 by Defendants Bin Ran and Jing (Connie) Li under the name TrafficCast.com, Inc., and the name was changed in 2001 to TrafficCast, Inc. (Ran Aff. ¶ 2-3; Li Aff. ¶ 2-3) Ran and Li are husband and wife. (Li Aff. ¶ 2) At all times, the business has been located in Madison, Wisconsin, and Ran and Li have resided in Wisconsin since 1995. (Ran Aff. ¶ 2, 6, Li Aff. ¶ 3) All of TrafficCast's corporate records, including contracts, shareholder records, board of directors minutes and notes concerning meetings with clients and potential clients are located in Wisconsin. (Li Aff. ¶ 21)

Plaintiff Robert D. Pritchard approached TrafficCast about acting as an independent contractor on their behalf to assist with sales and raising venture capital. Pritchard initiated the contact and met with Defendants in Madison, Wisconsin in approximately November of 1999. (Ran Aff. ¶ 9, Li Aff. ¶ 5) At the time, Pritchard was employed full-time by another company, but he was interested in engaging in some independent contractor work on the side.(Ran Aff. ¶ 9, Li

1

Aff. ¶10) In approximately February and again in March of 2000, Pritchard again met with Defendants in Madison, Wisconsin, and they reached an oral agreement for Pritchard to provide some independent contractor services. (Ran Aff. ¶ 10, Li Aff. ¶ 7)

In both the February and March meetings, other TrafficCast staff was present and would be witnesses for purposes of defending against Pritchard's claims. (Ran Aff. ¶ 26, Li Aff. ¶ 26) TrafficCast staff was also present at many of the subsequent meetings attended by Pritchard in Wisconsin. (Ran Aff. ¶ 26) These staff include Wisconsin residents Jerome Chen, Bridgett Barrett and Jessica Liu. (Li Aff. ¶ 25-26). Up until 2003, TrafficCast had no formal employees other than Bin Ran and Connie Li, rather these other staff people were employed by another company owned by Connie Li and they provided some limited services for TrafficCast from time to time. (Li Aff. ¶ 24-25) TrafficCast currently has 6 employees, in addition to Ran and Li. (Li Aff. ¶ 23)

Pritchard continued some services for TrafficCast until approximately June of 2002. (Complaint ¶ 13, 16, Li Aff. ¶ 7) During the time Pritchard was providing independent contractor services for TrafficCast, he also engaged in work for at least one other company as an independent contractor. (Li Aff. ¶ 10)

Pritchard has now sued Defendants alleging various claims, including breach of contract, breach of fiduciary duty, and securities fraud. Because Defendants lack the minimum contacts necessary to impose personal jurisdiction over them in Massachusetts, the claims should be dismissed. Similarly, because venue is improper in the U.S. District Court for the District of Massachusetts, the claims must be dismissed.

Alternatively, if jurisdiction and venue over one or more of the Defendants is found to be proper in this judicial district, the venue of this action should be changed pursuant to 28 U.S.C. §1404, based on the fact that Defendants have extremely limited contacts with the state of Massachusetts, Wisconsin law will apply to the diversity claims, virtually all the documentation in

this case is located in Wisconsin, and virtually all the witnesses are either located in Wisconsin or in a jurisdiction other than Massachusetts.

I. **DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION UNDER THE MASSACHUSETTS LONG-ARM STATUTE AND THUS SERVICE UPON THEM IN WISCONSIN IS NOT EFFECTIVE TO HALE THEM INTO THIS COURT.**

Fed. R. Civ. P. 4(k), in relevant part, defines the territorial limits of effective service of process as follows: "[t]he service of a summons…is effective to establish jurisdiction over the person of a defendant…who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Rule 4(k)(1)(A). As nonresident defendants upon whom Plaintiff attempted to effect service of process in Wisconsin, Defendants may be summonsed into the Court only if they could be subjected to the jurisdiction of the courts of the Commonwealth of Massachusetts under the Massachusetts long-arm statute, G.L. c. 223A. Under the circumstances of the present action, a Massachusetts court may exercise personal jurisdiction over Defendants only (1) if the cause of action alleged arose from Defendants' causing tortious injury by an act or omission in Massachusetts and (2) if the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. *LaVallee v. Parrot-Ice Drink Prods. Of America, Inc.*, 193 F.Supp.2d 296, 299-300 (D.Mass. 2002) (citation omitted). Plaintiff bears the burden of proving the existence of personal jurisdiction over each of the Defendants. *LaVallee*, 193 F.Supp.2d at 292. Plaintiff must establish, and the Court must determine, that there is an independent basis for jurisdiction over each of the individual defendants personally, as well as a basis for jurisdiction over the corporate defendant, TrafficCast, Inc. *Id*.

As to the Defendants, the Massachusetts long-arm statute provides, in relevant part, that a Massachusetts court may exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's…(a) transacting any business in this commonwealth, …[or] (c) causing tortious injury by an act or omission in this

3

commonwealth..." G.L. c. 223A, § 3(c). Plaintiff's claims against Defendants stem not from any action in the Commonwealth, but rather, their alleged *inaction in Wisconsin*. Indeed, as alleged in Plaintiff's complaint, Plaintiff claims that Defendants, all of whom reside in or are located in Wisconsin, failed as allegedly promised to pay salary, expenses and shares of stock in the corporate defendant for work performed by Plaintiff for the Wisconsin corporation. Complaint at ¶¶11, 12, 24, 33, 36 & 39. None of these allegations brings Plaintiff's claims against Defendants within the scope of the Massachusetts long-arm statute. In short, Defendants' alleged failure to act in Wisconsin cannot be the basis for asserting personal jurisdiction over them in Massachusetts. Accordingly, Plaintiff's claims should be dismissed against Defendants for lack of personal jurisdiction under the Massachusetts long-arm statute.

II. **PRITCHARD'S COMPLAINT SHOULD BE DISMISSED BECAUSE DEFENDANTS LACK THE MINIMUM CONTACTS NECESSARY TO IMPOSE PERSONAL JURISDICTION IN MASSACHUSETTS.**

Pritchard has asserted six claims, one claim asserting securities fraud where subject matter jurisdiction is based on a federal question, and the remaining claims predicated on diversity jurisdiction. Pritchard must establish personal jurisdiction over each of the three defendants for all of these claims. For securities fraud, the Court must look to both federal statutory and constitutional law. See *Debreceni v. Bru-Jell Leasing Corp.*, 710 F.Supp. 15, 19 (D.Mass. 1989). For the other claims, a federal court exercising diversity jurisdiction must examine jurisdiction the same as a Massachusetts state court would analyze jurisdiction if the claims were brought in that forum. See *Daynard v. Ness, Motley, Loadholt, etc.*, 290 F.3d 42, 51 (1st Cir. 2002). Jurisdiction over one claim does not imply jurisdiction over another. *Debreceni v. Bru-Jell Leasing Corp.*, 710 F.Supp. at 19.

Pritchard bears the burden of proving personal jurisdiction over each of the Defendants. *Daynard v. Ness, Motley, Loadholt, etc.*, 290 F.3d at 50. Under both the federal question and di-

versity case, Pritchard must establish that Defendants have the requisite minimum contacts with the state of Massachusetts such that subjecting Defendants to jurisdiction does not offend the traditional notions of fair play and substantial justice. See G.L. c. 223A and § 3(a); See also *United Electrical Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1086-87 (1st Cir. 1992); *Johnson Creative Arts v. Wool Masters*, 743 F.2d 947, 950 (1st Cir. 1984).

In examining minimum contacts, there are two types of personal jurisdiction, general and specific. General jurisdiction is found if a defendant has engaged in continuous and systematic activity in Massachusetts, regardless of whether it is related to the claims at issue. Specific jurisdiction, on the other hand, may exist where the cause of action arises directly out of, or relates directly to, a defendant's contacts with the state of Massachusetts. See *163 Pleasant Street Corp.*, 960 F.2d at 1088-1089.

To further analyze an assertion of specific personal jurisdiction, a federal court in Massachusetts must employ a three-part test:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must…be reasonable. *163 Pleasant Street Corp.*, 960 F.2d at 1089.

**A.  Defendants Do Not Have Continuous and Systematic Activity in Massachusetts.**

Defendants in this case have very little contact with the state of Massachusetts. TrafficCast, Inc. is a Wisconsin corporation that has always maintained its principal office in Madison, Wisconsin. It has never been registered or licensed to do business in Massachusetts and has never maintained a Massachusetts office. Although Pritchard alleges in his complaint that TrafficCast maintained a Massachusetts office from 2000-2002, he is referring to his home during the period of time he acted as an independent contractor for TrafficCast. (Complaint ¶ 6, Ran Aff. ¶ 10, 12,

14, 17) TrafficCast never knew about or authorized any office within the state of Massachusetts. (Ran Aff. ¶ 17)

Pritchard was the one who initiated contact with Defendants and he traveled to Madison, Wisconsin on several occasions to discuss and negotiate the oral agreement to perform services for TrafficCast. To the extent Pritchard also claims that there were promises to compensate him with stock or pay him a set salary, those alleged promises would also have been made based on Pritchard initiating the contact in the state of Wisconsin, and based on meetings that occurred in Wisconsin.[1]

Since the time that TrafficCast was formed in 1999, TrafficCast's presence in Massachusetts has been limited to a few trips made by Bin Ran and Connie Li. ( Ran Aff. ¶ 20-24, Li Aff. ¶ 18-20) One trip by each of the individual defendants was made for a trade association conference. Another trip by Connie Li was for business purposes completely unrelated to TrafficCast. Only one trip was made by Bin and Connie for the specific purpose of meeting with Pritchard, and the purpose of that meeting was for Pritchard to introduce Defendants to his family and a lawyer licensed exclusively in Connecticut for the purpose of the lawyer providing legal services to Defendants.

TrafficCast has never generated any revenues within the state of Massachusetts and has no clients or customers there. (Ran Aff. ¶ 15-16) Although one of the meetings by Bin Ran in Massachusetts was with a company for purposes of business development, the meeting did not lead to any client relationship. (Ran Aff. ¶ 23)

---

[1] Although Pritchard alleges in Paragraph 18 of his complaint that TrafficCast issued him 1,848,000 shares of stock, he contradicts this statement in paragraphs 24, 33, 36, 39, and 43 by stating that he was promised stock but actually never received any stock in TrafficCast. In fact, no stock was ever issued to Pritchard and there is no basis for any securities fraud claim. (Li Aff. ¶ 22)

There have not been systematic and continuous contacts between Defendants and the forum state of Massachusetts. Consequently, general personal jurisdiction is not present and Pritchard's claims must be dismissed unless he can establish specific personal jurisdiction.

**B. Pritchard's Claims Must Be Dismissed for Lack of Personal Jurisdiction Because the Claims Do Not Arise Out of or Relate to Defendants' Limited Contacts With Massachusetts, Defendants Did Not Purposely Conduct Activities in Massachusetts to Invoke the Benefits and Protections of That State's Laws, and the Exercise of Personal Jurisdiction Over Defendants Would Be Unreasonable.**

The limited contacts each of the Defendants has with the forum state of Massachusetts are not sufficient to convey personal jurisdiction for Plaintiff's claims. Under the first prong of the three-part analysis set forth above, Pritchard's claims do not arise from Defendants' contacts with Massachusetts. The courts use a "but for" causation standard to determine whether the long-arm statute should convey jurisdiction under this first factor. *Clark v. City of St. Augustine, Florida*, 977 F.Supp. 541, 544 (D.Mass. 1997). In other words, "[d]id the defendant's contacts with the Commonwealth constitute 'the first step in a train of events that result[ed] in a personal injury.'" *Lyle Richards Intern., Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 114 (1st Cir. 1997) (quoting *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 625 N.E.2d 549, 551-552 (1994)).

In the present case, Plaintiff has alleged in his complaint that he began performing services for TrafficCast in November of 1999 on a part-time basis, and that those services extended to full-time work in February of 2000 (Plaintiff's Complaint ¶ 9). The Affidavits of Bin Ran and Connie Li establish that the contact leading to the business relationship was initially made by Pritchard, and that he came to Wisconsin in November of 1999 and February of 2000 in order to negotiate and commence his independent contractor relationship. Pritchard also claims compensation in the form of stock as part of the work he performed for TrafficCast.

None of the trips made by Ran or Li were related to the initial oral contract with Pritchard or to the alleged promise by TrafficCast to compensate him with shares of stock. Pritchard spe-

7

cifically alleges in Paragraph 36 of his complaint that Plaintiff and Defendants reached an oral contract for employment and for compensating him with shares of stock, and that it was only later memorialized in writing. Any oral agreement would have been created in Wisconsin.

The trips by Bin Ran and Connie Li to Massachusetts for a trade show do not relate in any way to Pritchard's claim, nor does the trip to Massachusetts when Defendants met with Pritchard so that he could introduce them to a personal friend of Pritchard who was a lawyer licensed to practice law only within the state of Connecticut. (Li Aff. ¶ 20) Although Bin Ran had one meeting with Pritchard in Massachusetts to attempt to develop TrafficCast business, that meeting did not lead to any clients for TrafficCast. More importantly, that meeting is not connected with the promises and oral agreement that Pritchard alleges took place in November of 1999 and February of 2000.

A similar fact scenario to the present case occurred in the *Ashworth* case cited above. Plaintiff Lyle Richards International, Ltd. was a Massachusetts corporation that filed suit against Ashworth, Inc., a Delaware corporation with its principal place of business in California. The *Ashworth* Court granted a motion to dismiss based on lack of personal jurisdiction. Lyle had initiated the contact to become Ashworth's purchasing agent, and Lyle personnel met with Ashworth in the defendant's home state of California and in China over a period of two months. There were further discussions by phone. Ashworth did not solicit or advertise for a purchasing agent in Massachusetts.

An agreement was drafted and signed by Lyle in Massachusetts and was mailed to California where it was executed by Ashworth. The agreement did not require Ashworth to undertake any contractual responsibilities in Massachusetts. Ashworth communicated with Lyle in Massachusetts two to three times a week and transmitted purchase orders to Lyle in Massachusetts. In

addition, Ashworth representatives attended three trade shows in Massachusetts with Lyle employees.

The *Ashworth* Court determined that the limited contacts in this case did not constitute transacting business under Massachusetts's long-arm statute. Ashworth had not solicited the business transaction in Massachusetts, none of the performance by Lyle (including the administrative functions) was required to be conducted by Lyle in Massachusetts, and the contacts Ashworth had with Massachusetts were purely incidental. The *Ashworth* Court further held that the alleged claims did not arise from the limited contacts the defendant had with the state. Consequently, the motion to dismiss for lack of personal jurisdiction was granted.

Similarly, in the present case, Defendants had very limited contacts with Massachusetts. It was Pritchard who initiated the original contractual relationship and he traveled to Wisconsin to do so. TrafficCast did not require any of Pritchard's duties to be performed in the state of Massachusetts and, in fact, he traveled numerous times to Wisconsin and conducted business in states other than Massachusetts. The limited contacts that Defendants have with the state of Massachusetts are insignificant to Plaintiff's claims, and Plaintiff's claims should be dismissed for lack of personal jurisdiction.

Even if Pritchard were able to establish a "but for" train of causation between Defendants' contacts with the forum state and his alleged injuries, he still has to satisfy the due process element of whether his claims arise out of Defendants' contacts with the state. *City of St. Augustine*, 977 F.Supp. at 544. In *City of St. Augustine*, the plaintiffs sued the Florida city in the U.S. District Court in Massachusetts for alleged injuries incurred while the plaintiffs were traveling in Florida. They asserted jurisdiction based on advertisements that the City of St. Augustine had purposely placed in Massachusetts. The *City of St. Augustine* Court acknowledged that "but for" the advertisements, the injury would not have occurred. However, it held that the plaintiffs had

failed to establish the necessary link for personal jurisdiction because the defendant's contacts with Massachusetts were not the proximate cause of the injury—while in Massachusetts, the plaintiffs had no contact nor did they enter into any contract with the defendant. *Id.*

It is evident that the three-part test applies to both contract and tort claims. See *Interface Group-Massachusetts, LLC v. Rosen*, 256 F.Supp.2d 103, 106 (D.Mass. 2003). In *Rosen*, the plaintiff sued the chairman and CEO of a corporation for tortiously interfering with a subtenancy contract. The defendant, Rosen, was dismissed for lack of personal jurisdiction.

The *Rosen* Court applied the three-part test. As an initial matter, the *Rosen* Court noted that the jurisdiction over a corporate officer may not be based exclusively on the jurisdiction over the corporation itself. There had to be an independent jurisdictional basis predicated on the corporate officer's transactions within the state. *Id.* at 104.

Rosen resided in California and had traveled to Massachusetts for business roughly half a dozen times. While in Massachusetts, Rosen had visited the property that was the subject of the subtenancy contract and spoke with various employees of his corporation who were present in Massachusetts. Rosen also placed numerous telephone calls to the home and office of the plaintiff's general counsel. The *Rosen* Court determined that the executive's contacts with the state of Massachusetts were not causally connected with the tortious interference claim. The *Rosen* Court noted that "[n]one of the Massachusetts contacts that the plaintiff has shown defendant Rosen to have had can be said to have *caused* the plaintiff's injuries." *Id.* at 108 (emphasis in original). The main thrust of the plaintiff's cause of action was not Rosen's Massachusetts business trips or his telephone calls to the state, but rather the very act of interference that was disconnected with those contacts. Consequently, the *Rosen* Court stated that no "but for" connection existed and jurisdiction was lacking.

The second element of the three-part test for personal jurisdiction is also lacking in the present case—Defendants did not purposely avail themselves of the privilege of conducting business in Massachusetts. Pritchard was the one who contacted Defendants and induced a contractual relationship between the parties. The breach of fiduciary duty and fraud claims are also directly connected to the same factual events surrounding the creation of the oral agreement.

TrafficCast has not conducted business within the state of Massachusetts. Ran and Li did attend a trade show and they met Pritchard for the purpose of being introduced to the Connecticut lawyer who was not licensed to practice law in Massachusetts. Bin Ran also had one meeting with Pritchard in Massachusetts to meet with a company to develop business for TrafficCast, but that meeting did not lead to a successful solicitation of any business and is insufficient to establish jurisdiction. See *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 184 F.Supp.2d 55, 64 (D.Mass. 2001) ("Generally the purposeful *and* successful solicitation of business from residents of the Commonwealth [will constitute transacting business within the state].")

Even if TrafficCast had been successful at soliciting one or more clients in Massachusetts, those limited solicitations would likely be insufficient to satisfy the purposeful availment element of the test for personal jurisdiction. See *Intech, Inc. v. Triple "C" Marine Salvage*, 826 N.E.2d 194 444 Mass. 122 ( 2005) (No personal jurisdiction over a non-resident corporate seller of watercrafts where the defendant advertised in a national publication distributed in Massachusetts, telephone conversations between the defendant and plaintiff, and the sending of correspondence to the plaintiff, resulting in two sales.); see also *Droukas v. Divers Training Academy, Inc.*, 375 Mass. 149, 376 N.E.2d 548 (1977) (No jurisdiction over the defendant despite the defendant advertising in publication distributed in Massachusetts, telephone conversations between the de-

fendant and the plaintiff buyer, the sending of correspondence to the plaintiff, and the resulting sale of two engines that were shipped by the defendant to Massachusetts.)

The first two elements of the three-part test concern whether there are minimum contacts between the defendant and the forum state. Even if these two elements were satisfied, the final prong of the test requires consideration of "other factors which bear upon the fairness of subjecting non-residents to the authority of a foreign tribunal." *City of St. Augustine*, 977 F.Supp. at 544. These factors are:

1. The defendant's burden of appearing in the forum state,
2. The forum state's interest in adjudicating the dispute,
3. The plaintiff's interest in obtaining convenient and effective relief,
4. The judicial system's interest in obtaining the most effective resolution of the controversy, and
5. The common interest of all sovereigns in promoting substantive social policies.
*Id.* at 544, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

In analyzing the five "other factors" above (referred to as the Gestalt factors), the weaker the plaintiff's showing on the first two prongs of relatedness and purposeful availment, the less stringent the standard for the defendant in showing unreasonableness to defeat jurisdiction. *City of St. Augustine*, 977 F.Supp. at 544.

It is obvious that Defendants will be greatly inconvenienced in having to litigate in Massachusetts. However, it is true that any defendant is inconvenienced by litigating away from its home state, and defendants are required to show something other than the basic inconvenience. *Id.* at 544. In the present case, proof of this burden is established by the fact that Pritchard initiated the contact with Defendants and traveled to Wisconsin to consummate the contract, virtually all the documents and witnesses are located within the state of Wisconsin, Pritchard is claiming stock in a Wisconsin corporation which is governed by the laws of the State of Wisconsin, and

Defendants' overall business contacts with Massachusetts have been extremely limited since the inception of TrafficCast.

Massachusetts also has a far less compelling interest in litigating this case than Wisconsin. The oral agreement was formed within the state of Wisconsin and subject to Wisconsin law. Pritchard is claiming wrongful termination of his employment by a Wisconsin corporation, which would also be subject to Wisconsin law. His equitable claims for unjust enrichment and quantum meruit are based on quasi-contractual remedies and would be controlled by the laws of the State of Wisconsin. The only claim that would not be governed by Wisconsin law is the federal securities law claim. However, that claim is based on securities issued by a Wisconsin corporation, and matters of corporate governance are generally decided by the laws of the corporation's home state. *Micro Networks Corp. v. HIG Hightec, Inc.*, 195 F.Supp.2d 255, n.1 (D.Mass. 2001) ("It is well settled that internal corporate affairs are governed by the law of the state of incorporation.")

Massachusetts's interest in this matter is also connected to the last of the Gestalt factors concerning common interest of all sovereigns. It is difficult to see how Massachusetts's interest in protecting its citizens can be extended to a circumstance in which a Massachusetts citizen actively solicits an out-of-state defendant, travels to the defendant's operations out of state, and subsequently enters into a contract with the defendant in the defendant's home state. This is not a situation of a non-resident entering into the state of Massachusetts and causing harm to a Massachusetts citizen.

The fourth Gestalt factor also asks the Court to look at the location where the most effective resolution to the controversy may be obtained. As mentioned above, the documents and witnesses in this case are located primarily in Wisconsin and the substantial part of the events complained of occurred in Wisconsin. The *City of St. Augustine* Court analyzed similar factors and determined that because the evidence and witnesses were not located in Massachusetts, and Mas-

sachusetts did not have a strong public policy interest in protecting its citizens based on the claims alleged, the defendant had satisfied the unreasonableness component of the three-part test, and the complaint was appropriately dismissed for lack of personal jurisdiction.

The arguments for jurisdiction over Bin Ran and Connie Li are even more tenuous than Plaintiff's arguments for jurisdiction over TrafficCast. Bin Ran and Connie Li were acting as agents for TrafficCast for purposes of most of their limited contacts with Massachusetts. The securities fraud claim asserted by Pritchard alleges that securities were issued to him by TrafficCast, and consequently, TrafficCast is the only party against whom Pritchard has a remedy. All of the other claims are diversity claims against TrafficCast, except the breach of fiduciary duty claims against Ran and Li, which will be controlled by Wisconsin corporate law. The three-part test employed above creates a stronger justification for dismissing Bin Ran and Connie Li for lack of personal jurisdiction over these individuals. See *Lavallee v. Parrot-Ice Drink Products of America,* 193 F.Supp.2d 296 (D.Mass. 2002).

One final case relevant to the issue of jurisdiction over Defendants concerns a fact situation similar to the present case, where a U.S. district court in Massachusetts determined that no personal jurisdiction existed. *Aub v. Technicolor Entertainment Services,* 224 F.Supp.2d 371 (D.Mass. 2002). Aub was a self-employed consultant in the entertainment industry with expertise in marketing. Aub met the president of Technicolor at a dinner in California in April of 1999, and discussed marketing issues with him. Aub moved to Massachusetts in May of 1999. In October of 1999, she met Technicolor's president again in New Jersey, and they met twice subsequently in California to discuss what services Aub could provide. Aub followed up those meetings with a letter she sent from her business office, which was located in her home in Massachusetts. There were subsequent phone calls leading to a written contract between Aub and Technicolor. Techni-

color sent payment for Aub's consulting fees to her address in Massachusetts. Aub later sued for non-payment for all fees she claimed were due.

The *Technicolor* Court granted the defendant's motion to dismiss for lack of personal jurisdiction. The analysis the *Technicolor* Court used also applies to the present case:

> Technicolor's contacts with Massachusetts are too fortuitous and incidental to fall within the reach of the Massachusetts long-arm statute. The business relationship grew out of the contact originally made in California…
>
> Moreover, Technicolor's reasons for hiring Aub as its consultant had nothing to do with her location in Massachusetts. Her services were not localized to Massachusetts, and it was of no consequence to Technicolor that Aub performed any of her work on Technicolor's behalf in this commonwealth. *Aub v. Technicolor Entertainment Services*, 224 F.Supp.2d at 373

Pritchard initiated the contact with Defendants. It is immaterial where Pritchard was located, because the services he was to perform were not directed at Massachusetts. In fact, a substantial part of his services were performed in Wisconsin. Just as in *Technicolor*, the limited contacts between TrafficCast, Bin Ran and Connie Li, and the state of Massachusetts are insufficient to establish personal jurisdiction and Defendants' motion to dismiss should be granted.

### III. PRITCHARD'S CLAIMS SHOULD BE DISMISSED FOR IMPROPER VENUE BECAUSE NO SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO PLAINTIFF'S CLAIMS OCCURRED IN MASSACHUSETTS.

Pritchard's complaint should also be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Pritchard has asserted venue under 28 U.S.C. 1391(a)(2) and (b)(2). Subsection (a) does not apply because the action is not based solely on diversity, but in any event the language of 1391(a)(2) and (b)(2) is identical: "A civil action…may be brought only in…(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."

Venue is a statutory requirement dictating where a case should be heard. Although both jurisdiction and venue are concerned, to some extent, with the minimum contacts analysis and fair-

15

ness issues, they are independent from each other: "The fact that a particular court's assertion of personal jurisdiction is not so 'unfair' as to deny a defendant due process does not necessarily mean that to hold trial there is 'fair' in the sense contemplated by Congress in the venue statute." *Johnson Creative Arts v. Wool Masters,* 743 F.2d 947 (1st Cir. 1984).

The purpose of personal jurisdiction protections and the minimum contacts analysis therein is to allow a state to protect its interests by allowing a defendant to be haled into court there. The purpose of venue statutes, on the other hand, is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial." *Id.* at 951.

Pritchard contends that a substantial part of his claims arose in Massachusetts. However, the facts indicate that substantial parts of his claims are based on alleged events and occurrences in Wisconsin.

The *Wool Masters* case is persuasive in the present case. The plaintiff in *Wool Masters* sued a New York Corporation and an individual owner of the corporate defendant, alleging breach of contract, false representations and unfair competition. Wool Masters had engaged in mail solicitations within Massachusetts for the sale of yarn, leading to about $9,000 in sales representing 6-14% of Wool Masters' overall sales. The plaintiff claimed that the defendants encouraged and enabled retail outlets in Massachusetts to substitute the defendants' yarn for the plaintiff's when customers called to order plaintiff's yarn. The defendants moved to dismiss for improper venue.

The *Wool Masters* Court held that the minimum contacts between the defendants and Massachusetts that were sufficient to confer personal jurisdiction were not sufficient for purposes of venue, and affirmed the dismissal of the plaintiff's claims based on improper venue. The *Wool Masters* Court stated that the fact that the plaintiff resided in Massachusetts should be of little consequence to the question of where the claim arose. *Id.* at 955. Moreover, the fact that sales

were made in Massachusetts did not mean the claim arose there, because the claims were more strongly connected with New York:

> [I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts.... In our view, therefore, the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between two (or conceivably even more) districts that with approximately equal plausibility in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff) may be assigned as the locus of the claim.

*Id.* at 955 (emphasis in original) (quoting *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979). Wool Masters sold goods to retailers in many states. The claim arose no more in Massachusetts than in the other affected states. Furthermore, all of the defendants' decisions and actions took place in New York. The fact that the plaintiff was in Massachusetts was immaterial. Venue properly lay in the Southern District of New York, and the plaintiff's complaint was dismissed.

The contract between Pritchard and TrafficCast was initiated by Pritchard in Wisconsin. He traveled numerous times to Wisconsin and Pritchard asserts in his Complaint that he began working part-time for TrafficCast in November of 1999, which was the date he first met with Defendants in Wisconsin. Pritchard alleges that he began working full time in February of 2000, after he again met with Defendants in Wisconsin. Any communications by Defendants concerning the oral contract were certainly done from Wisconsin.

Pritchard further alleges that he was promised stock in TrafficCast and that this stock was issued to him. TrafficCast is a Wisconsin corporation, and any issuance of shares would have to take place in or from Wisconsin. Pritchard also states he was an officer and director of the Wisconsin corporation. All corporate records of officers, directors or shareholders meetings are kept at Defendants' offices in Wisconsin.

The affidavits of Bin Ran and Connie Li also outline the numerous trips Pritchard made to Wisconsin to meet with Defendants and their employees, clients and other business contacts. The fact that Pritchard lived in Massachusetts and may have conducted some of his work there does not matter for venue purposes, and certainly not when weighed against the more significant connections with Wisconsin. Accordingly, Defendants' motion to dismiss for improper venue should be granted because venue properly lies in the Western District of Wisconsin and venue is improper in the District Court for Massachusetts.

IV. **IN THE EVENT THAT THERE IS PERSONAL JURISDICTION AND PROPER VENUE IN MASSACHUSETTS AS TO ANY OF THE DEFENDANTS ON ANY OR ALL OF PLAINTIFF'S CLAIMS, VENUE SHOULD BE TRANSFERRED BASED ON THE CONVENIENCE OF THE PARTIES, THE AMOUNT OF EVIDENCE LOCATED IN THE STATE OF WISCONSIN, AND THE UNFAIRNESS OF REQUIRING DEFENDANTS TO LITIGATE THIS CASE IN MASSACHUSETTS.**

If the Court finds that personal jurisdiction and venue exist over one or more of the Defendants on any or all of Plaintiff's claims, Defendants request in the alternative that the Court transfer venue to the Western District of Wisconsin pursuant to 28 U.S.C. 1404(a). Such a transfer may be made for the convenience of the parties, the witnesses, and in the interest of justice, and rests in the sound discretion of the Court. *See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). Other factors the Court may consider are the availability of documents, the possibility of consolidation and the order in which the district court obtained jurisdiction. The burden of proof to support a transfer is on Defendants, because they are the parties seeking the transfer. *Id.* at 11.

For purposes of this motion, the Court should be aware that another case between TrafficCast and Pritchard has been initiated by TrafficCast in Wisconsin, and Pritchard has removed that case to the U.S. District Court for the Western District of Wisconsin. *TrafficCast, Inc. v. Pritchard*, Case No. 05C0557S (formerly Wisconsin State Court, Dane County Case No. 05CV2786). The Wisconsin case was filed after Pritchard filed the action before this Court in Massachusetts. Normally, the first-filed case is preferred in a choice of venue decision, but this

<␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊

rule only expresses a preference "and gives way if there are other overriding considerations." *Wellons, et al. v. Numerica Savings Bank, FSB*, 749 F.Supp. 336, 337 (D.Mass. 1990).

In *Wellons*, the plaintiffs were general partners in a Massachusetts partnership that owned real estate in New Hampshire, and the defendant was a New Hampshire bank from whom the partners borrowed money. The bank declared a default on the loan and foreclosed on the real property. The plaintiffs sued in Massachusetts state court based on misrepresentation in negotiating the loan, breach of contract, breach of fiduciary duty, and unfair practices. The defendant removed the case to U.S. District Court in Massachusetts and then sought transfer to the District of New Hampshire, where the case would be consolidated with a case filed by the bank in that district. The bank filed its action 15 days after the plaintiffs' action was filed in Massachusetts.

The *Wellons* Court granted the motion to transfer venue, indicating that the "first-filed" rule was less important than two other factors justifying transfer. First, New Hampshire was the state where the cause of action arose because that is where the loan was obtained. Second, New Hampshire law would likely apply to the claims.

In the present case, Pritchard has alleged many of the same types of claims as the plaintiffs in *Wellons*. The arguments in sections I and II above outline the fact that Pritchard's cause of action arose in Wisconsin, most of the witnesses reside in Wisconsin, and the documents are substantially located in Wisconsin. Furthermore, Wisconsin law will likely apply to the contract and quasi-contract claims, and certainly to the claims for wrongful termination and breach of fiduciary duty based on the parties' respective rights and obligations in TrafficCast, which is a Wisconsin corporation. The Court should use the same analysis employed by the *Wellons* Court and grant Defendants' motion to transfer venue.

Pritchard's assertion of rights as a shareholder in TrafficCast are also persuasive in deciding that venue should be transferred to the Western District of Wisconsin. *See Josephson v. McGuire*,

121 F.Supp. 83 (D.Mass. 1954). In *McGuire*, the plaintiff initiated a shareholder derivative suit in the District of Massachusetts alleging breach of fiduciary duty toward a New Mexico corporation by three Massachusetts defendants. The defendants moved to transfer venue to the District of New Mexico. The *McGuire* Court granted the motion, holding that the plaintiff's choice of forum was outweighed by the fact that New Mexico law would likely apply to the breach of fiduciary duty claims, many witnesses would be from New Mexico and Texas, and the conduct complained of occurred largely outside of Massachusetts. *Id.* at 84.

Similarly, Pritchard's claims for breach of fiduciary duty, wrongful termination and breach of contract and quasi-contract will be based on Wisconsin law. The witnesses and documents will be primarily in Wisconsin. Based on these factors, the Court should exercise its discretion and transfer venue to the Western District of Wisconsin where Pritchard's action could be consolidated with the action already pending in that district.

## CONCLUSION

For the reasons stated in this brief, the Court should grant Defendants' motion to dismiss Plaintiff's claims for lack of personal jurisdiction and improper venue. In the alternative, if the Court determines that personal jurisdiction exists and venue is proper with respect to one or more of the Defendants for any or all of Plaintiff's claims, the Court should grant Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

Respectfully Submitted,

By the Defendants,

_____
Brian A. Gillis, Esq.  BBO# 547767
45 School Street
Boston, MA 02108
(617) 720-4443

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.