UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW

---

ROBERT D. PRITCHARD, Plaintiff   )
)
v.   )
)
TRAFFICCAST, INC.; BIN RAN;   )
And CONNIE JING LI, Defendants.   )
---

**PLAINTIFF PRITCHARD'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO CONSOLIDATE THE TWO INTERRELATED CASES**

Plaintiff Robert Pritchard ("Pritchard" or "plaintiff") hereby moves to consolidate the instant Massachusetts case [Docket No. 05-CV-11135-MLW], filed in May 2005, with the parallel federal case [Docket No. 05-CV-12288], filed in August of 2005 and recently transferred from Wisconsin federal court (under §1404). As detailed in Pritchard's Memorandum of Law, these two cases involve common questions of law and fact, and arise from the same transactions and occurrences between Pritchard and the TrafficCast Defendants. Further, the parties are almost the same in the two cases: Pritchard is the plaintiff in the instant case and the defendant in the Wisconsin case, TrafficCast, Inc. is a defendant in the instant case and the plaintiff in the Wisconsin case; the only difference in the parties is that Pritchard has added two of the TrafficCast principals as defendants in the instant case: Bin Ran and Connie Jing Li.

I.  **Factual and Procedural Background**

   A.  **Brief Factual Background**

From February 2000, until at least June 2002 (or until October 2002), Pritchard

was a full-time employee of defendant TrafficCast, Inc. ("TrafficCast"). Pritchard Affidavit ¶¶2, 6.[1] While Pritchard was employed full-time by TrafficCast (2000-2002), he worked primarily out of TrafficCast's Boston-area office in Foxboro, MA. Id. ¶¶7-8.[2]

Just prior to Pritchard's employment with TrafficCast, in March and April of 2000, he negotiated his compensation and his share of TrafficCast stock over the phone with defendant Bin Ran ("Ran"), and they ultimately agreed that Pritchard's share would be 22 percent of TrafficCast. Id. ¶14.[3] In April 2000, Pritchard met with defendants Ran and Li at TrafficCast's Foxboro, Massachusetts office, and finalized his employment agreement with TrafficCast. Attorney Bruce Elstein was also present at this April 2000 meeting. Id. ¶15. Pritchard's employment agreement with TrafficCast provided that he would receive an annual salary of $110,000, as well as 22 percent of TrafficCast stock or 1,848,000 shares of TrafficCast, and that TrafficCast would reimburse him for costs and expenses incurred on TrafficCast business. Pritchard Affidavit ¶¶5, 14, 15. While not directly at issue in the current motion practice, it is Pritchard's deferred salary and 22 percent share of TrafficCast that are primarily at issue in these cases and are the reason that Pritchard filed his lawsuit in May.

Pritchard's employment with TrafficCast was expressly terminated in an email from defendant Ran in October 2002. Pritchard Affidavit ¶31. TrafficCast contends in

---

[1] Citations to the Pritchard Affidavit herein are by paragraph, and a copy of this Affidavit is at Exhibit 1 hereto. This Affidavit was previously filed in support of Pritchard's Opposition to Defendants' Motion to Dismiss on jurisdictional and venue grounds.

[2] The TrafficCast Defendants deny that TrafficCast had a Boston-area office at this time, but their own documents belie this assertion, referring repeatedly to its Boston-area office. Pritchard Affidavit ¶¶7-13, and attached exhibits.

[3] Pritchard's 22 percent share of TrafficCast is also documented in TrafficCast documents from this time period--documents approved by defendants herein, and also disseminated to third parties such as potential investors. Pritchard was hired as TrafficCast's Executive Vice President, and also listed in these documents as one of its Founders. Id. ¶¶14, 16-18.

00083240.DOC

its papers that Pritchard's employment was terminated in June (not October) of 2002.

    **B.**    **The Two Parallel Federal Cases, the First in Massachusetts, and the Second in Wisconsin**

In May 2005, Pritchard filed the instant case against the TrafficCast Defendants. Pritchard's six claims herein are as follows:

    I, for violations of federal securities laws, against all three defendants.

    II, for common-law fraud, against the individual defendants.

    III, for breach of fiduciary duty (in a close corporation), against all three defendants.

    IV, for breach of contract, against all three defendants.

    V, for quantum meruit recovery (in the alternative), against all three defendants.

    VI, for wrongful termination, against defendant TrafficCast only.[4]

As detailed in Pritchard's Complaint, Pritchard's claims stem from the broken promises by the TrafficCast Defendants. Pritchard asserts that the TrafficCast Defendants promised him a salary of $110,000 (even though he acquiesced in accepting much of this as deferred compensation); awarded him a 22 percent share of TrafficCast; and promised to reimburse his TrafficCast-related expenses. Pritchard reasonably relied on these promises. The TrafficCast Defendants broke these promises, did not pay Pritchard in full, did not reimburse all his TrafficCast-related expenses, and claim that he is not entitled to any share of TrafficCast stock. The basis for all these claims (except for the quantum meruit claim, which sounds in quasi-contract) is the employment agreements between Pritchard and TrafficCast, finalized and executed in TrafficCast's Boston-area office in April of 2000. Pritchard Affidavit ¶¶14-15.

---

[4] A copy of Pritchard's Complaint in the instant case is attached hereto at Exhibit 2.

00083240.DOC

    3

In August 2005, TrafficCast filed its parallel action against Pritchard in Wisconsin Federal Court [Western District Wisconsin Docket No. 05-C-0557-S]. In the Wisconsin case, TrafficCast asserted the following three claims against Pritchard:

I, for breach of contract.

II, for intentional misrepresentation.

III, for theft/conversion.[5]

The TrafficCast claims in the Wisconsin case were based on the same transactions and occurrences between Pritchard and TrafficCast (although TrafficCast characterizes these transactions and occurrences very differently from Pritchard).

### C.    The Jurisdictional and Venue Motions

The TrafficCast Defendants moved to dismiss this case on jurisdictional and venue grounds.[6] Pritchard moved to transfer venue from the Wisconsin Federal Court to this Court. On 11/7/05, the Wisconsin court (Honorable John C. Shabaz) granted Pritchard's Motion to Transfer Venue from Wisconsin to Massachusetts.[7] This Court has not yet ruled on the jurisdictional issues in this case. The second filed case [new Docket No. 05-CV-12288] has been transferred to Judge Mark Wolf. Now that both cases are in *this* Court, Pritchard is moving herein to consolidate these cases for the purposes of discovery and for the purposes of trial.

---

[5] TrafficCast's Wisconsin Complaint is attached hereto at Exhibit 3.

[6] The TrafficCast Defendants also moved for transfer of venue from Massachusetts to Wisconsin Federal Court. Presumably, now that the Wisconsin case has been transferred to this Massachusetts Court [Docket No. 05-CV-12288], the TrafficCast Defendants' request for transfer to Wisconsin is moot.

[7] A copy of Judge Shabaz's 11/7/05 decision is attached hereto at Exhibit 4.

00083240.DOC

4

**II.   The Two Cases Should Be Consolidated, as They Involve the Same Parties and Stem From the Same Facts.**

The First Circuit uses a two-step analysis to analyze a motion to consolidate. *See, e.g.,* Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989), *following* New England Energy, Inc. v. Keystone Shipping Co., 855 F.2d 1 (1st Cir. 1988), *cert. denied,* 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 832 (1989).

The first step is to determine "whether the two proceedings involve a common party and common issues of fact or law." Id. As noted, Pritchard and TrafficCast are parties in both cases; the only difference in the parties is that Pritchard added the two individual owners and founders of TrafficCast as individual defendants in this case. As also noted, the transactions and occurrences underlying Pritchard's claims against TrafficCast and TrafficCast's claims against Pritchard are the same, and center on the April 2000 employment agreements between Pritchard and TrafficCast.

The second step, once these similarities have been established, is that "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate…. A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrative prejudice.'" Id. at 8, *citing* Keystone, 855 F.2d at 7, *and* Lavino Shipping Co. v. Santa Cecilia Co., 1972 A.M.C. 2454, 2456 (S.D.N.Y.). Now that both cases are in the Massachusetts federal court (because the Wisconsin court transferred the Wisconsin case here), the advantages of consolidation decisively outweigh the advantages of keeping the cases separate. Costs savings for the parties, attorneys, and any insurers who may be involved are obvious, as depositions need only be taken once and large document productions need only be made

00083240.DOC

once if the cases are consolidated. Consolidation will eliminate the risk of inconsistent rulings and promote both litigation and judicial efficiency. Because Pritchard's counterclaims in the Wisconsin action would be equivalent to his claims in the Massachusetts action, and TrafficCast's counterclaims in the Massachusetts action would probably be equivalent to its claims in the Wisconsin action, a consolidated trial also makes sense here. *See, e.g.*, Holmes Realty Trust v. Granite City Storage Co., Inc., 25 Mass.App.Ct. 272, 279, 517 N.E.2d 502 (1988) ("the two cases are so intertwined that they should be consolidated for trial").[8]

### III. Conclusion

For the foregoing reasons, Pritchard respectfully asks this Court to consolidate these two related cases for the purposes of discovery and for the purposes of trial. The efficiencies, costs savings, and practicalities dictate that these cases should be consolidated, as they are based on the same transactions and occurrences between Pritchard and TrafficCast.

PLAINTIFF ROBERT D. PRITCHARD,
By His Attorneys,

Dated: 4/28/06

_/s/ John Barker_
Paul Michienzie, Esq. – BBO NO: 548701
John C. Barker, Esq. – BBO NO: 637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: 617-227-5660

---

[8] *Accord, see, e.g.*, Storlazzi v. Bakey, 68 F.3d 455, *1 (1st Cir. 1995) (*unpublished opinion*) (consolidation under 42(a) appropriate where "common question of law or fact" and "unless the party opposing [consolidation] can show demonstrable prejudice" therefrom).

00083240.DOC

6

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for plaintiff hereby certify that I have on this 28th day of April 2006, served copies of the foregoing Memorandum of Law, by mailing a copy of same, postage prepaid, to the following counsel of record:

Brian A. Gillis, Esq.
Law Offices
45 School Street
Boston, MA 02108

Kevin J. Palmersheim, S.C.
Haley Palmersheim, S.C.
1424 N. High Point Road, Suite 202
P.O. Box 628005
Middletown, WI  53562-8005

Darice Hermann, Esq.
Blommer Peterman
13700 West Greenfield Avenue
Brookfield, WI 53002

_/s/ John Barker_
John C. Barker