**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

---

**ROBERT D. PRITCHARD,**

                Plaintiff,

vs.

                                     **Case No. 05CV11135MLW**

**TRAFFICCAST, INC., BIN RAN,**
and **CONNIE JING LI,**

                Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO CONSOLIDATE**

---

       1.     The plaintiff's motion to consolidate fails to recite accurately the procedural and factual background of this matter in a thinly veiled effort to suggest to this Court that the transfer of the related action filed in the United States District Court for the District of Wisconsin somehow disposes of the defendants' motions that have been pending before this Court since September 28, 2005.  In fact, after acknowledging at the outset of its opinion that the defendants' motion to dismiss or to transfer is currently pending before this Court, the Wisconsin Court transferred the related action to this Court for a decision on the pending motions to avoid inconsistent results among the two courts. As the Wisconsin Court stated in its Memorandum and Order dated November 7, 2005 on the plaintiff's motion to transfer venue in that action:

> Accordingly, this [Wisconsin] action should be transferred to the United States District Court for the District of Massachusetts where it can be consolidated with the pending action **and all issues of jurisdiction and venue decided together**.

See Memorandum and Order of the Wisconsin District Court (per Shabaz, J.) (emphasis added), attached as Exhibit 4 to the plaintiff's motion, at page 8.  As a result, and contrary

to the claim of the plaintiff in its memorandum, the defendants' request for transfer is not "moot." See Plaintiff's Memorandum at p.4, n.6. The defendants' motion to dismiss for lack of personal jurisdiction similarly is not moot and, despite the plaintiff's efforts before the Wisconsin Court, still has yet to be decided.

2.    In his memorandum the plaintiff once again attempts to make much of the defendants' so-called "Boston-area office." Like his opposition to the defendants' pending motion to dismiss, the plaintiff does not disclose that the defendants' so-called "Boston-area office" was nothing more than the plaintiff's home in Foxborough. This obviously has nothing to do with his motion to consolidate and it should be clear that he is simply rehashing his arguments in his opposition to the defendants' motion to dismiss for lack of personal jurisdiction. He also reiterates most of the claims he asserted in his affidavit supporting his opposition to the defendants' pending motion, such as his claims before this Court for breach of an alleged agreement to pay him deferred salary and stock in the Wisconsin corporation as compensation for services he claims he provided on its behalf. See Plaintiff's Memorandum at p.2. As this Court will note when it considers the defendants' pending motion to dismiss, the plaintiff's complaint asserts these alleged breaches of contract amount to violations the federal securities laws entitling him to bring claims under unspecified federal laws. See Plaintiff's Complaint, Count I, filed herein.

3.    The plaintiff filed with its motion to consolidate an affidavit of counsel that purports to comply with Local Rule 7.1. Rule 7.1 provides:

> No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

L.R. 7.1(A)(2). Counsel's certificate accurately recounts that he conferred regarding the plaintiff's motion, and that counsel were unable to agree. However, there was never any

effort to "resolve or narrow the issue" as required by Rule 7.1.  Counsel for the plaintiff

instead simply announced that he planned to file the motion, stated that the parties would

not agree, and asserted that it was for the Court to decide.  In an effort to resolve the issue

without incurring the unnecessary expense of additional motion practice, counsel for the

defendant tried to point out that, according to the Court, the two cases were now pending

in the same session and could be dealt with together as the Wisconsin Court had ruled, so

that his planned motion to consolidate would only result in additional unnecessary

expense to the parties without serving any purpose.  Counsel for the plaintiff declined to

discuss these issues and filed his motion electronically literally moments later.  As the

defendants' counsel stated then, the defendants do not oppose the consolidation of the

two cases but simply seek to avoid unnecessary expense.  However, all pending motions

to dismiss and to transfer venue in this action (Civil Action No. 05-CV-11135-

MLW) would apply to the entire case, if consolidated, and the defendants renew their

request for dismissal or transfer of venue (including Wisconsin Civil Action No. 05-C-

557-S/Massachusetts Civil Action No. 05-CV-12288 as intended by the Wisconsin Court)

based on the briefs and other documents previously filed with this Court.

Respectfully submitted,

By the Defendants,

s/
Brian A. Gillis, Esq.  BBO# 547767
Forty-Five School Street
Boston, Massachusetts  02108
(617) 720-1226

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each
party appearing pro se and the attorney of record for each other party by electronic
delivery on May 12, 2006.

3

_____s/_____
Brian A. Gillis, Esq.

4