**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

---

**ROBERT D. PRITCHARD,**

        Plaintiff,

vs.

                              Case No.      05CV11135MLW

**TRAFFICCAST, INC., BIN RAN,**
and **CONNIE JING LI,**

        Defendants.

---

# DEFENDANTS' ANSWER, COUNTERCLAIMS AND JURY CLAIM

---

<u>FIRST DEFENSE</u>

The defendants, TrafficCast, Inc., Bin Ran, and Jing (Connie) Li, pursuant to the Federal Rules of Civil Procedure, hereby make this their answer to each and every averment of the plaintiff, Robert D. Pritchard, as set forth in his amended complaint:

1.      The allegations of paragraph 1 of the plaintiff's amended complaint constitute legal conclusions to which no response is required.

2.      The allegations of paragraph 2 of the plaintiff's amended complaint constitute legal conclusions to which no response is required. To the extent that these allegations may be construed to require a response, the defendants deny the allegations of paragraph 2 of the plaintiff's amended complaint.

3.      The allegations of paragraph 3 of the plaintiff's amended complaint constitute legal conclusions to which no response is required. To the extent that these allegations may be construed to require a response, the defendants deny the allegation

that TrafficCast, Inc. is or was incorporated in Delaware and admit the remaining allegations of paragraph 3 of the plaintiff's amended complaint.

4. The allegations of paragraph 4 of the plaintiff's amended complaint constitute legal conclusions to which no response is required. To the extent that these allegations may be construed to require a response, the defendants deny the allegations of paragraph 4 of the plaintiff's amended complaint.

5. The defendants deny the allegation that the plaintiff was a director of TrafficCast, Inc. at any time and state that the plaintiff was permitted to use the working title of Executive Vice President in his capacity as an independent contractor who performed consulting services for TrafficCast, Inc. from February 2000 until June 2002. The title of Executive Vice President was not, is not and never has been a corporate office of TrafficCast, Inc. The plaintiff was never an employee of TrafficCast, Inc. at any time. The defendants admit the remaining allegations of paragraph 5 of the plaintiff's amended complaint.

6. The defendant, TrafficCast, Inc., is a Wisconsin corporation with a principal business address of 2801 Coho Street, Ste. 100, Madison, WI, 53713 and holds certain intellectual property rights, including patents or patents pending and other confidential, proprietary business information. The defendants deny the remaining allegations of paragraph 6 of the plaintiff's amended complaint.

7. The defendants admit that defendant Bin Ran is the registered agent for service of process for and a part owner of TrafficCast, Inc., but deny the remaining allegations of paragraph 7 of the plaintiff's amended complaint.

8. The defendants admit that defendant Connie Li is a part owner of TrafficCast, Inc., but deny the remaining allegations of paragraph 8 of the plaintiff's amended complaint.

9. The defendants admit that defendants Bin Ran and Connie Li founded TrafficCast, Inc. along with Jerome Chen but deny the remaining allegations of the first sentence of paragraph 9 of the plaintiff's amended complaint. The defendants further deny that the plaintiff worked for or joined TrafficCast, Inc. in any capacity in November 1999 or at any time was a founder or founding partner of the company. The defendants further deny that the plaintiff was at any time a director of TrafficCast, Inc. The defendants further state that the documents referred to as business plans were prepared by the plaintiff, were forward looking statements of proposed plans for the company, and were never approved by TrafficCast, Inc. The defendants deny the remaining allegations of paragraph 9 of the plaintiff's amended complaint.

10. The defendants deny that the plaintiff at any time was a founder or founding partner of the company, was a member of its development team, contributed any intellectual property, any deferred salary or other compensation, or any capital to the company, or held any interest in the company or its shares. The defendants further state that the documents referred to as business plans were prepared by the plaintiff, were forward looking statements of proposed plans for the company, and were never approved by TrafficCast, Inc. The defendants deny the remaining allegations of paragraph 10 of the plaintiff's amended complaint.

11. The defendants deny the allegations of paragraph 11 of the plaintiff's amended complaint.

12. The defendants deny the allegations of paragraph 12 of the plaintiff's amended complaint.

13. The defendants deny the allegations of paragraph 13 of the plaintiff's amended complaint.

14. The defendants deny the allegations of paragraph 14 of the plaintiff's amended complaint.

15. The defendants deny the allegations of paragraph 15 of the plaintiff's amended complaint.

16. The defendants deny the allegations of paragraph 16 of the plaintiff's amended complaint.

17. The defendants deny the allegations of paragraph 17 of the plaintiff's amended complaint.

18. The defendants deny the allegations of paragraph 18 of the plaintiff's amended complaint.

19. The defendants deny the allegations of paragraph 19 of the plaintiff's amended complaint.

20. The defendants deny the allegations of paragraph 20 of the plaintiff's amended complaint.

21. The defendants deny the allegations of paragraph 21 of the plaintiff's amended complaint.

<u>Count I</u>

22. The defendants incorporate by reference herein their responses to paragraphs 1 through 21 of the plaintiff's amended complaint.

23. The defendants deny the allegations of paragraph 23 of the plaintiff's amended complaint.

24. The defendants deny the allegations of paragraph 24 of the plaintiff's amended complaint.

25. The defendants deny the allegations of paragraph 25 of the plaintiff's amended complaint.

26. The defendants deny the allegations of paragraph 26 of the plaintiff's amended complaint.

27. The defendants deny the allegations of paragraph 27 of the plaintiff's amended complaint.

28. The defendants deny the allegations of paragraph 28 of the plaintiff's amended complaint.

Wherefore, the defendants say that Count I of the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

### Count II

29. The defendants incorporate by reference herein their responses to paragraphs 1 through 28 of the plaintiff's amended complaint.

30. The defendants deny the allegations of paragraph 30 of the plaintiff's amended complaint.

31. The defendants deny the allegations of paragraph 31 of the plaintiff's amended complaint.

32. The defendants deny the allegations of paragraph 32 of the plaintiff's amended complaint.

33. The defendants deny the allegations of paragraph 33 of the plaintiff's amended complaint.

34. The defendants deny the allegations of paragraph 34 of the plaintiff's amended complaint.

35. The defendants deny the allegations of paragraph 35 of the plaintiff's amended complaint.

36. The defendants deny the allegations of paragraph 36 of the plaintiff's amended complaint.

Wherefore, the defendants say that Count II of the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

### Count III

37. The defendants incorporate by reference herein their responses to paragraphs 1 through 36 of the plaintiff's amended complaint.

38. The defendants deny the allegations of paragraph 38 of the plaintiff's amended complaint.

39. The defendants deny the allegations of paragraph 39 of the plaintiff's amended complaint.

40. The defendants deny the allegations of paragraph 40 of the plaintiff's amended complaint.

Wherefore, the defendants say that Count III of the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

Count IV

41. The defendants incorporate by reference herein their responses to paragraphs 1 through 40 of the plaintiff's amended complaint.

42. The defendants deny the allegations of paragraph 42 of the plaintiff's amended complaint.

43. The defendants deny the allegations of paragraph 43 of the plaintiff's amended complaint.

44. The defendants deny the allegations of paragraph 44 of the plaintiff's amended complaint.

45. The defendants deny the allegations of paragraph 45 of the plaintiff's amended complaint.

46. The defendants deny the allegations of paragraph 46 of the plaintiff's amended complaint.

Wherefore, the defendants say that Count IV of the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

Count V

47. The defendants incorporate by reference herein their responses to paragraphs 1 through 46 of the plaintiff's amended complaint.

48. The defendants deny the allegations of paragraph 48 of the plaintiff's amended complaint.

49. The defendants deny the allegations of paragraph 49 of the plaintiff's amended complaint.

50. The defendants deny the allegations of paragraph 50 of the plaintiff's amended complaint.

Wherefore, the defendants say that Count V of the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

## Count VI

51. The defendants incorporate by reference herein their responses to paragraphs 1 through 50 of the plaintiff's amended complaint.

52. The defendants deny the allegations of paragraph 52 of the plaintiff's amended complaint.

53. The defendants deny the allegations of paragraph 53 of the plaintiff's amended complaint.

Wherefore, the defendants say that Count VI of the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

## SECOND DEFENSE

And further answering, the defendants say that the plaintiff's claims should be dismissed pursuant to Massachusetts General Laws Chapter 231, Section 6F, insofar as the claims are frivolous in nature and brought in bad faith, and the defendants should be awarded their costs and reasonable attorney's fees as provided.

## THIRD DEFENSE

And further answering, the defendants say that Counts I and II of the plaintiff's amended complaint should be dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure as they have not been stated with particularity as required.

## FOURTH DEFENSE

And further answering, the defendants say that the plaintiff's amended complaint should be dismissed, insofar as the plaintiff comes into this Court with unclean hands.

### FIFTH DEFENSE

And further answering, the defendants say that the claims set forth in the plaintiff's amended complaint are barred by Laches.

### SIXTH DEFENSE

And further answering, the defendants say that the claims set forth in the plaintiff's amended complaint are barred by the applicable statutes of limitations, including the provisions of the provisions of Section 2A of Chapter 260 of the General Laws of Massachusetts.

### SEVENTH DEFENSE

And further answering, the defendants say that the claims set forth in the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

And further answering, the defendants say that to the extent that he had any obligations to the plaintiff, all such obligations have been fully and properly performed in every respect.

### NINTH DEFENSE

And further answering, the defendants say that the plaintiff was guilty of a violation of law which contributed to cause the injury or damage complained of.

### TENTH DEFENSE

And further answering, the defendants say that the claims set forth in Count I of the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that the plaintiff has failed to plead the requisite scienter as required.

### ELEVENTH DEFENSE

And further answering, the defendants say that the claims set forth in Count I of the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) for

failure to state a claim upon which relief can be granted on the grounds that the plaintiff was never a purchaser of stock of the company.

### TWELFTH DEFENSE

And further answering, the defendants say that the claims set forth in Count I of the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that the plaintiff has failed to allege that the defendants made any misstatement of a material fact in connection with the sale or offer to sell any stock of the company.

### THIRTEENTH DEFENSE

And further answering, the defendants say that the claims set forth in Count I of the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that any such claims as alleged are barred by the applicable statutes of limitations.

### FOURTEENTH DEFENSE

And further answering, the defendants say that the claims set forth in Count I of the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that the plaintiff has failed to allege that the defendants made any misstatement of a material fact in connection with the sale or offer to sell any stock of the company.

### FIFTEENTH DEFENSE

And further answering, the defendants say that the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### SIXTEENTH DEFENSE

And further answering, the defendants say that the court does not have personal jurisdiction over the defendants, wherefore the defendants request that this action be dismissed pursuant to Rule 12(b)(2).

### SEVENTEENTH DEFENSE

And further answering, the defendants say that the amended complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue.

### EIGHTEENTH DEFENSE

And further answering, the defendants say that the amended complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

### NINETEENTH DEFENSE

And further answering, the defendants say that to the extent that there were any agreements between the parties, the debts of the defendants have been satisfied.

### TWENTIETH DEFENSE

And further answering, to the extent that there was any agreement between the parties, the defendants say that it did so as the result of false and fraudulent misrepresentations, knowingly and willfully made to them by the plaintiff, wherefore the plaintiff is barred from recovery in this action.

### TWENTY-FIRST DEFENSE

And further answering, to the extent that there was any agreement between the parties, the defendants say that the alleged agreement upon which the plaintiff relies is not in writing and not signed by the defendants or some person lawfully authorized by the defendants as provided by General Laws Chapter 259.

Wherefore, the defendants say that the plaintiff's complaint should be dismissed and the defendants awarded their costs, including reasonable attorneys' fees.

### COUNTERCLAIMS

1.    The plaintiff in counterclaim, TrafficCast, Inc., is a Wisconsin corporation with a principal business address of 2801 Coho Street, Ste. 100, Madison, Wisconsin.

2. The defendant in counterclaim, Robert D. Pritchard, on information and belief, is a resident of Massachusetts and resides at 5 Mitchell Drive, Foxboro, MA, 02035.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) and personal jurisdiction over the defendant in counterclaim as a resident of the Commonwealth of Massachusetts.

4. In or about December of 1999 defendant in counterclaim Pritchard approached TrafficCast in Wisconsin seeking consulting work as an independent contractor.

5. At that time, defendant in counterclaim Pritchard was employed as a full time employee of Cambridge Systematics, located in Massachusetts.

6. In or about February of 2000 defendant in counterclaim Pritchard again approached TrafficCast in Wisconsin seeking consulting work as an independent contractor. Pritchard represented to TrafficCast and its principals that he had substantial knowledge and experience in the industry and contacts that would allow him to raise investment funds for the company. He also represented that his knowledge and experience in the industry and contacts would allow him to promote the business of TrafficCast and to develop and generate revenue for the business with existing and new clients.

7. At that time, defendant in counterclaim Pritchard was no longer employed as an employee of Cambridge Systematics, located in Massachusetts. Pritchard never informed TrafficCast that he had been terminated from his position by Cambridge Systematics or that the reasons for his termination included his incurring excessive and

improper expenses on behalf of his employer. Pritchard also never informed TrafficCast that he had been terminated from his prior position by his previous employer or that the reasons for his termination by that employer included his incurring excessive and improper expenses on behalf of the employer.

8. At that time, in reliance on the representations of the defendant in counterclaim, TrafficCast entered into an agreement with Pritchard for an independent contractor relationship where Pritchard agreed to provide consulting services to TrafficCast on a part-time basis. Pritchard was not at any time, and was never intended by the parties to be, an employee of the company. In fact, Pritchard also worked as an independent contractor for at least one other company in Tulsa, Oklahoma.

9. Pritchard's primary role with TrafficCast was to raise investment funds for the company. Pritchard also had as duties working with TrafficCast clients and potential clients to generate revenue for the corporation.

10. Under the terms of the parties' agreement for consulting services, TrafficCast agreed to pay Pritchard a fee ranging from $3,000 to $5,000 per month, depending on his performance and time spent. TrafficCast also agreed to reimburse Pritchard for reasonable and necessary business expenses that he incurred on behalf of TrafficCast with its prior approval and in accordance with its company policies.

11. While performing consulting service for TrafficCast Pritchard incurred unreasonable and unnecessary expenses allegedly on its behalf, including expenses that were not approved by TrafficCast. Upon information and belief, Pritchard traveled on unnecessary business trips, in part to increase his frequent flyer miles on U.S. Airways.

12. Upon information and belief, Pritchard also sought reimbursement for expenses from TrafficCast while, at the same time, seeking reimbursement for the same expenses from his other client or clients.

13. While Pritchard was providing consulting services to TraffiCast, he made approximately ten trips to Madison to meet with TrafficCast staff, and occasionally with TrafficCast clients or companies with whom TrafficCast had business relationships.

14. In approximately February of 2002, Pritchard approached TrafficCast with a request to advance him $20,000 to help him cover his federal tax obligation. Pritchard submitted a reimbursement expense report for travel and business expenses of $4,987.78 around the same time. TrafficCast agreed to advance Pritchard $20,000.00 as he requested against his reasonable, necessary and authorized expenses on behalf of the company, which had not yet been approved by TrafficCast. Pritchard failed to submit any proper expense reports thereafter to justify the advance of $20,000.00 and has failed to repay that sum to TrafficCast. Moreover, many of the expenses submitted for reimbursement by Pritchard, including expenses submitted prior to the $20,000.00 advance, were not authorized by TrafficCast.

15. Throughout the period of his consulting services, Pritchard failed to perform as agreed and never fulfilled his promises and representations to TrafficCast.

16. Among others, Pritchard statements and representation to TrafficCast in December of 1999 and February of 2000 concerning his knowledge and experience in the industry and contacts that would allow him to raise investment funds for the company were not true, Pritchard knew they were not truthful when they were made, they were made for the purpose of inducing TrafficCast to rely on them, and TrafficCast did rely on

14

them to its detriment. At the time, in light of the information then available to TrafficCast, its reliance on the false statements of Pritchard was reasonable.

17. Throughout the entire time that Pritchard provided consulting services for TrafficCast, Pritchard never raised any of the investment funds as he had represented and promised to induce TrafficCast to retain his services as a consultant. In fact, between February 2000 and June 2002, Pritchard raised a total of only $21,500 from individuals he identified as family and friends. During this same time period, TrafficCast paid to Pritchard approximately $250,000, including amounts he submitted as reasonable and necessary business expenses he incurred on behalf of TrafficCast with its prior approval.

18. Throughout the entire time that Pritchard provided consulting services for TrafficCast, Pritchard never generated any substantial new business as he represented and promised. In fact, Pritchard actually caused TrafficCast to lose a major client, i3Mobile, when he made unauthorized demands of the client. As a result of these wrongful actions, TrafficCast lost an account that was generating approximately $100,000 in revenues per year. Pritchard also damaged relationships with other TrafficCast clients. It was within the contemplation of the parties at the time they entered into their consulting agreement that such conduct by Pritchard would cause TrafficCast to suffer damages, including a loss profits from its clients and potential clients.

19. As a result of his failure to perform his consulting services as promised, and his failure to submit proper expense reports, in June 2002 TrafficCast terminated Pritchard's independent contractor services.

20. Following the termination of his consulting services, Pritchard has wrongfully failed to return business assets of TrafficCast, including office equipment, that he was permitted to use in connection with his work as an independent contractor.

## COUNT I

21. TrafficCast incorporates by reference paragraphs 1 through 20 as if said paragraphs were repeated herein.

22. Pritchard was paid as an independent contractor to raise venture capital for TrafficCast. Pritchard failed to raise any venture capital for TrafficCast and failed to exercise his duties in good faith in performing this essential role.

23. Pritchard was also being compensated to provide a minimum level of service to TrafficCast for the substantial monies he was receiving. Pritchard failed to perform these services as promised or failed to adequately perform as promised.

24. Pritchard also incurred unreasonable, unnecessary and unauthorized expenses for which he was reimbursed, and he failed to repay advances for expenses that were unreasonable, unauthorized or never incurred.

25. Pritchard's failure to provide adequate services, failure to perform, and his conduct leading directly to the termination of client contracts constitute a breach of contract on the part of the defendant in counterclaim, Pritchard.

26. TrafficCast has been injured and suffered damages as a consequence of Pritchard's breach of contract including a loss profits from its clients and potential clients.

## COUNT II

27. TrafficCast incorporates by reference paragraphs 1 through 27 as if said paragraphs were repeated herein.

28. Pritchard made false representations to TrafficCast that were intended to induce TrafficCast to enter into the consulting agreement with him. Pritchard also made false representations to TrafficCast concerning expenses for which he was reimbursed by TrafficCast.

29. Pritchard's misrepresentations to TrafficCast induced TrafficCast to enter into an independent contractor agreement and to pay Pritchard for performing services for TrafficCast. Pritchard's misrepresentations to TrafficCast also induced TrafficCast to pay Pritchard for unreasonable, unnecessary and unauthorized expenses.

30. TrafficCast relied upon Pritchard's misrepresentations, to the detriment of TrafficCast.

31. Pritchard's misrepresentations have injured TrafficCast and caused TrafficCast to suffer damages.

## COUNT III

32. TrafficCast incorporates by reference paragraphs 1 through 31 as if said paragraphs were repeated herein.

33. In February of 2002, Pritchard requested and was paid $20,000.00 by TrafficCast because Defendant requested an advance to pay his tax liabilities.

34. At that time Pritchard claimed that he had expenses and would have future expenses that he would incur on behalf of TrafficCast that would offset the amount of money advanced to him.

35. Pritchard provided a partial claim for expenses totaling $4,987.78, which included unreasonable, unnecessary and unauthorized expenses.

36. At the time Pritchard made these representations, Pritchard knew these representations were false, and such representations were intended by Pritchard to defraud TrafficCast and induce TrafficCast to pay Pritchard money. Pritchard had no intention of submitting authorized expenses that would be incurred on behalf of TrafficCast, and had no intention of performing at the time he induced TrafficCast to pay him the money.

37. TrafficCast relied upon Pritchard's representations and was induced to pay Pritchard money. Consequently, TrafficCast suffered damage and loss by reason of Pritchard's conduct.

38. In accordance with Wis. Stats. § 895.80, TrafficCast seeks to recover additional damages up to three times the amount awarded to it as actual damages for the actions of Pritchard.

39. In accordance with Wis. Stats. § 895.80, TrafficCast further seeks to recover all of its costs and fees of investigation and litigation, including reasonable attorney's fees and statutory interest.

## COUNT IV

40. TrafficCast incorporates by reference paragraphs 1 through 39 as if said paragraphs were repeated herein.

41. The actions of Pritchard constitute unfair or deceptive acts or practices within the meaning of the provisions of Sections 2 and 11 of Chapter 93A of the General Lass of Massachusetts.

42. The actions of Pritchard in violation of the provisions of Sections 2 and 11 of Chapter 93A of the General Lass of Massachusetts were knowing or wilfull.

43. Pursuant to the provisions of Chapter 93A of the General Lass of Massachusetts, TrafficCast is entitled to recover from Pritchard its actual damages, plus multiple damages of three times its actual damages, its attorney's fees, statutory interest and costs.

WHEREFORE, TrafficCast, Inc. as plaintiff in counterclaim, demands the following relief:

A. Judgment against the defendant in counterclaim, Robert D. Pritchard, in favor of TrafficCast, Inc. for all damages as a result of Defendant's breach of contract;

B. Judgment against defendant in counterclaim, Robert D. Pritchard, in favor of TrafficCast, Inc. as plaintiff in counterclaim for damages as a result of Defendant's intentional misrepresentations;

C. Judgment against defendant in counterclaim, Robert D. Pritchard, in favor of TrafficCast, Inc. as plaintiff in counterclaim for damages as a result of Defendant's theft;

D. An award of treble damages in favor of TrafficCast, Inc. as plaintiff in counterclaim and assessed against defendant in counterclaim, Robert D. Pritchard, pursuant to Wis. Stats. § 895.80;

E. An award of all of plaintiff in counterclaim's costs and fees of investigation and litigation incurred as authorized Wis. Stats. § 895.80;

F. An award of all of plaintiff in counterclaim's other costs, interest, and attorney fees as permitted by law; and

G.  An award of treble damages, costs, interest and attorney's fees in favor of TrafficCast, Inc. as plaintiff in counterclaim pursuant to Chapter 93A of the General Laws of Massachusetts;

H.  Any and all other relief that the Court deems just and equitable in the premises.

JURY CLAIM

The defendants, TrafficCast, Inc., Bin Ran, and Jing (Connie) Li, and TrafficCast, Inc. as plaintiff in counterclaim, hereby demand a trial by jury on all issues.

Respectfully submitted,

By the Defendants,

\_\_\_\_\_/s/ Brian A. Gillis, Esq._____
Brian A. Gillis, Esq.  BBO# 547767
45 School Street
Boston, Massachusetts  02108
(617) 720-4443

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic mail on October 20, 2006.

\_\_\_\_\_/s/ Brian A. Gillis, Esq._____
Brian A. Gillis, Esq.