UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

|  |  |
|---|---|
| ROBERT D. PRITCHARD,<br>Plaintiff,<br><br>v.<br><br>TRAFFICCAST, INC.; BIN<br>RAN; AND CONNIE JING LI,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF PRITCHARD'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Now comes plaintiff and defendant-in-counterclaim Robert D. Pritchard ("plaintiff" or "Pritchard"), through his counsel of record, and hereby answers the recently filed Counterclaims brought by defendant TrafficCast, Inc. ("TrafficCast"), Bin Ran ("Ran"), and Connie Jing Li ("Li") (collectively, "defendants" or the "TrafficCast defendants").

1.   Plaintiff can neither admit nor deny the allegations concerning TrafficCast in this paragraph, and holds defendants to their proof. Plaintiff notes that the address in the Wisconsin state-court Complaint for TrafficCast was 2802 Coho Street, Suite 102.

2.   Admitted.

3.   Pritchard does not dispute either subject matter jurisdiction or personal jurisdiction in this case.

4.   Denied.

5. Pritchard objects to the vagueness of the initial phrase "at that time," and is not able to fully respond to the allegations in this paragraph because of this vagueness. If December 1999 is "that time," Pritchard admits the allegations contained in this paragraph.

6. Pritchard admits that his knowledge and experience and contacts allowed him to promote the business of TrafficCast and to develop and generate revenue for that business with existing and new clients. Pritchard did represent to defendants in early discussions that he had knowledge, experience, and contacts in both the trucking and traffic information industries, but he did not represent to them that he had experience in raising investment funds nor did he guarantee that he would succeed in raising investment funds. Otherwise, the allegations contained in this paragraph are denied.

7. Pritchard objects to the vagueness of the initial phrase "at that time," and is not able to fully respond to the allegations in this paragraph because of this vagueness. If February 2000 is "that time," Pritchard admits that he was no longer employed by Cambridge Systematics. Pritchard denies the remaining allegations in this paragraph, and specifically denies that he was terminated from Cambridge Systematics because he had incurred excessive and improper expenses on behalf of his employer, and specifically denies that he was terminated from his previous employer (the employer before Cambridge Systematics) for incurring excessive and improper expenses on behalf of that employer.

8. Pritchard admits that during the spring of 2000, he did some part-time work for a company based in Tulsa, OK, as an independent contractor. The TrafficCast defendants were informed about Pritchard's other employment activities at the time. Pritchard denies the other allegations contained in this paragraph.

9. Pritchard denies that his "primary role with TrafficCast" was to raise investment funds. Pritchard did participate in TrafficCast fundraising and also served many other roles in the company. Pritchard denies the remaining allegations contained in this paragraph, except that he admits that he worked with TrafficCast clients and potential clients to generate revenue for the corporation.

10. Pritchard admits that TrafficCast agreed to reimburse him for reasonable and necessary business expenses that he had incurred on behalf of TrafficCast. Pritchard denies the remaining allegations contained in this paragraph.

11. Denied.

12. Denied.

13. Pritchard's travel records show eight TrafficCast-related trips to Madison, WI. Pritchard denies the remaining allegations contained in this paragraph.

14. Pritchard denies the allegations contained in this paragraph as they are stated. Pritchard admits that in April 2002, TrafficCast paid him $20,000 in partial payment of his salary. This was not a payment against expenses. All expenses that Pritchard incurred in connection with TrafficCast were pre-approved and authorized, although TrafficCast did not expressly require such pre-approval.

15. Denied.

16. Denied.

17. Pritchard admits that he raised $21,500 from friends and family that invested in TrafficCast. Pritchard further admits that TrafficCast paid him about $250,000 in salary and expense reimbursements during his employment with TrafficCast. Pritchard denies the remaining allegations contained in this paragraph.

18. Denied. Pritchard further states that i3Mobile chose not to renew or continue because of a significant technical flaw with the TrafficCast product and because i3Mobile used a less expensive product, but not because of any conduct on the part of Pritchard.

19. TrafficCast did terminate Pritchard's employment, by email in October 2002. Pritchard denies the remaining allegations contained in this paragraph and specifically denies that he was an independent contractor.

20. Denied.

### Count I

21. Pritchard incorporates by reference his responses to paragraphs 1 through 20 of defendants' Counterclaim as if these responses were fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

26. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

### Count II

27. Pritchard incorporates by reference his responses to paragraphs 1 through 26 of defendants' Counterclaim as if these responses were fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

### Count III

32. Pritchard incorporates by reference his responses to paragraphs 1 through 31 of defendants' Counterclaim as if these responses were fully set forth herein.

33. Pritchard denies the allegations in this paragraph as stated. Pritchard admits that TrafficCast paid him $20,000 in April 2002, in partial payment of his salary. Pritchard denies this was "an advance."

34. Pritchard objects to the vagueness of the initial phrase "at that time," and is not able to fully respond to the allegations in this paragraph because of this vagueness. If February 2002 is "that time," Pritchard admits that he had expenses and would have future expenses that he would incur on behalf of TrafficCast. Pritchard denies the remaining allegations contained in this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

39. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

## Count IV

40. Pritchard incorporates by reference his responses to paragraphs 1 through 39 of defendants' Counterclaim as if these responses were fully set forth herein.

41. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

42. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

43. Plaintiff objects to the allegations contained in this paragraph as calling for legal conclusions. To the extent that any response is necessary, plaintiff denies the allegations contained in this paragraph.

**PLAINTIFF'S AFFIRMATVIE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

1. The counterclaims fail to state a claim upon which relief can be granted against plaintiff.

2. The counterclaims for fraud are not stated with sufficient particularity.

3. Defendants' counterclaims for alleged violations of Chapter 93A are not valid because the counterclaims arise out of an employment relationship.

4. If Pritchard breached any contract with the TrafficCast defendants (which he denies), then such a breach was justified by defendants' anticipatory repudiation and/or antecedent failure to perform their promises under any such contract.

5. Any breach of contract counterclaim against Pritchard fails for lack or failure of consideration.

6.  If Pritchard breached any contract with the TrafficCast defendant (which he denies), then any such contract was void ab initio for fraud in the inducement.

7.  To the extent that defendants have not attempted to mitigate, minimize, or avoid any of their alleged damages in their Counterclaims, any recovery against plaintiff must be reduced or eliminated.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, plaintiff Pritchard respectfully requests that this Court enter judgment in his favor, as requested in his Amended Complaint. Pritchard further requests that this Court deny defendants' counterclaims in their entirety; and declare that defendants are not entitled to recovery of fees, interest, costs, or damages against plaintiff; and that this Court award such other and further relief as this Court deems just and proper.

PLAINTIFF, ROBERT D. PRITCHARD,
By His Attorneys,

MICHIENZIE & SAWIN, LLC

Dated: November 3, 2006    By:    _____
Paul Michienzie – BBO NO: 548701
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116-2636
Tel: 617-227-5660

## CERTIFICATE OF SERVICE

    I, John C. Barker, attorney for plaintiff hereby certify that on this 3d day of November 2006, the following counsel of record were electronically served with the foregoing Answer to Counterclaim:

Brian A. Gillis, Esq.
Law Offices
45 School Street
Boston, MA 02108

Kevin J. Palmersheim, S.C.
Haley Palmersheim, S.C.
1424 N. High Point Road, Suite 202
P.O. Box 628005
Middletown, WI  53562-8005

                                          /s/ John C. Barker
                                          John C. Barker