**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

---

**ROBERT D. PRITCHARD,**

        Plaintiff,

vs.

        Case No.    05CV11135MLW

**TRAFFICCAST, INC., BIN RAN,**
and **CONNIE JING LI,**

        Defendants.

---

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

---

The defendant, TrafficCast, Inc., hereby moves this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to enter a protective order to prevent the wrongful disclosure of confidential, proprietary business information, including intellectual property, trade secrets and other business information that is critical to the defendant's business.  The co-defendants, Bin Ran and Jing (Connie) Li, join in this motion.  The defendant has repeatedly attempted to reach an agreement on this matter with the plaintiff, Robert Pritchard, that would protect the information of both parties produced in discovery from wrongful disclosure, but the plaintiff has refused and instead insisted on retaining an unfettered right to disclose to anyone any information provided by the defendants.  Accordingly, the defendant seeks a protective order in accordance with Rule 26(c) and further requests that this Court issue the requested protective order forthwith in order to ensure that discovery may proceed timely.  In support, the defendant states as follows:

1. The plaintiff has brought this action against the defendant, TrafficCast, Inc. ("TrafficCast"), and its principal owners and officers, Bin Ran and Jing (Connie) Li, claiming that TrafficCast breached an oral contract to issue almost 2 million shares of its stock to the plaintiff as consideration for services he provided as a consultant for the company between February of 2000 and June of 2002. The plaintiff admits that he was paid approximately $250,000 for his services to the company and expenses incurred during this time period, and that he contributed absolutely nothing to the company's capital. Instead, defendants Ran and Li, who hold several patents and other intellectual property rights, made all of the capital contributions to the company that they founded and then incorporated in July of 1999, long before the plaintiff's affiliation as an independent contractor.

2. Defendant TrafficCast is a Wisconsin company that holds interests in certain intellectual property, most of which was designed by defendant Ran, who holds a Doctorate in engineering and is a professor at the University of Wisconsin. Defendant TrafficCast has developed and patented a web-based software platform to produce route-specific, real-time traffic information and travel time forecasts for emerging applications which deliver personalized traffic information via Internet and wireless devices, such as cell telephones and PDAs. The Company aggregates data impacting traffic from over 350 national sources, normalizes it, and processes it through its proprietary data fusion engine to deliver meaningful, actionable travel advice. The Company provides traffic information to Yahoo!, Google, Westwood One/CBS, US Department of Defense, and Cingular Wireless. TrafficCast has entered into nondisclosure agreements with these and other businesses, and the disclosure of information to Pritchard (who no longer works for

TrafficCast) may violate the terms of these NDAs and potentially subject TrafficCast to liability or claims by those parties.

The defendant's business has included providing its traffic data to the United States Department of Defense (Military Traffic Management Command Transportation Engineering Agency) through its work with Gannet Fleming since 2001. As a result, TrafficCast's technical data and business information are highly sensitive and any improper or unlawful disclosure by Pritchard could implicate US national security interests as well as harm TrafficCast's business.  TrafficCast also has been providing its traffic data to subscribers of Cingular Wireless via Kivera/TCS' application software for various types of cell phones.  Its technical data and business information are highly sensitive to both Kivera/TCS and Cingular.  Any improper or unlawful disclosure of such information could cause severe damage to the business' of Kivera/TCS and Cingular Wireless, which in turn will seriously damage the business of TrafficCast. Similar harm would result to other customers or business partners, as well as to TrafficCast, from any improper disclosure of the defendant's confidential or proprietary business information.

3. Nearly all of the documents that the defendants have produced to the plaintiff in connection with their Rule 26 disclosure include information that is proprietary and highly confidential.  This information includes business strategy planning in the extremely competitive marketplace where TrafficCast does business, with analyses of its competitors, its products, and potential and existing customers.  It also includes technical information relating to its interests in patents and other intellectual property rights.  Disclosure of this information to third-parties would potentially be extremely

damaging to the defendant's business interests and would serve no purpose in this litigation. Even though this information has only peripheral relevance to the issues in this litigation, the defendants have agreed to provide the plaintiff with all of this information during the course of this litigation but have only requested that the plaintiff maintain the confidentiality of the information. To accomplish this, TrafficCast prepared and submitted to the plaintiff a proposed Protective Order that has been entered in other actions in the United States District Court for the District of Massachusetts and the Superior Court of Massachusetts where similar confidential business information was involved. In response, however, the plaintiff has rejected the defendants' efforts to work out an agreement among the parties for a protective order that would address TrafficCast's concerns and the plaintiff instead has insisted on gutting all of the provisions that would provide protection to the information. See Certification of Counsel, and Exhibit 1 thereto (Plaintiff's requested revisions to proposed Protective Order).

In particular, the plaintiff has sought to circumvent the protective provisions of the proposed order by insisting on an exemption from its provisions for the plaintiff's "summaries" of the defendant's confidential information, which would allow the plaintiff to "summarize" the information in TrafficCast's documents and then provide those "summaries" to anyone at all without regard for the prohibition on disclosure. See Certification of Counsel filed herewith, and Exhibit 1, ¶2, thereto. This loophole that the plaintiff has demanded would eviscerate every protective provision of the proposed order. The plaintiff also has refused to include any provision that would restrict access to persons who have provided a signed written agreement to the designating party

confirming that they would abide by the protective order **prior** to having access to the confidential material. See Certification of Counsel filed herewith, and Exhibit 1, ¶6, pp. 3-4. While he has refused to limit the access to the defendant's information as requested, the plaintiff nevertheless has demanded on a right to share TrafficCast's confidential information with "insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed." Finally, the plaintiff's proposed revisions to the Protective Order would also eliminate the parties' obligations to return or destroy confidential material at the conclusion of the litigation and the liquidated damages provision for breaches. See Certification of Counsel filed herewith, and Exhibit 1, ¶12, pp. 4-5. Instead, the plaintiff proposes that the discovering party have the right to retain all such confidential information **after the litigation has concluded** and that the parties engage in separate litigation to determine and asses damages for any breach. Neither demand would serve the concerns that the requested protective order seeks to address.

     5.     The defendants are producing to the plaintiff in excess of 7,000 pages of documents that contain highly confidential business information. Courts have long recognized the importance of protecting such proprietary and confidential business information as involved in this action. See Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 475, 489-490 (1974); Boulanger v. Dunkin' Donuts, Inc., 442 Mass. 635, 642 (1994) (upholding finding that such information was confidential). The plaintiff, on the other hand, has requested confidentiality for just 2 pages of the 1,200 pages of documents that the plaintiff has produced has requested confidentiality (containing his credit card number). As a result, it is clear that only TrafficCast faces the risk of real and substantial damage from the improper disclosure of confidential information, and that the plaintiff

5

has wrongfully refused to enter into an agreement that would protect and preserve that confidentiality solely to gain an unfair advantage in this litigation. Therefore, in accordance with the provisions of Rule 26(c), this Court should grant the defendant's motion and issue a protective order forthwith. TrafficCast submits herewith its proposed Protective Order for this Court's consideration, and requests that the Court adopt and enter this proposed order as an Order of this Court. See Exhibit 1, attached hereto.

       Respectfully submitted,

       By the Defendant,

       TRAFFICCAST, INC.,


       _____s/ Brian A. Gillis, Esq._____
       Brian A. Gillis, Esq.  BBO# 547767
       Forty-Five School Street
       Boston, Massachusetts  02108
       (617) 720-4443

      CERTIFICATE OF SERVICE
 I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by hand delivery on December 28, 2005.
       _____s/ Brian A. Gillis, Esq._____
       Brian A. Gillis, Esq.

# EXHIBIT 1
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW

ROBERT D. PRITCHARD,            )
    Plaintiff                              )
                                             )
v.                                              )
                                             )
TRAFFICCAST, INC., BIN RAN.,    )
and CONNIE JING LI                   )
    Defendants.                         )

## PROTECTIVE ORDER

    Upon agreement of the parties, and review by the Court, it is hereby ORDERED as follows:

    1.    This Order provides for the confidential treatment of certain information or material produced during discovery in this action. This information or material shall be referred to as "Confidential Material" and shall include all information or documents which are in good faith designated as "Confidential Material" by the "Designating Party." A Designating Party is any party to this action or who identifies as Confidential Material information or documents provided by others for use in this action. Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable good faith belief that the designated material is entitled to confidential treatment under Mass. R. Civ. P. 26(c).

    2.    This Order shall apply to: (a) documents produced in response to requests for the production of documents, and all information derived therefrom and all copies, excerpts or summaries thereof; (b) responses to requests for admission; (c) responses to interrogatories including documents used in preparing such responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests.

    3.    The Designating Party shall mark Confidential Material, according to the procedures set forth below, with the following "Confidentiality Legend":

> "CONFIDENTIAL": Subject to Protective Order in <u>Pritchard v. TrafficCast, Inc., et al.</u>, United States District Court District of Massachusetts

Civil Action No. 05-11135-MLW

(a)     With regard to the production of documents, the Confidentiality Legend shall be placed on the face of the document and on each internal page designated as being or containing Confidential Material.  The internal pages may be so designated by only the legend: "Confidential."  Documents that are merely made available for inspection in response to a request for production need not be marked with the Confidentiality Legend.  However, a Designating Party shall mark with the Confidentiality Legend those documents that are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection.

(b)     With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designations as Confidential Material shall be made by means of a statement at the conclusion of such affidavits, statements or responses specifying the responses or parts thereof deemed by the Designating Party to be confidential. The Confidentially Legend shall be placed on each page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating party to be confidential.

(c)     With regard to depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 30 days following receipt of the transcript of such deposition by counsel for the Designating Party with which the deponent is associated or employed or by counsel for the Designating Party whose Confidential Material was the subject of the deposition.  If such designation is made, the original and each copy of the transcript shall be labeled with the Confidentiality Legend on the front page and on each page of the transcript that has been designated as containing Confidential Material.  In addition, all deposition exhibits designated to be or containing Confidential Material shall be so marked.  If all or parts of a videotaped deposition are designated as confidential, the videocassette or other videotape container shall be labeled with the Confidentiality Legend.  If a party designates portions of a deposition transcript as containing Confidential Material after transcripts have been distributed to the parties, the Designating Party shall distribute to the parties copies of the cover page and all designated pages both bearing the Confidentiality Legend.  Upon receipt of these papers, the parties shall substitute them for the corresponding, non-marked pages and return to the Designating Party or destroy these pages.  All deposition transcripts shall be treated as Confidential Material for the first thirty days after such transcripts are received by any party.

4.      In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material may be designated as confidential by the producer as follows:

  (a) Within fifteen (15) days of the date of discovery of the inadvertent production of such material, the producer must give written notice to all parties that the producer claims that the material is confidential, in whole or in part, and supply all parties to whom that material has previously been produced with new copies of the material labeled with the Confidentiality Legend in accordance with paragraph 3 of this order.

  (b) Upon receipt of such notice and labeled copies of the materials, all parties who had received a copy of such material without the confidentiality Legend shall promptly destroy all unlabeled copies thereof.

  (c) Upon receipt of the notice described in subparagraph (a) and of the new copies labeled with the Confidentiality Legend, all parties shall thereafter treat the Designated Material as subject to this Order.

  (d) No party shall be held in breach of this order if, before the confidential nature of the material is claimed, such material or information has been disclosed to any person(s).

  5. Confidential Material shall be used solely in connection with this action.

  6. Except upon the prior written consent of the Designating Party or upon order of the Court, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential. Confidential Material shall not be disclosed to any person other than:

  (a) Counsel to the parties having responsibility for this action or the settlement thereof, and their associates.

  (b) The parties' officers, directors, employees and agents;

  (c) Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

  (d) Deponents and witnesses, both during examination of such persons and in connections with preparation for testifying, and court reporters, in accordance with paragraph 3(c) and other procedures as may be agreed upon among the parties;

  (e) The Court and its personnel in accordance with Paragraph 8.

  Those persons identified in subparagraph 6(a) through 6(d) shall, prior to obtaining access to Confidential Material, (i) be advised of the existence of this Order and be instructed that he or she is bound by its terms, and (ii) be shown a copy of this Order and agree in writing, or be ordered by the Court, to be bound by its terms. Each such person shall provide his or her written agreement to the Designating Party prior to having any access to Confidential Material.

7.  If any party disputes the designation by any other party of any document or information as Confidential Material, the parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to confidential treatment.  If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, counsel for either of the parties may file an appropriate motion with the Court seeking a Court order determining whether or on what terms the document or information is entitled to confidential treatment.  The burden of establishing that the designated document or information is entitled to confidentiality under Mass.R.Civ.P.26(c) shall, at all times, remain with the Designating Party.

8.  If confidential materials or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labelled "Confidential -- Subject to Court Order" and shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by this Court.

9.  Nothing in the Order shall prevent any party from using or disclosing its own documents or information, or for using or disclosing any information it has also received from any source other than the Designating Party.

10. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

11. A party's designation of materials as confidential, or its failure to object to another party's designation of materials as confidential, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

12. This Order shall survive the termination of this action and shall continue in full force and effect thereafter.  Upon the termination of this action and the expiration of any and all appeals therefrom, all parties shall return to counsel for the Designating Party all Confidential Material received from the Designating Party, including all copies, prints, summaries and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants.  All attorney work product summaries or other work product materials containing information derived from the Confidential Material need not be returned to counsel for the Designating Party, but may alternatively be destroyed with certification of such destruction being supplied by counsel for the party which previously received the Confidential Material.  Any failure to comply with the provisions of this paragraph shall be deemed a breach of this Order and the breaching party, person or entity shall be held in contempt.  Because of the nature of the confidential information protected by this Order and the difficulties of ascertaining the damage as a result of a breach of this Order, the party responsible for the breach shall be required to pay to the Designating Party the sum of $2,500 per day for each day (or portion thereof) that a breach exists.  In the event of a breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the breach.

      13.    This Order may be modified or amended by agreements of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

      14.    This Order shall not in any way be construed so as to limit the rights or obligations of the parties under any other Order of this Court or any law, statute or regulation, nor act as a shield for any person or entity to refuse to disclose any information that it is by law obligated to disclose.

      15.    This Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Material at trial.

                                                                                            Wolf, C.J.

Dated:_____

Consented to and agreed to by the parties:

                                        Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

                                        By his attorneys,

                                        John C. Barker, Esq.,  BBO# 637406
                                        Michienzie & Sawin LLC
                                        745 Boylston Street, 5th Floor
                                        Boston, Massachusetts 02116

                                        Defendants, TrafficCast, Inc., Bin Ran., and Connie Jing Li,

                                        By their attorney,

                                        Brian A. Gillis, Esq., BB0# 547767
                                        Old City Hall
                                        Forty-Five School Street

Boston, Massachusetts 02108