UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

ROBERT D. PRITCHARD, )
    Plaintiff, )
)
v. )
)
TRAFFICCAST, INC.; BIN )
RAN; AND CONNIE JING LI, )
    Defendants. )

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS,
AND MOTION TO STAY DEPOSITIONS UNTIL DEFENDANTS
HAVE PRODUCED THEIR DOCUMENTS**

Now comes plaintiff Robert D. Pritchard ("plaintiff" or "Pritchard"), through his counsel of record, and hereby moves this Honorable Court for an Order compelling production of defendants' initial documents under F.R.C.P. 26(a)(1). Although the date for the Rule 26 initial disclosures was 11/6/06, defendants have yet to produce or make available any document to plaintiff in this case. Affidavit of John Barker ("Barker Aff.") ¶6. This is directly contrary to defendants' representation in their pending Motion for Protective Order,[1] in which one paragraph begins (p.3) "Nearly all of the documents that the defendants have produced to the plaintiff in connection with their Rule 26 disclosure…" Further, plaintiff seeks this Court's Order of Stay, preventing depositions from going forward in this case until defendants have produced their documents to plaintiff.

---

[1] Plaintiff has separately opposed defendants' Motion for Protective Order. Plaintiff has from the beginning been ready and willing to enter into a reasonable Protective Order or Confidentiality Agreement with defendants, protecting the confidentiality of proprietary information produced by defendants in this case. However, as briefed more fully in plaintiff's Opposition to defendants' Motion for Protective Order, plaintiff is not willing to enter into the draconian agreement that defendants have proposed.

00101041.DOC

1

**Factual History and Email Communications Between Counsel**

In repeated emails, which are detailed in the attached Barker Affidavit and are attached as exhibits to that Affidavit, plaintiff's counsel have requested either copies of defendants' document production or that defendants make their document production available for inspection. Barker Aff. ¶4. As early as the 11/22/06 email from defense counsel Gillis, defendants have falsely claimed that their non-privileged documents were immediately available (see Exhibit 1 to Barker Affidavit). However, whenever plaintiff's counsel have asked for copies of the documents or have asked for a time when they could inspect the defense documents, those documents have not been available. Id. ¶¶3-4, 6. For example, in four separate emails on 12/28 and 12/29/06, plaintiff's counsel requested a time when defense documents would be made available, and requested that defense counsel provide document counts for its confidential and non-confidential documents (in order to coordinate in advance with the copying service). Defense counsel did not respond to any of these queries. Id. ¶4 and Exhibit 2.

Throughout these emails and other correspondence, defense counsel has adopted a tone of outrage and entitlement. He has demanded his right to come to opposing counsel's office to inspect documents and then hire a copy service to copy those documents remotely, rather than simply providing copies to opposing counsel. Id. ¶3, and Exhibit 1. Yet, this procedure is precisely the procedure that defense counsel has himself refused to follow, whereas plaintiff's counsel has followed this procedure at defense counsel's request. Plaintiff has produced some 1,231 pages of documents to defendants, whereas defendants have not yet produced one page to plaintiff. Id. ¶¶3, 6.

This cannot be explained merely by the defense's claim that its documents are confidential and proprietary. Defendants' document production will eventually include some

non-privileged, non-confidential documents. For example, defendants have claimed that plaintiff was provided with a tax form 1099 for certain years during which he worked for TrafficCast. Copies of these form 1099s are public documents and are Pritchard's own tax documents, such that they are surely not to be classified as "confidential" under whatever Confidentiality Agreement this Court ultimately approves in this case. There are countless other documents, such as emails between TrafficCast and Pritchard, copies of which Pritchard already has, which cannot be categorized as "confidential." Defense counsel has not made available the non-confidential documents, while withholding the confidential documents; rather, he has withheld *all* documents from plaintiff's counsel. Id. ¶6.

**Depositions Should Be Stayed in This Case Until Defendants Have Produced Their Documents.**

Plaintiff submits that it would be unfairly prejudicial to his case for his deposition to go forward before defendants have produced their documents or made their documents available for copying. While plaintiff does not object to having his deposition taken first in the case, all depositions should wait until several business days after defendants' long-delayed document production. Plaintiff's counsel will need several days to review the documents before defending plaintiff's deposition.

As far as defense counsel's emails alleging plaintiff's delay, the discovery cut-off date in this case is 5/31/07 [Scheduling Order at Docket No. 31], such that there is ample time for the few depositions anticipated. Further, plaintiff's counsel (contrary to defense counsel's emails) has attempted to work with plaintiff to provide deposition dates that are convenient for plaintiff's academic schedule. Barker Aff. ¶5. It took as long for defense counsel to provide requested

00101041.DOC

3

deposition dates for defendants as it did for plaintiff's counsel to provide deposition dates for plaintiff.[2]

**Conclusion**

Therefore, plaintiff respectfully asks this Court to stay all depositions in this case until defendants have produced their documents. As set forth in plaintiff's opposition to defendants' Motion for Protective Order, plaintiff is perfectly willing to enter into a reasonable Confidentiality Agreement in this case. Plaintiff hopes that this Court can fashion such a reasonable agreement from the competing proposals, so that all documents can be produced by defendants. In the meantime, plaintiff respectfully asks that this Court order immediate production of defendants' non-confidential documents.

PLAINTIFF, ROBERT D. PRITCHARD,
By His Attorneys,

MICHIENZIE & SAWIN, LLC

Dated: 1/5/07    By: _John Barker_
Paul Michienzie – BBO NO: 548701
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116-2636
Tel: 617-227-5660

---

[2] The first correspondence during which defense counsel Gillis provided deposition dates for defendants was one of his emails dated 12/28/06. This is the same email in which he indicated that plaintiff's representatives or copying service could not pick up defendants' documents. *See* Barker Aff. ¶5, and Exhibit 1.

00101041.DOC

4

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for plaintiff hereby certify that on this ___ day of January 2007, the following counsel of record were electronically served with the foregoing Motion to Compel Production of Documents, and the supporting Affidavit of John Barker:

Brian A. Gillis, Esq.
Law Offices
45 School Street
Boston, MA 02108

Kevin J. Palmersheim, S.C.
Haley Palmersheim, S.C.
1424 N. High Point Road, Suite 202
P.O. Box 628005
Middletown, WI 53562-8005

_____
John C. Barker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

ROBERT D. PRITCHARD,
    Plaintiff,

v.

TRAFFICCAST, INC.; BIN RAN; AND CONNIE JING LI,
    Defendants.

**AFFIDAVIT OF JOHN C. BARKER, AND CERTIFICATION AS TO COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I, John C. Barker, hereby declare under oath as follows:

1. I am currently a partner of the law firm of Michienzie & Sawin LLC, 745 Boylston Street, Boston, MA 02116. My firm represents plaintiff Robert Pritchard ("Pritchard" or "plaintiff") in this case.

2. I have personal knowledge of the facts set forth herein, and if called to testify, could competently testify thereto.

3. Attached hereto at Exhibit 1 is a true and accurate copy of several email exchanges between counsel in this case, from 11/13/06 to 11/27/06. In his emails of 11/13/06 and 11/22/06, defense counsel outlines his proposed procedure for exchanging documents between the parties: that counsel will go to opposing counsel's office, inspect the documents, and then arrange for a copying service to copy any documents they want to have copied. This is precisely the procedure that defense counsel has refused to follow in this case, whereas my office has compliantly agreed to follow this procedure, and has

{00101069.DOC}

provided 1,231 pages (both confidential and non-confidential) of documents so far to defense counsel. In contrast, defense counsel has refused to provide a single document to my office (or to plaintiff) so far in this case.

4. Attached hereto at Exhibit 2 is a true and accurate copy of several email exchanges between counsel in this case, from 12/28/06 to 12/29/06. Reading these emails in order (from the back to the front) shows just how non-responsive defense counsel has been, when we have posed questions to him concerning defendants' document production and its timing. In four consecutive emails, we asked defense counsel when we could pick up (or have a copy service pick up) defendants' available documents. Defense counsel did not respond to these inquiries. In three consecutive emails, we asked defense counsel what the approximate page count was for defendants' document production, so that we could coordinate with the copying service in advance. Defense counsel did not respond to any of these inquiries. It was not until his Motion for Protective Order that learned that defendants intended to produce more than 7,000 pages.

5. In one of defense counsel's emails of 12/28/06, he specifies deposition dates for defendants for the first time. I had provided deposition dates for plaintiff in early December, well before this email. In one of my emails of 12/28/06, I indicated that I have a deposition in another case on 1/12/07, one of several dates proposed for plaintiff's deposition. This date (1/12/07) is the one date that defense counsel then selected when he served a deposition notice for plaintiff's deposition.

6. When defense counsel indicates in defendants' Motion for Protective Order, p.3 (¶3) that "defendants have produced" documents to plaintiff, this is not true.

Defendants have not produced any document as part of any document production in this case so far.

7. I and my colleague, Paul Michienzie, complied with Local Rule 7.1(A)(2) in conferring with defense counsel before bringing plaintiff's Motion to Compel Production of Documents.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF JANUARY 2007.

*John Barker*
John Barker

{00101069.DOC}

# **EXHIBIT 1**

**John Barker**

| | |
|---|---|
| **From:** | John Barker |
| **Sent:** | Monday, November 27, 2006 8:47 AM |
| **To:** | 'Brian A. Gillis, Esq.' |
| **Cc:** | Paul Michienzie |
| **Subject:** | RE: Pritchard v TrafficCast |

Mr. Gillis: I first received your message below on 11/27/06, announcing that you were coming to my office on 11/27/06 at 10 am to inspect documents. We are not available at that time, so you will not be able to view the documents at that time. Both of us are unavailable (on another case) until Wed, 11/29/06. If you are free on 11/29, 11/30, or 12/1 of this week, those would be acceptable days for you to inspect the documents. We will respond to the remainder of your email below shortly. Thank you, John Barker

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Wednesday, November 22, 2006 4:39 PM
**To:** John Barker
**Subject:** RE: Pritchard v TrafficCast

Dear Mr. Barker:

On the late afternoon of the day before the Thanksgiving holiday, you responded to my email that I sent to you nine (9) days earlier on November 13, 2006. Yet the plaintiff still has not produced a single document nor have you provided me with a date when I can come to your office to inspect the plaintiff's documents as I first requested on November 6, 2006. Further, in response to my request for a convenient date for the plaintiff's deposition, you tell me that you are "tentatively looking ahead to January, but have not been able to clear dates with Mr. Pritchard." You also want me to copy documents for you.

First, your delay and the substance of your response indicate that the plaintiff does not intend to comply with his discovery obligations under the Court's orders and the rules. I will plan to be at your office on Monday, November 27, 2006, at 10:00 a.m. to begin my clients' inspection of the plaintiff's documents. If the volume of documents is substantial, after inspecting them I will make arrangements to have an outside photocopying service pick up the documents at your office, copy them, return the originals to your office, and deliver the copies to my office with the invoice for its copying charges. This is a fairly standard procedure that I have followed for years, and I find it a customary practice in business litigation such as the action that your client has brought against my clients.

Second, I will not wait until January for a "tentative" date from the plaintiff for his deposition. When I requested dates for the plaintiff's deposition more than a week ago, I had expected to schedule the plaintiff's deposition for a date prior to the end of November, 2006. I will not agree to wait 2 more months to schedule the plaintiff's deposition. Accordingly, if you will not provide me with 2 or 3 dates in early to mid-December, 2006 when you and your client will be available for his deposition, I will select a date and serve a notice in accordance with the Court's orders and the rules.

Third, the defendants' non-privileged documents have been available for inspection since November 6, 2006 and remain available for inspection at this time. Neither my clients nor I have the staff necessary to undertake the photocopying of a large volume of documents for the plaintiff in this matter. We will agree, however, to allow an outside photocopy service of your choosing pick up the documents, copy them, return the originals to the defendants, and deliver the copies to your office with the invoice for its copying charges. The service must provide an assurance that it will return the documents in the exact same condition as when it received them and that no one other than its own personnel will have access to them while they are out of the possession of the defendants. Once again, this is a fairly standard procedure that I have found to be a customary practice in business litigation such as the action that your client has brought against my clients.

Fourth, in light of the plaintiff's refusal to enter into a protective order that will protect the confidentiality of my clients' proprietary business information, including their intellectual property and other extremely sensitive

business information, I will serve and file a motion for a protective order following the holiday as you requested.

Finally, I would be happy to accommodate your request for 3 consecutive dates in January or February to conduct depositions of my clients. I would also be happy to inquire whether the non-party witness, Mr. Jerome Chen, will agree to be available on one of those dates for his deposition as you have indicated. I will also inquire whether Mr. Chen will agree to be available for your deposition without the need for serving him with a subpoena as required by the Court's rules. Please advise whether you propose to conduct these depositions at the office of the plaintiff's local counsel or some other location. I believe the defendants' counsel would be willing to provide a conference room to conduct the depositions if that would be more cost effective and convenient for the parties and the witness. Please advise me at your earliest convenience as to how you wish to proceed. In the meantime I will contact my clients and Mr. Chen regarding their availability and Mr. Chen's amenability to appear as discussed above, and I will respond to you as soon after the Thanksgiving Day holiday as possible.

If you have any questions, please contact me at any time. I hope you and your family have a good Thanksgiving Day holiday.

Sincerely,

Brian A. Gillis, Esq.

---

**From:** John Barker [mailto:jb@masatlaw.com]
**Sent:** Wednesday, November 22, 2006 2:59 PM
**To:** Brian A. Gillis, Esq.
**Cc:** Paul Michienzie
**Subject:** RE: Pritchard v TrafficCast

Dear Mr. Gillis:   We are responding to your email of 11/13/06 (below), concerning the proposed confidentiality agreement.  We will look for your forthcoming Motion for a Protective Order, and we will respond to any such motion.

        You must have misunderstood some portion of my previous email.  I did not mean that Pritchard would be designating any (or many) of the documents he intends to produce as "confidential" under the terms of your proposed agreement.  (One exception to this may be a few documents with personal confidential information, such as Pritchard's credit card information.)  However, I did think that we would arrange for the terms of the confidentiality agreement before exchanging documents.  Nonetheless, we have no objection to producing documents not designated as "confidential" to you before the motion practice (or permitting you to inspect those documents at our offices).

        I would ask, in turn, that you copy for me and mail to me, those documents included in TrafficCast's initial disclosures that you are not intending to designate as "confidential" under your proposed confidentiality agreement.

        If we can agree on a mutually acceptable, reasonable copying charge (such as 25 cents per page), we could exchange documents by mail, rather than requiring a visit to each other's offices for in-person inspection of the documents (which we will probably want copied anyway).

        As to deposition dates for plaintiff, we are tentatively looking ahead to January, but I have not been able to clear specific dates with Mr. Pritchard.  I will get back to you soon with available dates for plaintiff's deposition.  Please also provide us with possible depo dates for defendants, in January or February.  At this point, we would like 3 consecutive days, for depositions of Bin Ran, Connie Jing Li, and Jerome Chen.  Thank you, John Barker

1/4/2007

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Monday, November 13, 2006 12:48 PM
**To:** John Barker
**Subject:** Pritchard v TrafficCast

Dear Mr. Barker:

I am responding to your letter dated November 8, 2006.  First, your requested changes to the proposed Protective Order would eviscerate its provisions, so that the "Protective Order" would provide absolutely no protection for my client's confidential, proprietary business information.  As a result, your statement that the "concept" of a confidentiality agreement as being acceptable to you and your client is nothing but empty rhetoric.  The defendants will not release any documents to you that contain confidential, proprietary business information until an appropriate order has been entered by the Court.  Since you and your client appear to have no interest in any order that will provide any meaningful protection to my client, I will proceed with the preparation and filing of a motion with the Court.  In the meantime, my client's non-privileged documents that do not contain any confidential, proprietary business information, and which have been available to the plaintiff for inspection and copying since November 6, 2006, remain available at this time.

Second, your suggestion that the plaintiff has documents for which he is claiming some sort of confidential, proprietary business interest of his own, so that a Protective Order may be required before he produces his documents, is preposterous.  The only documents that your client may have that could conceivably fall within the scope of any such claim of confidentiality would belong to my client.  As a result, for the plaintiff to be asserting any sort of claim of privilege or confidentiality over my client's documents is not founded on any principle of law.  Accordingly, as I requested on November 6, 2006, I wish to inspect the plaintiff's production of documents immediately and without any further unnecessary and improper delay.  Please advise when the plaintiff will make his documents available for inspection and copying as required by the Court's order.  If the plaintiff continues to delay in producing his documents or will not produce them, please advise me so that I can proceed with an appropriate motion before the Court.

Third, please provide me with 2 or 3 dates when you and the plaintiff will be available for the plaintiff's deposition in this matter.

Sincerely,

Brian A. Gillis, Esq.

# **EXHIBIT 2**

**John Barker**

| | |
|---|---|
| **From:** | Paul Michienzie |
| **Sent:** | Friday, December 29, 2006 12:36 PM |
| **To:** | Brian A. Gillis, Esq. |
| **Cc:** | John Barker; Paul Michienzie |
| **Subject:** | RE: Status of depositions and document discovery |

First, you received the redline copy of the proposed order in November. The email was not necessary. In fact, you filed your motion with what we sent you. As for scheduling, our client had some issues which we disclosed and now we are on track.

I disagree that we have not been cooperative or that we have not extended courtesies to you. We gave you dates on which to come inspect documents and you came the morning of one of the days with little advance notice. Nonetheless, we made the documents available. As for the number of documents we have, you were informed before you came here. I am not aware of the number of documents you have, confidential or otherwise. We would like those numbers and we would like to know when we can have them copied. We have asked these questions repeatedly and you have yet to answer these questions. Once again, please advise.

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Friday, December 29, 2006 12:08 PM
**To:** Paul Michienzie
**Subject:** RE: Status of depositions and document discovery

Dear Mr. Michienzie:

I agree that these emails are not productive. In particular, while you have continued to request information from me, you still have not responded to the simple request that I made 3 times to your associate. You also have not yet confirmed a date for your client's deposition, even though I have been trying to schedule it for 2 months. While it is true that I now have had access to the plaintiff's documents, it took a month to get a response from your associate on that.

Despite the lack of cooperation and courtesy from you and your associate, I have answered each of your questions. Specifically, with respect to the number of documents that the defendants have produced, that information has been provided to you. I have also made it clear that the documents produced by the defendants have been available for inspection and copying since November 6, 2006, with only a request that the plaintiff agree to maintain the confidentiality of my clients' confidential and proprietary business information. Because your associate has refused to enter into an agreement that would preserve the confidentiality of that information, I have asked the Court to issue an appropriate protective order. As I have repeatedly advised your associate, without an appropriate protective order or agreement between the parties, I cannot release my clients' confidential and proprietary information.

If you have any further questions, or wish to discuss this matter in an effort to resolve these differences, please feel free to call me any time today.

Sincerely,

Brian A. Gillis, Esq.

**From:** Paul Michienzie [mailto:pm@masatlaw.com]
**Sent:** Friday, December 29, 2006 11:59 AM

1/3/2007

**To:** Brian A. Gillis, Esq.
**Cc:** John Barker
**Subject:** RE: Status of depositions and document discovery

Brian, respectfully, these types of emails are not productive. I think we are entitled to know how many documents you have and when we can have them picked up for copying. You have both inspected and copied our documents. The time to reciprocate has come and should not be delayed. Please provide us with a response. Thank you.

Paul.

---

**From:** John Barker
**Sent:** Friday, December 29, 2006 8:27 AM
**To:** 'Brian A. Gillis, Esq.'
**Cc:** Paul Michienzie
**Subject:** RE: Status of depositions and document discovery

Mr. Gillis: Is there something you do not understand about my questions (in previous emails) as to when defendants' document production will be available for copying? John Barker

---

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Thursday, December 28, 2006 5:56 PM
**To:** John Barker
**Subject:** RE: Status of depositions and document discovery

Dear Mr. Barker:

Is there something about the words "by email" that you do not understand?

Sincerely,

Brian A. Gillis, Esq.

---

**From:** John Barker [mailto:jb@masatlaw.com]
**Sent:** Thursday, December 28, 2006 5:35 PM
**To:** Brian A. Gillis, Esq.
**Cc:** Paul Michienzie
**Subject:** RE: Status of depositions and document discovery

Mr. Gillis: Your email does not respond to our inquiry (see below). When will defendants' documents be produced or made available for copying? How many pages will defendants be producing? Again, please consider this email a consultation under Local Rule 7.1(A)(2).

As to the redlined version with our changes to your proposed Confidentiality Agreement, I sent that to you by letter of 11/8/06. John Barker

---

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Thursday, December 28, 2006 5:11 PM
**To:** John Barker
**Subject:** RE: Status of depositions and document discovery

Dear Mr. Barker:

I am requesting for the third and last time by email a copy of the redlined version of the document that the plaintiff proposed as an agreeable form of Protective Order.

Sincerely,

Brian A. Gillis, Esq.

---

**From:** John Barker [mailto:jb@masatlaw.com]
**Sent:** Thursday, December 28, 2006 5:02 PM
**To:** Brian A. Gillis, Esq.
**Cc:** Paul Michienzie
**Subject:** RE: Status of depositions and document discovery

Mr. Gillis: We would like to send a copy service to pick up defendants' documents tomorrow. If this cannot be done, please explain why, and please also provide a date next week when the documents can be picked up. Please also tell me in advance what the page count is for defendants' document production, as I did with you. We will not schedule plaintiff's deposition until we have these documents. We will move to compel their production should they not be forthcoming. Please consider this a consultation under Local Rule 7.1(A)(2). John Barker

---

**From:** John Barker
**Sent:** Thursday, December 28, 2006 2:01 PM
**To:** 'Brian A. Gillis, Esq.'
**Cc:** Paul Michienzie
**Subject:** RE: Status of depositions and document discovery

Mr. Gillis:
Your copy service has already picked up the documents today. They arrived before I received any notice that they would be coming.
Please let me know which days next week the defendants' documents will be available for pick-up and copying.
I will ask Mr. Pritchard about the new depo dates and get back to you. I have a depo in another case on 1/12/07, so that date is not good. John Barker

---

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Thursday, December 28, 2006 1:19 PM
**To:** John Barker
**Subject:** RE: Status of depositions and document discovery

Dear Mr. Barker:

First, I had been requesting dates for the plaintiff's deposition for more than a month when you finally informed me that your client would not make himself available until January 3, 2007. When I received your email proposing to conduct your client's deposition on January 3-5, 2007, I began to try to rearrange my schedule to accommodate you and your client. I have not been able to do that. As a result, I propose to conduct the plaintiff's deposition on January 9, 11, 12, 2007. I will plan to begin the deposition at my office at 10:00 a.m. Please confirm you availability at the earliest possible time.

Second, in response to your request for January or February deposition dates for my clients, I have been attempting to find dates when both Dr. Ran and Dr. Li, as well as Jerome Chen, are available as you requested. Trying to coordinate these 3 schedules with my schedule to accommodate you has been a challenge. Nevertheless, my clients can be available for their depositions in Madison on February 26, 27 or 28. I understand that Jerome Chen may also be available during this same time period.

Third, I had planned to have the plaintiff's documents copied by Copy Cop, where I have an account and which had a location just a few doors from your office, but that location closed a few weeks ago. As a result, I have located another copy service and made arrangements for the service to pick up the plaintiff's documents at your office, copy then, forward the copies to me with its invoice and return the originals to your office as agreed. The

service will pick up the plaintiff's documents today and should return them by tomorrow.

Fourth, I plan to proceed with the motion for a protective order at the earliest possible time. In this regard, please forward to me by email a copy of the redlined version of the document that the plaintiff proposed as an agreeable form of Protective Order.

Finally, I am unable to accommodate your request in your email of this afternoon to come to my office tomorrow to inspect or copy my clients.

Sincerely,

Brian A. Gillis, Esq.

---

**From:** John Barker [mailto:jb@masatlaw.com]
**Sent:** Thursday, December 28, 2006 12:43 PM
**To:** bgillis@socialaw.com
**Cc:** Paul Michienzie
**Subject:** Status of depositions and document discovery


Mr. Gillis:   I am emailing to you to follow up on several outstanding issues in the Pritchard case concerning discovery.

First, we have not heard back to you as to the deposition dates in early January for Mr. Pritchard, so at this time we will assume that this deposition will not be going forward during the first week of January. If you wish to coordinate on other mutually convenient dates, feel free to propose other dates in January.

　　　Second, I would like to have a copy service go to your office on this coming Friday, 12/29/06, in order to pick up and copy the non-confidential documents that the TrafficCast Defendants intend to produce. After coping, the originals will be returned to your office. Please let me know in advance if this Friday is not a good day.

　　　Third, I have not heard back from you as to the confidential documents. In your most recent email on this topic, you stated that you would soon be moving for a Protective Order concerning production of defendants' confidential documents. We will plan to oppose this Motion for a Protective Order. However, we have not been served with any such Motion, and I wonder if you still intend to so move.

　　　Fourth, you have not yet provided us with dates in January and/or February for the three defense deponents, as discussed in previous emails.   Thank you, John Barker.

**John C. Barker**
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116
Phone:    617-227-5660
Fax:      617-227-5882
E-mail:   jb@masatlaw.com

The information contained in this e-mail message is intended for the use of the individual or entity named above only, and may be protected from disclosure under applicable state and/or federal law. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please

notify us immediately by telephone at 617-227-5660, and delete the original message.