UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

| | |
|---|---|
| ROBERT D. PRITCHARD, <br> Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| TRAFFICCAST, INC.; BIN RAN; AND CONNIE JING LI, <br> Defendants. | ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S REQUIRED REPORTING RE STATUS OF SETTLEMENT

Now comes plaintiff Robert D. Pritchard ("plaintiff" or "Pritchard"), through his counsel of record, and hereby reports to this Honorable Court concerning the status of settlement in this case, as was requested by this Court's Order of 9/14/06 [at Docket No. 31].

### History of Settlement Discussions

The undersigned plaintiff's counsel and defense counsel Brian Gillis, Esq., did meet, with their respective clients, to explore the possibility of settlement, as required by this Court's 9/14/06 Scheduling Order, ¶5. The parties participated in a mediation session on 6/28/06, before Steven Young, Esq., of Holland & Knight, as described in the Michienzie Affidavit. The defendants' offers were unreasonable, so the mediation did not successfully settle the case.

Subsequent to the mediation, defense counsel contacted plaintiff's counsel to discuss settlement, in light of a pending Employment Declaration form for Pritchard's new federal job. Part of this form, the Employment Declaration, required Pritchard to describe his previous employment, including his employment at defendant TrafficCast, Inc. This process would also require TrafficCast to describe Pritchard's work for TrafficCast. Defense counsel attempted to

00101195.DOC

1

use this requirement as leverage for further settlement negotiations, but made no further monetary offer, as described in the accompanying Michienzie Affidavit.

**Future Prospects for Settlement, and the Possibility of Further Mediation**

Plaintiff remains open to any reasonable settlement offer and to further settlement discussions. Plaintiff does not consider the most recent offer reasonable, even if defendants do.

Plaintiff will participate in a further mediation session, whether private or court-sponsored, as long as defendants first make a reasonable offer *before* such a mediation is scheduled. Otherwise, plaintiff does not believe that a further mediation session would be worth the time and effort.

                                      PLAINTIFF, ROBERT D. PRITCHARD,
                                      By His Attorneys,

                                      MICHIENZIE & SAWIN, LLC

Dated: 1/8/07                         By: /s/ John Barker
                                      Paul Michienzie – BBO NO: 548701
                                      John C. Barker – BBO NO: 637406
                                      745 Boylston Street, 5th Floor
                                      Boston, MA 02116-2636
                                      Tel: 617-227-5660

**CERTIFICATE OF SERVICE**

I, John C. Barker, attorney for plaintiff hereby certify that on this 8th day of January 2007, the following counsel of record were electronically served with the foregoing Reporting Regarding Settlement Status, and the supporting Affidavit of Paul Michienzie:

Brian A. Gillis, Esq.
Law Offices
45 School Street
Boston, MA 02108

Kevin J. Palmersheim, S.C.

Haley Palmersheim, S.C.
1424 N. High Point Road, Suite 202
P.O. Box 628005
Middletown, WI  53562-8005

_____
John C. Barker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

|  |  |
|---|---|
| ROBERT D. PRITCHARD,<br>Plaintiff,<br><br>v.<br><br>TRAFFICCAST, INC.; BIN RAN; AND CONNIE JING LI,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF PAUL MICHIENZIE**

I, Paul Michienzie, hereby declare under oath as follows:

1. I am currently a member of the law firm of Michienzie & Sawin LLC, 745 Boylston Street, Boston, MA 02116. My firm represents plaintiff Robert Pritchard ("Pritchard" or "plaintiff") in this case.

2. I have personal knowledge of the facts set forth herein, and if called to testify, could competently testify thereto.

3. The parties and their respective counsel in this case, participated in a mediation session on 6/28/06, before mediator Steven Young, Esq., of Holland & Knight. Defense counsel Brian Gillis selected the mediator, and we agreed to this choice. The mediation went forward in the afternoon of 6/28/06, at Holland & Knight, in Boston. I and my colleague, John Barker, represented plaintiff at this mediation. Defense counsel Gillis represented defendants at this mediation.

4.  Plaintiff's initial demands are specified in his Amended Complaint, and were first made by letter to defense counsel in 2004. We reiterated this demand of plaintiff's before the mediation session, but eventually reduced this demand substantially.

7.  Defendants eventually offered an amount that was 1 percent of our reduced demand. Just before the mediation session ended, defendants increased their offer by a small amount. Because we did not consider defendants' offers reasonable, the case did not settle at the mediation.

9.  Subsequent to the mediation, defense counsel Gillis contacted me to discuss settlement, in light of a pending Employment Declaration form for Pritchard's new federal job. Part of this form, the Employment Declaration, required Pritchard to describe his previous employment, including his employment at defendant TrafficCast, Inc. This process would also require TrafficCast to describe Pritchard's work for TrafficCast. Defense counsel attempted to use this requirement as leverage for further settlement negotiations, but made no further monetary offer.

10. During this post-mediation settlement negotiation, defense counsel implied that if plaintiff settled this case, TrafficCast would provide a more favorable reference or job description on Pritchard's Employment Declaration, whereas if plaintiff did not settle this case, TrafficCast would provide an unfavorable description of Pritchard's employment with TrafficCast on that Employment Declaration.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ____ DAY OF JANUARY 2007.

_____
Paul Michienzie

00101194.DOC

2