UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

|  |  |
|---|---|
| ROBERT D. PRITCHARD,<br>            Plaintiff,<br><br>v.<br><br>TRAFFICCAST, INC.; BIN<br>RAN; AND CONNIE JING LI,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS'**
**MOTION FOR  PROTECTIVE ORDER**

Now comes plaintiff Robert D. Pritchard ("plaintiff" or "Pritchard"), through his counsel

of record, and hereby partially opposes the Motion for Protective Order made by defendants

herein, pursuant to F.R.C.P. 26(c).  Contrary to defendants' motion, plaintiff does not oppose

some Protective Order or Confidentiality Agreement in this case, but does not agree with all of

the terms that defendants have proposed in their draft Protective Order.

**I.     Plaintiff Does Not Oppose a Confidentiality Agreement in This Case.**

Defendants' statement in their motion that "the plaintiff has wrongfully refused to enter

into an agreement that would protect and preserve that confidentiality…" (p.6) is not true.  Nor is

it true that plaintiff has "insisted on retaining an unfettered right to disclose to anyone any

information provided by the defendants" (p.1).  Even a cursory glance at plaintiff's proposed

Confidentiality Agreement (or Protective Order, attached at Exhibit A to the Barker Affidavit)

reveals that plaintiff is willing to agree to protections to defendants' allegedly confidential

information.  Plaintiff simply disagreed with some of the terms of that Confidentiality

Agreement, and defendants were not willing to negotiate these terms further.

## II.  Defendants Bear the Burden to Show Good Cause for the Protective Order, With Some Specificity.

Under Rule 26(c), the party moving for a protective order must show "good cause" therefor. *See, e.g.,* Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121-22 (3d Cir. 1986); *see also* Vogue Instrument Corp. v. LEM Instruments Corp., 41 F.R.D. 346, 349 (S.D.N.Y. 1967). In doing so, defendants must demonstrate "a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id. at 1121.

As stated, plaintiff does not dispute that defendants may have confidential and proprietary documents among their document production. However, it should be reiterated that this is defendants' burden to show. Plaintiff reserves his right to challenge designation of any and all documents as "confidential" under the confidentiality agreement ultimately ordered by this Court.

In this context, plaintiff points out that defendants' claim of a "national security" threat (p.3) is overreaching. This is not an issue that has even been mentioned previously. TrafficCast is a startup traffic-monitoring company (p.2), not a military contractor. Further, plaintiff and his counsel have already agreed to keep documents produced confidential, subject to this Court's Protective Order or Confidentiality Agreement, and share them only with the necessary parties designated therein. Plaintiff is hardly a potential terrorist, however vitriolic the dispute between the parties may be.

## III.  Plaintiff's Objections to Specific Provisions Proposed in Defendants' Draft Protective Order.

At Exhibit A to the accompanying Barker Affidavit, is plaintiff's redlined version of

{00101175.DOC}

defendants' draft Protective Order.  At Exhibit B, is a version of this same agreement with all of plaintiff's changes accepted (so the redlining no longer appears).

### A.    Adding Insurers and Accountants

In ¶6 of the agreement, plaintiff wishes to add category (e) to the categories of persons to whom designated confidential material may be disclosed, once such persons have agreed to abide by the confidentiality agreement in this case.  Plaintiff proposed to add "Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed."  Such persons would only be given designated confidential documents on a limited, "as needed" basis -- if such documents pertain to insurance coverage, tax issues, or other financial issues that these persons would be involved with.

### B.    Prior Signed Approval by Persons Who Receive Confidential Documents

Plaintiff does not want to force persons receiving confidential documents, under the confidentiality agreement eventually ordered by this Court, to have to demonstrate their compliance agreement to the confidentiality agreement in writing.  Plaintiff believes that it should be sufficient that such persons are shown the confidentiality agreement and agree to abide by it orally, before they are provided with any designated confidential documents.  One of the reasons plaintiff's counsel does not want to be forced to provide written prior-approval forms to defense counsel, is that plaintiff does not want to have to reveal any non-testifying experts or consultants to defendants.  Defendants are not entitled to such information, under Rule 26(b)(4)(B), without the requisite showing of "exceptional circumstances."

Plaintiff does not believe that the prior-approval consent forms are necessary, because plaintiff and his counsel will sign whatever confidentiality agreement this Court ultimately

approves.  Plaintiff and his counsel will agree as part of that process to obtain prior (oral)

agreement from any persons entitled to access to designated confidential material listed in ¶6.

### C.    The Summaries of Information

Defendants make much in their motion concerning a parenthetical phrase that plaintiff's

counsel inserted into their suggested revisions to the draft Protective Order.  At ¶2, plaintiff

asked to add the phrase "(unless such summaries constitute attorney-work product)."  This

change was merely to segregate work-product summaries and to protect work product, which is

the possession of counsel.  Plaintiff does not intend to disclose such summaries to non-

designated persons, and in fact could risk waiver of any such privilege by such disclosure.

This is not an important change to plaintiff, and plaintiff will agree to leave out this

parenthetical phrase, to the extent that ¶10 of the draft agreement protects applicable privileges.

### D.    The End of the Lawsuit

Plaintiff's counsel's office normally keeps case files for several years.  They may be

available for tax purposes, or in the event of subsequent litigation.  Counsel wishes to retain case

files for such situations, but not so that they can distribute confidential documents.  As to any

case file that is retained after avenues for appeal have been exhausted in a case, it would be

counsel's understanding that any confidentiality agreement as to documents produced in that

case would remain in effect.

### E.    Other Lawsuits

In ¶5, plaintiff wishes to add the phrase "or any other action arising out of the work that

plaintiff Pritchard did for TrafficCast."  It is possible that other lawsuits will arise from the

contentious relationship between plaintiff and defendants herein.  The documents designated as

confidential in this lawsuit could be highly relevant and critical to such another lawsuit.  Plaintiff

and his counsel are will agree to abide by any confidentiality agreement that this Court orders, in both cases. However, plaintiff should not be prohibited from using documents from this case, in another case, by defendants' draft Protective Order. Plaintiff is willing to enter into the same confidentiality agreement in any other such case, or merely to include the proposed additional language in ¶5, so that this confidentiality agreement would apply to any other such case.

This is not an illusory concern. To give an example, the Michienzie Affidavit filed with plaintiff's Report to this Court concerning the status of settlement, describes certain conversations between defense counsel and plaintiff's counsel concerning a job-related Employment Declaration for plaintiff Pritchard. In his new federal job, Pritchard is required to fill out this Employment Declaration, which (inter alia) includes descriptions of previous jobs/work. Therefore, Pritchard is required to describe his employment at TrafficCast, and TrafficCast is required to verify such employment. As described in the Michienzie Affidavit [at Docket No. 40], defense counsel implied that TrafficCast's description of Pritchard's work with TrafficCast could be less favorable if plaintiff was unwilling to settle this case. This raises the possibility of a related defamation action against the same, or some of the same, defendants. Obviously some of the documents produced in this case would be relevant and important to that other case. Plaintiff should not have to give up the right to use such documents in another related case. However, as stated, plaintiff and his counsel are perfectly willing to have the confidentiality agreement from this case apply in any other such case.

**F.     Sanctions and/or Penalties for Violation of the Confidentiality Agreement**

The sanctions that defendants proposed in their draft Protective Order were "$2,500 per day for each day (or a portion thereof) that a breach exists." If such sanctions apply to each page or each document for each day, it is easy to see that hundreds of thousands of dollars could

quickly be involved, even if disclosure of purportedly confidential information was inadvertent or if the propriety of such disclosure was disputed between the parties. Plaintiff is not willing to agree to such draconian sanctions.

Nor are such draconian sanctions necessary. Plaintiff proposes that this Court order a confidentiality agreement that can be enforced by reasonable sanctions from the Court if breached, and depending on the nature of the damage from the breach or the amount of damage from the breach (and such damage need not be monetary). It is common for a court to award sanctions for failure to comply with a discovery order, for example, under Rule 37(b). *See, e.g.,* Gos v. Brownstein, 403 Mass. 252, 256, 526 N.E.2d 1267 (1988); *see also* Vogue, 41 F.R.D. at 349 (order protecting confidential trade secrets is within court's discretion).

## IV.    Conclusion

For the foregoing reasons, plaintiff and his counsel are willing to enter into a confidentiality agreement (or Protective Order) such as the draft attached hereto at Exhibit B. But plaintiff is not willing to agree to defendants' requested draconian sanctions, nor is plaintiff willing to agree to limit use of confidential documents to *this* lawsuit (as long as such documents are subject to the confidentiality agreement in another lawsuit), nor is plaintiff willing to destroy confidential documents immediately at the end of this litigation (again with the understanding that any documents retained will remain subject to the confidentiality provision). Plaintiff and his counsel respectfully ask this Court to approve the Protective Order at Exhibit B hereto, which is a reasonable confidentiality agreement that amply protects defendants' trade secrets and

proprietary information in this case.

PLAINTIFF, ROBERT D. PRITCHARD,
By His Attorneys,

MICHIENZIE & SAWIN, LLC

Dated: 1/8/07                    By: _John Barker_____
                                       Paul Michienzie – BBO NO: 548701
                                       John C. Barker – BBO NO: 637406
                                       745 Boylston Street, 5th Floor
                                       Boston, MA 02116-2636
                                       Tel: 617-227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for plaintiff hereby certify that on this 8th day of January 2007,

the following counsel of record were electronically served with the foregoing Partial Opposition

to Defendants' Motion for Protective Order, and the supporting Affidavit of John Barker:

Brian A. Gillis, Esq.
Law Offices
45 School Street
Boston, MA 02108

Kevin J. Palmersheim, S.C.
Haley Palmersheim, S.C.
1424 N. High Point Road, Suite 202
P.O. Box 628005
Middletown, WI   53562-8005

_John Barker_____
John C. Barker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

_____
                                                    )
ROBERT D. PRITCHARD,              )
                    Plaintiff,              )
                                                    )
v.                                                 )
                                                    )
TRAFFICCAST, INC.; BIN            )
RAN; AND CONNIE JING LI,      )
                    Defendants.            )
_____)

### AFFIDAVIT OF JOHN C. BARKER

I, John C. Barker, hereby declare under oath as follows:

1.      I am a partner at the Law Firm of Michienzie & Sawin LLC, 745 Boylston Street,

Boston, MA 02116-2636.  My firm represents plaintiff Robert Pritchard ("Pritchard" or

"plaintiff") in the above-captioned case.

2.      I have personal knowledge of the facts set forth herein and have called to testify,

could competently testify thereto.

3.      Attached hereto at Exhibit A is a true and accurate copy of the redlined version of

defendants' proposed Protective Order (or Confidentiality Agreement) that I sent back to defense

counsel Brian Gillis.  This version shows the defendants' originally proposed agreement, and

also shows our suggested revisions thereto.

4.      Attached hereto at Exhibit B is a true and accurate copy of the same protective

order (or confidentiality agreement) at Exhibit A, but with the redlined changes accepted.

{00101276.DOC}

1

Exhihit B is the confidentiality agreement that plaintiff proposes in this case and that plaintiff is respectfully requesting that this Court order herein.

Signed under the pains and penalties of perjury this  8th  day of January 2007.

John C. Barker

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

ROBERT D. PRITCHARD,        )
     Plaintiff        )
             )
v.        )
             )
TRAFFICCAST, INC., BIN RAN,        )
and CONNIE JING LI,        )
     Defendants.        )

## PROTECTIVE ORDER

     Upon agreement of the parties, and review by the Court, it is hereby ORDERED as follows:

     1.    This Order provides for the confidential treatment of certain information or material produced during discovery in this action.  This information or material shall be referred to as "Confidential Material" and shall include all information or documents which are in good faith designated as "Confidential Material" by the "Designating Party."  A Designating Party is any party to this action or who identifies as Confidential Material information or documents provided by others for use in this action.  Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable good faith belief that the designated material is entitled to confidential treatment under Mass. R. Civ. P. 26(c).

     2.    This Order shall apply to: (a) documents produced in response to requests for the production of documents, and all information derived therefrom and all copies, excerpts or summaries thereof (unless such summaries constitute attorney-work product); ; (b) responses to requests for admission; (c) responses to interrogatories including documents used in preparing such responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests.

     3.    The Designating Party shall mark the first page of any Confidential Material, according to the procedures set forth below, with the following "Confidentiality Legend":

     "CONFIDENTIAL": Subject to Protective Order in Pritchard v. TrafficCast, Inc.,

et al.,   United States District Court District of Massachusetts
Civil Action No. 05-11135-MLW

————(a)    With regard to the production of documents, the Confidentiality Legend shall be placed on the face of the document and on each internal page designated as being or containing Confidential Material.  The internal pages may be so designated by only the legend: "Confidential."  Documents that are merely made available for inspection in response to a request for production need not be marked with the Confidentiality Legend.  However, a Designating Party shall mark with the Confidentiality Legend those documents that are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection.  Existing Bates numbers (if any) shall be retained on any such documents.

(b)    With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designations as Confidential Material shall be made by means of a statement at the conclusion of such affidavits, statements or responses specifying the responses or parts thereof deemed by the Designating Party to be confidential. The Confidentially Legend shall be placed on each page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating party to be confidential.

(c)    With regard to depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 30 days following receipt of the transcript of such deposition by counsel for the Designating Party with which the deponent is associated or employed or by counsel for the Designating Party whose Confidential Material was the subject of the deposition.  If such designation is made, the original and each copy of the transcript shall be labeled with the Confidentiality Legend on the front page and on each page of the transcript that has been designated as containing Confidential Material.  In addition, all deposition exhibits designated to be or containing Confidential Material shall be so marked.  If all or parts of a videotaped deposition are designated as confidential, the videocassette or other videotape container shall be labeled with the Confidentiality Legend.  If a party designates portions of a deposition transcript as containing Confidential Material after transcripts have been distributed to the parties, the Designating Party shall distribute to the parties copies of the cover page and all designated pages both bearing the Confidentiality Legend.  Upon receipt of these papers, the parties shall substitute them for the corresponding, non-marked pages and return to the Designating Party or destroy these pages.  All deposition transcripts shall be treated as Confidential Material for the first thirty days after such transcripts are received by any party.

4.    In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material

may be designated as confidential by the producer as follows:

(a)    Within fifteen (15) days of the date of discovery of the inadvertent production of such material, the producer must give written notice to all parties that the producer claims that the material is confidential, in whole or in part, and supply all parties to whom that material has previously been produced with new copies of the material labeled with the Confidentiality Legend in accordance with paragraph 3 of this order.

(b)    Upon receipt of such notice and labeled copies of the materials, all parties who had received a copy of such material without the confidentiality Legend shall promptly destroy all unlabeled copies thereof.

(c)    Upon receipt of the notice described in subparagraph (a) and of the new copies labeled with the Confidentiality Legend, all parties shall thereafter treat the Designated Material as subject to this Order.

(d)    No party shall be held in breach of this order if, before the confidential nature of the material is claimed, such material or information has been disclosed to any person(s).

5.    Confidential Material shall be used solely in connection with this action or any other action arising out of the work that plaintiff Pritchard did for TrafficCast. The Confidential Material can also be used in any action consolidated with this action.

6.    Except upon the prior written consent of the Designating Party or upon order of the Court, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential.  Confidential Material shall not be disclosed to any person other than:

(a)    Counsel to the parties having responsibility for this action or the settlement thereof, and their associates.

(b)    The parties' officers, directors, employees and agents;

(c)    Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

(d)    Deponents and witnesses, both during examination of such persons and in connections with preparation for testifying, and court reporters, in accordance with paragraph 3(c) and other procedures as may be agreed upon among the parties;

(e)    Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;

(f̶e̶)     The Court and its personnel in accordance with Paragraph 8.

Those persons identified in subparagraph 6(a) through 6(e̶d̶) shall, prior to obtaining access to Confidential Material, (i) be advised of the existence of this Order and be instructed that he or she is bound by its terms, and (ii) be shown a copy of this Order and agree ~~in writing~~, or be ordered by the Court, to be bound by its terms. ~~Nothing in this Confidentiality Agreement shall be construed as requiring disclosure of the identity of non-testifying experts or of other professionals not involved in the lawsuit (such as insurers or accountants). Each such person shall provide his or her written agreement to the Designating Party prior to having any access to Confidential Material.~~

7.     If any party disputes the designation by any other party of any document or information as Confidential Material, the parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to confidential treatment. If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, counsel for either of the parties may file an appropriate motion with the Court seeking a Court order determining whether or on what terms the document or information is entitled to confidential treatment. The burden of establishing that the designated document or information is entitled to confidentiality under Mass.R.Civ.P. 26(c) shall, at all times, remain with the Designating Party.

8.     If confidential materials or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labelled "Confidential -- Subject to Court Order" and shall be filed in a sealed envelope and kept under seal and not disclosed to any person other than those listed in ¶6 unless ordered by this Court.

9.     Nothing in the Order shall prevent any party from using or disclosing its own documents or information, or for using or disclosing any information it has also received from any source other than the Designating Party.

10.     Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

11.     A party's designation of materials as confidential, or its failure to object to another party's designation of materials as confidential, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

12.     This Order shall survive the termination of this action and shall continue in full force and effect thereafter. ~~Upon the termination of this action and the expiration of any and all appeals therefrom, all parties shall return to counsel for the Designating Party all Confidential Material received from the Designating Party, including all copies, prints, summaries and other~~

~~reproductions of such information, in the possession of the parties, their counsel, or retained~~ ~~experts or consultants. All attorney work product summaries or other work product materials~~ ~~containing information derived from the Confidential Material need not be returned to counsel~~ ~~for the Designating Party, but may alternatively be destroyed with certification of such~~ ~~destruction being supplied by counsel for the party which previously received the Confidential~~ ~~Material.~~ Any failure to comply with the provisions of this paragraph shall be deemed a breach of this Order~~, and the breaching party, person or entity shall be held in contempt. Because of~~ ~~the nature of the confidential information protected by this Order and the difficulties of~~ ~~ascertaining the damage as a result of a breach of this Order, the party responsible for the breach~~ ~~shall be required to pay to the Designating Party an amount of liquidated damages to be~~ ~~determined by the Court, but not to exceed a total of $2,500, for any such breach.~~ the sum of $2,500 per day for each day (or portion thereof) that a breach exists. In the event of a breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the breach. ~~The Designating Party shall bear the burden of proof of any alleged breach~~ ~~necessary to obtain liquidated damages in any amount.~~

13.     This Order may be modified or amended by agreements of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

14.     This Order shall not in any way be construed so as to limit the rights or obligations of the parties under any other Order of this Court or any law, statute, or regulation, nor act as a shield for any person or entity to refuse to disclose any information that it is by law obligated to disclose.

15.     This Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Material at trial.

_____
Wolf, C.J.

Dated:_____

Consented to and agreed to by the parties:

Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

By his attorneys,

_____
Paul Michienzie, Esq., BBO#548701

_____

John C. Barker, Esq.,  BBO# 637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116


Defendants, TrafficCast, Inc., Bin Ran., and
Connie Jing Li,

By their attorney,


_____
Brian A. Gillis, Esq., BB0# 547767
Old City Hall
Forty-Five School Street
Boston, Massachusetts 02108

00096676.DOC
00096672.DOC

{00096676.DOC}{00096676.DOC}6

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

ROBERT D. PRITCHARD,              )
    Plaintiff                 )
                              )
v.                                )
                              )
TRAFFICCAST, INC., BIN RAN,   )
and CONNIE JING LI,               )
    Defendants.                )

## PROTECTIVE ORDER; CONFIDENTIALITY AGREEMENT

       Upon agreement of the parties, and review by the Court, it is hereby ORDERED as follows:

       1.    This Order provides for the confidential treatment of certain information or material produced during discovery in this action. This information or material shall be referred to as "Confidential Material" and shall include all information or documents which are in good faith designated as "Confidential Material" by the "Designating Party." A Designating Party is any party to this action or who identifies as Confidential Material information or documents provided by others for use in this action. Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable good faith belief that the designated material is entitled to confidential treatment under Mass. R. Civ. P. 26(c).

       2.    This Order shall apply to: (a) documents produced in response to requests for the production of documents, and all information derived therefrom and all copies, excerpts or summaries thereof; (b) responses to requests for admission; (c) responses to interrogatories including documents used in preparing such responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests.

       3.    The Designating Party shall mark the first page of any Confidential Material, according to the procedures set forth below, with the following "Confidentiality Legend":

       "CONFIDENTIAL": Subject to Protective Order in Pritchard v. TrafficCast, Inc.,
       et al.,   United States District Court District of Massachusetts
       Civil Action No. 05-11135-MLW(a) With regard to the production of documents,

00096807.DOC

1

the Confidentiality Legend shall be placed on the face of the document and on each internal page designated as being or containing Confidential Material.  The internal pages may be so designated by only the legend: "Confidential."  Documents that are merely made available for inspection in response to a request for production need not be marked with the Confidentiality Legend.  However, a Designating Party shall mark with the Confidentiality Legend those documents that are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection.  Existing Bates numbers (if any) shall be retained on any such documents.

(b)    With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designations as Confidential Material shall be made by means of a statement at the conclusion of such affidavits, statements or responses specifying the responses or parts thereof deemed by the Designating Party to be confidential. The Confidentially Legend shall be placed on each page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating party to be confidential.

(c)    With regard to depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 30 days following receipt of the transcript of such deposition by counsel for the Designating Party with which the deponent is associated or employed or by counsel for the Designating Party whose Confidential Material was the subject of the deposition.  If such designation is made, the original and each copy of the transcript shall be labeled with the Confidentiality Legend on the front page and on each page of the transcript that has been designated as containing Confidential Material.  In addition, all deposition exhibits designated to be or containing Confidential Material shall be so marked.  If all or parts of a videotaped deposition are designated as confidential, the videocassette or other videotape container shall be labeled with the Confidentiality Legend.  If a party designates portions of a deposition transcript as containing Confidential Material after transcripts have been distributed to the parties, the Designating Party shall distribute to the parties copies of the cover page and all designated pages both bearing the Confidentiality Legend.  Upon receipt of these papers, the parties shall substitute them for the corresponding, non-marked pages and return to the Designating Party or destroy these pages.  All deposition transcripts shall be treated as Confidential Material for the first thirty days after such transcripts are received by any party.

4.    In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material may be designated as confidential by the producer as follows:

(a)    Within fifteen (15) days of the date of discovery of the inadvertent production of such material, the producer must give written notice to all parties that the producer claims that the material is confidential, in whole or in part, and supply all parties to whom that material has previously been produced with new copies of the material labeled with the Confidentiality Legend in accordance with paragraph 3 of this order.

(b)      Upon receipt of such notice and labeled copies of the materials, all parties who had received a copy of such material without the confidentiality Legend shall promptly destroy all unlabeled copies thereof.

(c)      Upon receipt of the notice described in subparagraph (a) and of the new copies labeled with the Confidentiality Legend, all parties shall thereafter treat the Designated Material as subject to this Order.

(d)      No party shall be held in breach of this order if, before the confidential nature of the material is claimed, such material or information has been disclosed to any person(s).

5.      Confidential Material shall be used solely in connection with this action or any other action arising out of the work that plaintiff Pritchard did for TrafficCast.  The Confidential Material can also be used in any action consolidated with this action.

6.      Except upon the prior written consent of the Designating Party or upon order of the Court, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential.  Confidential Material shall not be disclosed to any person other than:

(a)      Counsel to the parties having responsibility for this action or the settlement thereof, and their associates.

(b)      The parties' officers, directors, employees and agents;

(c)      Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

(d)      Deponents and witnesses, both during examination of such persons and in connections with preparation for testifying, and court reporters, in accordance with paragraph 3(c) and other procedures as may be agreed upon among the parties;

(e)      Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;

(f)      The Court and its personnel in accordance with Paragraph 8.

Those persons identified in subparagraph 6(a) through 6(e) shall, prior to obtaining access to Confidential Material, (i) be advised of the existence of this Order and be instructed that he or she is bound by its terms, and (ii) be shown a copy of this Order and agree, or be ordered by the Court, to be bound by its terms.  Nothing in this Confidentiality Agreement shall be construed as requiring disclosure of the identity of non-testifying experts or of other professionals not involved in the lawsuit (such as insurers or accountants).

7.      If any party disputes the designation by any other party of any document or

information as Confidential Material, the parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to confidential treatment. If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, counsel for either of the parties may file an appropriate motion with the Court seeking a Court order determining whether or on what terms the document or information is entitled to confidential treatment. The burden of establishing that the designated document or information is entitled to confidentiality under Mass.R.Civ.P. 26(c) shall, at all times, remain with the Designating Party.

8.     If confidential materials or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labelled "Confidential -- Subject to Court Order" and shall be filed in a sealed envelope and kept under seal and not disclosed to any person other than those listed in ¶6 unless ordered by this Court.

9.     Nothing in the Order shall prevent any party from using or disclosing its own documents or information, or for using or disclosing any information it has also received from any source other than the Designating Party.

10.    Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

11.    A party's designation of materials as confidential, or its failure to object to another party's designation of materials as confidential, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

12.    This Order shall survive the termination of this action and shall continue in full force and effect thereafter. Any failure to comply with the provisions of this paragraph shall be deemed a breach of this Order. In the event of a breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the breach. The Designating Party shall bear the burden of proof of any alleged breach.

13.    This Order may be modified or amended by agreements of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

14.    This Order shall not in any way be construed so as to limit the rights or obligations of the parties under any other Order of this Court or any law, statute, or regulation, nor act as a shield for any person or entity to refuse to disclose any information that it is by law obligated to disclose.

15.    This Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Material at trial.

_____

Wolf, C.J.

Dated:_____

Consented to and agreed to by the parties:

Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

By his attorneys,


_____

Paul Michienzie, Esq., BBO#548701
John C. Barker, Esq.,  BBO# 637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116



Defendants, TrafficCast, Inc., Bin Ran., and
Connie Jing Li,

By their attorney,


_____

Brian A. Gillis, Esq., BB0# 547767
Old City Hall
Forty-Five School Street
Boston, Massachusetts 02108