**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

---

**ROBERT D. PRITCHARD,**

        Plaintiff,

vs.

                                          Case No.      05CV11135MLW

**TRAFFICCAST, INC., BIN RAN,**
and **CONNIE JING LI,**

        Defendants.

---

## DEFENDANTS' REPORT TO COURT REGARDING SETTLEMENT

---

The defendants, TrafficCast, Inc., Bin Ran and Jing (Connie) Li, pursuant to this Court's Scheduling Order, dated September 14, 2006, hereby report to this Court as required regarding the meeting that was required to take place by January 12, 2007 to explore the possibility of settlement.

    1.    <u>Current Status</u>.  The plaintiff and his counsel have refused to meet with the defendants' counsel to explore the possibility of settlement by January 12, 2007 as required.  The defendants' counsel repeatedly attempted to set up a meeting with the plaintiff and his counsel on or before January 12, 2007 to conduct the plaintiff's deposition, with a plan to explore the possibility of settlement with the plaintiff and his counsel at that time.  After ignoring the many requests of defendants' counsel, the plaintiff's counsel offered dates just after the New Year holiday when the defendants' counsel could not be available.  Subsequently, when the defendants' counsel duly served a notice of deposition for the plaintiff in accordance with the Court's rules for January 12,

2007, the last date allowed under the Court's Scheduling Order, the plaintiff's counsel claimed that one of the plaintiff's 2 attorneys was unavailable, so they refused to meet that day and never appeared as required. As a result, the plaintiff has not met with the defendants as required, though the defendant has offered several available dates upon which to meet.

    2.    <u>The Plaintiff's Settlement Report</u>. In his recently filed report, the plaintiff suggests to the Court that the parties were not required to meet prior to January 12, 2007, as explicitly provided in this Court's Scheduling Order, and that the meeting between the parties regarding settlement on June 28, 2006, ***prior to the Court's scheduling conference with the parties and the issuance of its Scheduling Order on September 14, 2006***, either eliminated the need for the meeting or satisfied the requirement for the meeting under the Court's Scheduling Order. Like the plaintiff's approach to discovery since the Court's scheduling conference, the plaintiff's position simply is contrary to the letter and the spirit of the Court's Order. At the scheduling conference, counsel for the parties specifically informed the Court of the prior settlement meeting back in June of 2006, and this Court stated that the parties would be required to meet once again to make a further effort. The Court indicated that the required disclosures under Rule 26 could facilitate the parties' evaluation of the case and could lead to a resolution. As a result, the plaintiff's unjustified refusal to meet as required is but one more instance of the plaintiff's disregard for the rules and orders of this Court.

    3.    <u>The History of Settlement Efforts</u>. In his report, the plaintiff grossly misstates the history of settlement efforts in this action. On September 23, **2005**, before the defendants even filed a responsive pleading, the defendants' local counsel contacted

plaintiff's counsel, Attorney Paul Michienzie, to discuss the possibility of settling the matter between the parties.  At that time, plaintiff's counsel would not make any settlement proposal but instead merely referred counsel to the defendants' Wisconsin counsel, who had previously attempted to resolve this matter.  On September 28, 2005, local counsel for the defendants again contacted Attorney Michienzie to discuss further the possibility of settling this matter, but still received no proposal.

On May 22, 2006, when this action had been dormant for some time, the defendants' local counsel again contacted the plaintiff's counsel in yet a further effort to discuss the possibility of settling this matter.  Attorney Michienzie returned the call the following day.  At that time counsel for the defendants' again requested a settlement demand from the plaintiff, proposed that the parties participate in a mediation, and provided the names of mediators who have handled similar business litigation matters.  Attorney Michienzie stated that he would review the proposal with his client and then contact the defendants' counsel.  However, he did not.

On June 7, 2006, when the plaintiff's counsel did not respond as promised or take calls from the defendants' counsel, the defendants' counsel spoke to his associate, Attorney John Barker, who also had also appeared in this action on behalf of the plaintiff, regarding the defendants' request for a settlement demand and proposal for a mediation.  Attorney Barker promised to review the matter with Attorney Michienzie and respond.  On June 12, 2006, when neither of the plaintiff's 2 lawyers still had responded as promised, the defendants' counsel again telephoned both of the plaintiff's lawyers but reached neither.  On June 14, 2006, the plaintiff's counsel finally responded by letter, stating that the plaintiff was willing to participate in a mediation, but still not providing

3

any settlement demand as requested. After making arrangements for a mediation before Attorney Stephen Young of Holland & Knight in Boston, and speaking with Attorney Barker to request again a settlement demand from the plaintiff in advance of the mediation, a mediation was scheduled for June 28, 2006 in Boston.

On June 28, 2006, the parties attended a mediation at Holland & Knight in Boston. The plaintiff traveled from his home in Foxboro, Massachusetts. The defendants, Bin Ran and Connie Li, traveled from their homes in Madison, Wisconsin. The mediation had originally been scheduled to begin at 10:00 a.m. and last ½ day. Mr. Ran and Ms. Li traveled to Boston the afternoon before and scheduled a return flight for 6:00 p.m. on June 28, 2006 (the last flight out to return to Madison, Wisconsin and their 2 young children that day). Just prior to the date of the mediation, the plaintiff requested a change in the start time of the 3 hour mediation session, from 10:00 a.m. to 2:00 p.m. The defendants agreed to accommodate the plaintiff's request, but advised all that, as a result the defendants' travel schedule, they would have to leave the mediation for the airport no later than 5:00 p.m.

On June 28, 2006, the defendants and their counsel arrived early for the mediation. The plaintiff arrived 20 minutes late, with his wife and 2 lawyers. Prior to the mediation no settlement demand was ever presented, despite the repeated requests. The discussions that took place during the mediation session are subject to a confidentiality agreement, so the defendants cannot disclose what took place. However, the case was not settled. Since that meeting, and despite the Court's subsequent Order, the defendants have never received any further settlement proposals from the plaintiff.

4. <u>Prospects for Settlement</u>. The defendants remain willing to participate in

4

good faith in any mediation effort, despite the plaintiff's intransigence and lack of cooperation, and submit that a mediation before a Magistrate Judge of the Court might be beneficial to the process. However, due to the defendants' limited resources, the defendants submit that any such mediation should be conducted at the earliest possible time so that their resources might be directed toward a resolution of this matter instead of the substantial costs of defending and prosecuting the parties' claims.

                Respectfully submitted,

                By the Defendants,

                _____s/ Brian A. Gillis, Esq._____
                Brian A. Gillis, Esq.  BBO# 547767
                Forty-Five School Street
                Boston, Massachusetts  02108
                (617) 720-4443

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic mail delivery on January 12, 2007.

                _____s/ Brian A. Gillis, Esq._____
                Brian A. Gillis, Esq.