# Brian A. Gillis, Esq.
**Forty-Five School Street**
**Boston, Massachusetts 02108**
Telephone (617) 720-4443
Fax (617) 720-1226
email: bgillis@socialaw.com

March 13, 2007

<u>By Electronic Mail</u>
The Honorable Magistrate Judge Leo T. Sorokin
United States District Court
United States Courthouse
One Courthouse Way
Boston, Massachusetts 02110

      RE:    <u>Richard D. Pritchard v. TrafficCast, Inc., Bin Ran and Connie Jing Li</u>
                United States District Court Civil Action No. 05-11135-MLW

Dear Judge Sorokin:

      It is with great reluctance that I write this letter to inform you that additional disputes have arisen concerning the Protective Order that you ordered counsel to finalize and file with the Court by the close of business today. After receiving your Order on Thursday afternoon, I undertook to prepare and forward the finalized Protective Order to the plaintiff's attorneys to review and execute so that it could be filed with the Court by today in accordance with your Order. I incorporated all of the changes that you directed at the hearing, as well as deleted the proposed liquidated damages provision as directed by your subsequent order, and sent the finalized Protective Order to the plaintiff's attorneys by email on Friday, March 9, 2007.

      The plaintiff's attorney, however, did not respond to me until almost 7:00 p.m. last night. In their response, they requested additional changes to the finalized Protective Order. I then immediately incorporated all of their additional requested changes to the Protective Order, except those that directly contradicted your directions and the language you determined should be included. Shortly after 7:00 p.m. last night I then sent the finalized Protective Order to the plaintiff's attorneys and pointed out that I could not incorporate their other additional requested changes because they contravened the directions that you provided at the hearing last Thursday and the Order that you subsequently issued.

      The plaintiff's 2 attorneys now claim that they disagree with my "memory/assessment or assessment of the Court's decisions" and will seek your "intervention and further ruling on these items." Most important of all, the plaintiff's

By Electronic Mail
The Honorable Magistrate Judge Leo T. Sorokin
March 13, 2007
Page 2

attorneys are now insisting on including language in the Protective Order that would allow the plaintiff and his attorneys to disclose the defendant's extremely sensitive, confidential information to persons who are **not** non-testifying experts without requiring such persons to provide their signed acknowledgement of the Protective Order to the defendants, as required of every other person **except** non-testifying experts.  You dealt expressly with this issue at the hearing and directed that all but non-testifying experts must provide their acknowledgement to the defendants and that non-testifying experts must provide their acknowledgements to the Court under seal.  The language that you ordered included in the Protective Order was included as directed.  Despite your clear orders on this and other issues, the plaintiff's 2 attorneys now assert that their memory and/or assessment of your orders is different and refuse to confirm the finalized Protective Order as required.

      I made myself available all day today to speak to the plaintiff's 2 attorneys in an effort to resolve this matter without imposing further on the Court.  However, the plaintiff's attorneys have made it clear to me that they will not even discuss these issues and instead will seek some further hearing or order.  I have attached to this letter the complete email series to and from the plaintiff's 2 attorneys concerning this matter in order to document each issue.

      Sincerely,

      /s/ Brian A. Gillis, Esq.

      Brian A. Gillis

cc:  Paul Michienzie, Esq./John C. Barker
     (By Electronic Mail)
Attachments:
1. Final—Protective Order2
2. Order of Magistrate Judge Sorokin, March 8, 2007
3. Emails to and from Plaintiff's Attorneys March 8, 2007
4. Email to Plaintiff's Attorneys March 8, 2007 with revised Final Protective Order

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW

ROBERT D. PRITCHARD,        )
    Plaintiff            )
                            )
v.                          )
                            )
TRAFFICCAST, INC., BIN RAN.,)
and CONNIE JING LI          )
    Defendants.          )

## PROTECTIVE ORDER

Upon agreement of the parties, and review by the Court, it is hereby ORDERED as follows:

1.    This Order provides for the confidential treatment of certain information or material produced during discovery in this action. This information or material shall be referred to as "Confidential Material" and shall include all information or documents which are in good faith designated as "Confidential Material" by the "Designating Party." A Designating Party is any party to this action or who identifies as Confidential Material information or documents provided by others for use in this action. Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable good faith belief that the designated material is entitled to confidential treatment under Mass. R. Civ. P. 26(c).

2.    This Order shall apply to: (a) documents produced in response to requests for the production of documents, and all information derived therefrom and all copies, excerpts or summaries thereof; (b) responses to requests for admission; (c) responses to interrogatories including documents used in preparing such responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests.

3.    The Designating Party shall mark Confidential Material, according to the procedures set forth below, with the following "Confidentiality Legend":

> "CONFIDENTIAL": Subject to Protective Order in <u>Pritchard v. TrafficCast, Inc., et al.</u>,  United States District Court District of Massachusetts Civil Action No. 05-11135-MLW

(a) With regard to the production of documents, the Confidentiality Legend shall be placed on the face of the document and on each internal page designated as being or containing Confidential Material. The internal pages may be so designated by only the legend: "Confidential." Documents that are merely made available for inspection in response to a request for production need not be marked with the Confidentiality Legend. However, a Designating Party shall mark with the Confidentiality Legend those documents that are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection. Existing Bates Numbers (if any) shall be retained on such documents.

(b) With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designations as Confidential Material shall be made by means of a statement at the conclusion of such affidavits, statements or responses specifying the responses or parts thereof deemed by the Designating Party to be confidential. The Confidentially Legend shall be placed on each page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating party to be confidential.

(c) With regard to depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 30 days following receipt of the transcript of such deposition by counsel for the Designating Party with which the deponent is associated or employed or by counsel for the Designating Party whose Confidential Material was the subject of the deposition. If such designation is made, the original and each copy of the transcript shall be labeled with the Confidentiality Legend on the front page and on each page of the transcript that has been designated as containing Confidential Material. In addition, all deposition exhibits designated to be or containing Confidential Material shall be so marked. If all or parts of a videotaped deposition are designated as confidential, the videocassette or other videotape container shall be labeled with the Confidentiality Legend. If a party designates portions of a deposition transcript as containing Confidential Material after transcripts have been distributed to the parties, the Designating Party shall distribute to the parties copies of the cover page and all designated pages both bearing the Confidentiality Legend. Upon receipt of these papers, the parties shall substitute them for the corresponding, non-marked pages and return to the Designating Party or destroy these pages. All deposition transcripts shall be treated as Confidential Material for the first thirty days after such transcripts are received by any party.

4. In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material may be designated as confidential by the producer as follows:

(a) Within fifteen (15) days of the date of discovery of the inadvertent production of such material, the producer must give written notice to all parties that the producer claims that

the material is confidential, in whole or in part, and supply all parties to whom that material has previously been produced with new copies of the material labeled with the Confidentiality Legend in accordance with paragraph 3 of this order.

      (b)     Upon receipt of such notice and labeled copies of the materials, all parties who had received a copy of such material without the confidentiality Legend shall promptly destroy all unlabeled copies thereof.

      (c)     Upon receipt of the notice described in subparagraph (a) and of the new copies labeled with the Confidentiality Legend, all parties shall thereafter treat the Designated Material as subject to this Order.

      (d)     No party shall be held in breach of this order if, before the confidential nature of the material is claimed, such material or information has been disclosed to any person(s).

      5.     Confidential Material shall be used solely in connection with this action or any action involving only this plaintiff and these defendants, subject to the terms of this Order. The confidential Material can also be used in any action consolidated with this action, subject to the terms of this Order

      6.     Except upon the prior written consent of the Designating Party or upon order of the Court, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential. Confidential Material shall not be disclosed to any person other than:

      (a)     Counsel to the parties having responsibility for this action or the settlement thereof, and their associates.

      (b)     The parties' officers, directors, employees and agents;

      (c)     Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

      (d)     Deponents and witnesses, both during examination of such persons and in connections with preparation for testifying, and court reporters, in accordance with paragraph 3(c) and other procedures as may be agreed upon among the parties;

      (e)     Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;

      (f)     The Court and its personnel in accordance with Paragraph 8.

Those persons identified in subparagraph 6(a) through 6(e) shall, prior to obtaining access to Confidential Material, (i) be advised of the existence of this Order and be instructed

that he or she is bound by its terms, and (ii) be shown a copy of this Order and agree in writing, or be ordered by the Court, to be bound by its terms. Each such person shall provide his or her written agreement to the Designating Party prior to having any access to Confidential Material. If any such person is a non-testifying expert witness, the written agreement of such person may be filed with the Court under seal prior to his or her having any access to Confidential Material in lieu of being provided to the Designating Party.

   7. If any party disputes the designation by any other party of any document or information as Confidential Material, the parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to confidential treatment. If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, counsel for either of the parties may file an appropriate motion with the Court seeking a Court order determining whether or on what terms the document or information is entitled to confidential treatment. The burden of establishing that the designated document or information is entitled to confidentiality under Mass.R.Civ.P.26(c) shall, at all times, remain with the Designating Party.

   8. If confidential materials or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labelled "Confidential -- Subject to Court Order" and shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by this Court.

   9. Nothing in the Order shall prevent any party from using or disclosing its own documents or information, or for using or disclosing any information it has also received from any source other than the Designating Party.

   10. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

   11. A party's designation of materials as confidential, or its failure to object to another party's designation of materials as confidential, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

   12. This Order shall survive the termination of this action and shall continue in full force and effect thereafter. Within ninety (90) days of the termination of this action and the expiration of any and all appeals therefrom, all parties shall return to counsel for the Designating Party all Confidential Material received from the Designating Party, including all copies, prints, summaries and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. All attorney work product summaries or other work product materials containing information derived from the Confidential Material need not be returned to counsel for the Designating Party, but may alternatively be destroyed with certification of such destruction being supplied by counsel for the party which previously

received the Confidential Material.  Counsel for the Designating Party shall retain all such Confidential Material within Massachusetts for a period of three (3) years from the termination of this action.  Any failure to comply with the provisions of this paragraph shall be deemed a breach of this Order and the breaching party, person or entity shall be held in contempt.  Because of the nature of the confidential information protected by this Order and the difficulties of ascertaining the damage as a result of a breach of this Order, the party responsible for the breach shall be required to pay to the Designating Party an amount of liquidated damages to be determined by the Court per day for each day (or portion thereof) that a breach exists.  In the event of a breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the breach.  The Designating Party shall bear the burden of proof of any alleged breach.  The parties agree and believe that, in the event of a breach or alleged breach of this Order, an expedited hearing before the Court for the non-breaching party shall be appropriate on any such breach or alleged breach.

      13.    This Order may be modified or amended by agreements of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

      14.    This Order shall not in any way be construed so as to limit the rights or obligations of the parties under any other Order of this Court or any law, statute or regulation, nor act as a shield for any person or entity to refuse to disclose any information that it is by law obligated to disclose.

      15.    This Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Material at trial.

_____
Sorokin, M.J.

Dated:_____

Consented to and agreed to by the parties:

Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

By his attorneys,

_____
Paul Michienzie, Esq., BBO# 548701
John C. Barker, Esq.,  BBO# 637406
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor

Boston, Massachusetts 02116

Defendants, TrafficCast, Inc., Bin Ran., and
Connie Jing Li,

By their attorney,

_____
Brian A. Gillis, Esq., BB0# 547767
Old City Hall
Forty-Five School Street
Boston, Massachusetts 02108

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRITCHARD ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05cv11135-MLW |
| ) | |
| TRAFFICCAST ) | |
| ) | |
|     Defendant. ) | |

ORDER

After hearing held today, the Court makes the following Orders.

1. The Defendants' Motion for a Protective Order (Docket #37) is ALLOWED IN PART AND DENIED IN PART. Defense counsel shall file a revised version of the protective order encompassing the changes ordered by the Court at the hearing today no later than the close of business Tuesday March 13, 2007. The revised version shall not include the proposed liquidated damage provision.

2. Defendants shall make available for inspection and copying their Rule 26 disclosures within seven days of receiving a signed protective order from Plaintiffs' counsel.

3. The Plaintiff's Motion to Compel (Docket # 39) is DENIED WITHOUT PREJUDICE as moot in light of the resolution of the protective order dispute.

4. The parties shall conclude the two depositions defendant identified and the three depositions plaintiff identified by May 1, 2007 so that they are ready for mediation in May, 2007.

Date: March 8, 2007                          /s/ Leo T. Sorokin
                                             LEO T. SOROKIN
                                             UNITED STATES MAGISTRATE JUDGE

```
From: John Barker [jb@masatlaw.com]
Sent: Tuesday, March 13, 2007 2:14 PM
To: Brian A. Gillis, Esq.
Cc: Paul Michienzie
Subject: RE: Final Protective Order

Dear Mr. Gillis:    We do not agree with your memory/assessment or assessment of
the Court's decisions on certain language, in particular on items 3, 5, and 6 in
our email exchange.  We will seek the Court's intervention and further ruling on
these items if you insist on leaving them as they are in your draft Final
Protective Order.  Please advise.  John Barker




-------------------------------------------------------------------------------
From: Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
Sent: Monday, March 12, 2007 7:20 PM
To: John Barker
Subject: RE: Final Protective Order


Dear Mr. Barker:



First, you have waited until almost 7:00 P.M. on Monday night to request
additional changes to the Protective Order that I sent to you on Friday
afternoon last week.  Under the Judge's Order, the Protective Order must be
filed with the Court tomorrow.  I will make every effort possible to accommodate
you, but you have left little time to get this done as required by the Order.



As to your comments,



1.      I will add the requested language concerning bates stamped numbers.

2.      I will add the requested language concerning additional persons subject
to the Protective Order.

3.      I disagree that the judge directed the inclusion of the additional
language that you have requested.  In fact, he was very specific about the
language on this issue and I incorporated exactly what he said to incorporate.
Your additional language, which adds nothing to the Protective Order, actually
would create confusion with the specific language incorporated at the direction
of the Court and is, therefore, not only not necessary but contrary to what the
Court directed.

4.      The change that you raise concerning Paragraph 8 was never raised
before the Court last week and the judge did not address it at that time.
Accordingly, your request for additional changes to Paragraph 8 is rejected.

5.      You are absolutely wrong as to what the Court stated about the contempt
language.  In fact, Judge Sorokin himself stated that any violation of an Order
```

of the Court would be a contempt of Court. For you to claim otherwise is nothing short of disingenuous.

6. You are again incorrect as to what the judge said about the issue of liquidated damages. His written Order was clear that "the revised version shall not include the proposed liquidated damages provision." At the hearing, he stated just as clearly that he would issue that order of March 8, 2007 to inform the parties whether, after reviewing other similar protective orders he had entered, he would include the proposed liquidated damages provision which stated:

"Because of the nature of the confidential information protected by this Order and the difficulties of ascertaining the damage as a result of a breach of this Order, the party responsible for the breach shall be required to pay to the Designating Party the sum of $2,500 per day for each day (or portion thereof) that a breach exists."

His order directed the deletion of that proposed provision. In accordance with his Order, that provision was deleted. The language inserted in place of the deleted proposed liquidated damages provision is exactly what the judge directed—and which you actually proposed and agreed upon at the hearing—to be included in the revised protective order. Any second thoughts you may have had since the hearing do not allow you to act unilaterally after the Court has already ruled and directed the parties as to what the order will provide.

7. I will add Attorney Michienzie's name and BBO number to the signature block as you requested. I will forward the final version with the additional changes as noted above tonight so that you can return a signed copy to me by fax in the morning in order to allow the parties to comply with the judge's Order to file it with the Court tomorrow.

It is ridiculous that you propose to submit 2 alternate versions of what the Court directed the parties to submit. I do not intend to do that. Instead, I intend to comply with the judge's Order. If you should choose to do otherwise, then that is your decision to make at your own peril. I will not agree, however, with your request that directly contravenes the express ruling and directions of Judge Sorokin.

I remain willing to discuss this matter if you can do so in a professional manner. I will be available tomorrow morning for this purpose.

Sincerely,

Brian A. Gillis, Esq.

---

From: John Barker [mailto:jb@masatlaw.com]
Sent: Monday, March 12, 2007 6:43 PM
To: bgillis@socialaw.com
Cc: Paul Michienzie
Subject: FW: Final Protective Order


Dear Mr. Gillis:

      There are certain items in the current draft Protective Order that we believe do not reflect Judge Sorokin's decisions on the wording of this Confidentiality Agreement. Taking these in the order of occurrence (not in the order of importance), they are as follows:

      1.      In ¶3(a), we believe that the judge approved our addition of "Existing Bates Numbers (if any) shall be retained on any such documents" at the end of this subparagraph.

      2.      The addition of new category (6)(e) "Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;" and the corresponding change from (e) to (f) of the next subparagraph.

      3.      In the last (unnumbered) paragraph of ¶6, change "6(d)" to "6(e)" and add the sentence "Nothing in this Confidentiality Agreement shall be construed as requiring disclosure of the identity of non-testifying experts or of other professionals not involved in the lawsuit (such as insurers or accountants)."

      4.      In ¶8, I would change in the last line, "not disclosed to any person" to "not disclosed to any other person other than those listed in ¶6". I am not sure if the court ruled on this proposed change, but I believe it is the logical sense of this paragraph.

      5.      In ¶12, the court expressly stated that the "shall be held in contempt" requirement was to be deleted from this paragraph.

      6.      The court also expressly ruled that the paragraph will not include the reference to "liquidated damages" that you have included in ¶12.

      7.      Please also add Paul Michienzie's name in the signature block for plaintiff's counsel (his BBO No. is 548701).

      Please let us know if you agree to the above-changes to your draft final Confidentiality Agreement. If you do not, I suggest that the best way for us to proceed would be to contact Judge Sorokin's clerk and submit our proposed versions informally by letter (rather than by motion), in order to expedite this process.

Thank you, John Barker and Paul Michienzie.

--------------------------------------------------------------------------

From: Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
Sent: Friday, March 09, 2007 2:35 PM
To: John Barker
Subject: Final Protective Order

Dear Counsel:


In accordance with judge Sorokin's orders at the hearing yesterday, and his subsequent order following the hearing, I have attached to this email the final version of the Protective Order with the changes he directed to be included therein.


Please review this document to satisfy yourself that all such changes have been incorporated as directed by the Court.


Once you have completed your review, please print, sign and date an original copy, fax that signed copy to me today, and mail the original signed copy to me. Upon receipt of your faxed signed copy, I will add electronic signatures to the document and file it with the Court as required.


If you have any questions, please contact me at any time.


Sincerely,


Brian A. Gillis, Esq.

Depo dates in Pritchard caseFrom: Brian A. Gillis, Esq. [bgillis@socialaw.com]
Sent: Monday, March 12, 2007 7:40 PM
To: 'John Barker'
Subject: RE: Depo dates in Pritchard case

Attachments: Final--Protective Order2.pdf

Dear Mr. Barker:


As I stated to you in my earlier email, I am delivering to you the Final
Protective Order for submission to the Court with the additional changes that
you requested.  As I also stated to you in that email, I remain willing to
discuss any other issues with you if you can do so in a professional manner and
will be available tomorrow morning for this purpose.


I am not available on April 11 or 12 to conduct the plaintiff's deposition and I
cannot be available to travel to Wisconsin for depositions that you wish to
conduct on April 18, 19, 20.  I am planning on conducting the plaintiff's
deposition on Thursday, March 22, 2007.  Please provide me with other dates for
your depositions in Wisconsin to that I can determine whether the witnesses you
are seeking are available.


Sincerely,


Brian A. Gillis, Esq.




-------------------------------------------------------------------------

From: John Barker [mailto:jb@masatlaw.com]
Sent: Monday, March 12, 2007 6:50 PM
To: bgillis@socialaw.com
Cc: Paul Michienzie
Subject: Depo dates in Pritchard case


Dear Mr. Gillis:  We are available for the Pritchard depo on April 11 and 12 in
Boston.  We suggest that the Wisconsin depos (Ran, Li, and Chen) go forward in
Madison on April 18-20.  Please let us know if these dates are good.  Thank you,
John Barker

John C. Barker

```
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116
Phone:    617-227-5660
Fax:      617-227-5882
E-mail:   jb@masatlaw.com
```

The information contained in this e-mail message is intended for the use of the individual or entity named above only, and may be protected from disclosure under applicable state and/or federal law.  If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone at 617-227-5660, and delete the original message.