UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

ROBERT D. PRITCHARD,         )
    Plaintiff                            )
                                               )
v.                                             )
                                               )
TRAFFICCAST, INC., BIN RAN,  )
and CONNIE JING LI,              )
    Defendants.                       )

**EMERGENCY MOTION FOR COURT'S RULING ON CERTAIN
LANGUAGE CONTAINED IN PROTECTIVE ORDER**

Now comes plaintiff Robert D. Pritchard ("plaintiff" or "Pritchard"), through his counsel of record, and hereby seeks specific rulings from Magistrate Judge Leo Sorokin concerning certain language in the Confidentiality Agreement or "Protective Order" in the above-captioned case. Counsel for the parties are unable to agree on how the Court ordered these particular items to be worded, during the hearing last week on 3/8/07. The record of counsel's email exchanges and conferring is attached to the accompanying Barker Affidavit and Certification.

The three items of wording on which counsel disagree are as follows:

First, the undersigned plaintiff's counsel wishes to include the following sentence in the un-lettered paragraph at the end of ¶6: "Nothing in this Confidentiality Agreement shall be construed as requiring disclosure of the identity of non-testifying experts or of other professionals not involved in the lawsuit (such as insurers or accountants)." This was one of the redlined changes proposed originally by plaintiff's counsel, and plaintiff's counsel believes that the Court asked that this sentence be left in the final Protective Order. Defense counsel disagrees

(as set forth in the attached emails), and believes that the Court did not order that this sentence be included.

Second, plaintiff's counsel wishes to delete from ¶12 the phrase "and the breaching party, person or entity shall be held in contempt." Plaintiff's counsel believes that Judge Sorokin did not wish to include a contempt requirement, believing that contempt should be determined only after a hearing on the matter, after a motion by the non-breaching party for contempt or other relief. Defense counsel (see attached emails) disagrees and believes that the contempt provision was ordered to be included.

Third and finally, plaintiff's counsel does not believe that the final Protective Order should include the reference to "liquidated damages" that defense counsel has included in ¶12. Defense counsel disagrees (see attached emails) and believes that the Court's written Order directs the inclusion of the "liquidated damages" language in ¶12. Defense counsel's latest draft Protective Order states that "the party responsible for the breach shall be required to pay to the Designating Party an amount of liquidated damages to be determined by the Court per day for each day (or portion thereof) that a breach exists." Plaintiff's counsel believes that Judge Sorokin intended to omit this phrase concerning liquidated damages. More generally, as to either contempt or liquidated damages, plaintiff's counsel believes that the Court left these to be determined by the Court, upon appropriate motion brought by the non-breaching party. This would permit a greater range of possible remedies that could be tailored to the gravity and extent of the breach.

Plaintiff's counsel has made this motion on an emergency basis, in order to obtain an expedited ruling from Judge Sorokin. If the Court wishes to entertain further oral argument from counsel, the undersigned plaintiff's counsel is available this week except for Wednesday

afternoon, and is also available by phone. The undersigned plaintiff's counsel wishes to resolve these differences as quickly and as easily as possible and respectfully expresses regret for the additional involvement of the Court in this contentious matter.

                    Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

                    By his attorneys,

                    */s/ John Barker*
                    Paul Michienzie, Esq., BBO#548701
                    John C. Barker, Esq., BBO# 637406
                    Michienzie & Sawin LLC
                    745 Boylston Street, 5th Floor
                    Boston, Massachusetts 02116

**CERTIFICATE OF SERVICE**

      I, John C. Barker, attorney for plaintiff hereby certify that on this 13 day of March 2007, the following counsel of record were electronically served with the foregoing Emergency Motion and the accompanying, supporting Affidavit of John Barker, with exhibit.

Brian A. Gillis, Esq.
Law Offices
45 School Street
Boston, MA 02108

Kevin J. Palmersheim, S.C.
Haley Palmersheim, S.C.
1424 N. High Point Road, Suite 202
P.O. Box 628005
Middletown, WI 53562-8005

                    */s/ John Barker*
                    John C. Barker

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW
Consolidated with 05CV-12288-MLW

ROBERT D. PRITCHARD,           )
    Plaintiff                  )
                                )
v.                              )
                                )
TRAFFICCAST, INC., BIN RAN,    )
and CONNIE JING LI,             )
    Defendants.                )

### AFFIDAVIT AND CERTIFICATION OF JOHN BARKER

I, John Barker, hereby declare under oath as follows:

1. I am currently a partner of the law firm of Michienzie & Sawin LLC, 745 Boylston Street, Boston, MA 02116. My firm represents plaintiff Robert Pritchard ("Pritchard" or "plaintiff") in this case.

2. I have personal knowledge of the facts set forth herein, and if called to testify, could competently testify thereto.

3. Attached hereto at Exhibit 1 is a true and accurate copy of several emails between counsel in this case, on 3/12 and 3/13/07, concerning wording of the final Confidentiality Agreement or Protective Order in this case.

4. I have complied with Local Rule 7.1(A)(2) in conferring (via email) with defense counsel before bringing plaintiff's Emergency Motion for Court's Ruling on Certain Language Contained in Protective Order.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13 DAY OF MARCH 2007.

_____
John C. Barker



Ex. 1

## John Barker

**From:** John Barker
**Sent:** Tuesday, March 13, 2007 2:14 PM
**To:** 'Brian A. Gillis, Esq.'
**Cc:** Paul Michienzie
**Subject:** RE: Final Protective Order

Dear Mr. Gillis:   We do not agree with your memory/assessment or assessment of the Court's decisions on certain language, in particular on items 3, 5, and 6 in our email exchange.  We will seek the Court's intervention and further ruling on these items if you insist on leaving them as they are in your draft Final Protective Order.  Please advise.  John Barker

---

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Monday, March 12, 2007 7:20 PM
**To:** John Barker
**Subject:** RE: Final Protective Order

Dear Mr. Barker:

First, you have waited until almost 7:00 P.M. on Monday night to request additional changes to the Protective Order that I sent to you on Friday afternoon last week.  Under the Judge's Order, the Protective Order must be filed with the Court tomorrow.  I will make every effort possible to accommodate you, but you have left little time to get this done as required by the Order.

As to your comments,

1. I will add the requested language concerning bates stamped numbers.
2. I will add the requested language concerning additional persons subject to the Protective Order.
3. I disagree that the judge directed the inclusion of the additional language that you have requested. In fact, he was very specific about the language on this issue and I incorporated exactly what he said to incorporate.  Your additional language, which adds nothing to the Protective Order, actually would create confusion with the specific language incorporated at the direction of the Court and is, therefore, not only not necessary but contrary to what the Court directed.
4. The change that you raise concerning Paragraph 8 was never raised before the Court last week and the judge did not address it at that time.  Accordingly, your request for additional changes to Paragraph 8 is rejected.
5. You are absolutely wrong as to what the Court stated about the contempt language.  In fact, Judge Sorokin himself stated that any violation of an Order of the Court would be a contempt of Court.  For you to claim otherwise is nothing short of disingenuous.
6. You are again incorrect as to what the judge said about the issue of liquidated damages.  His written Order was clear that "the revised version shall not include the proposed liquidated damages provision."  At the hearing, he stated just as clearly that he would issue that order of March 8, 2007 to inform the parties whether, after reviewing other similar protective orders he had entered, he would include the proposed liquidated damages provision which stated:

    "Because of the nature of the confidential information protected by this Order and the difficulties of ascertaining the damage as a result of a breach of this Order, the party responsible for the breach shall be required to pay to the Designating Party the sum of $2,500 per day for each day (or portion thereof) that a breach exists."

    His order directed the deletion of that proposed provision.  In accordance with his Order, that provision was deleted.  The language inserted in place of the deleted proposed liquidated damages provision is exactly what the judge directed—and which you actually proposed and agreed upon at

      the hearing—to be included in the revised protective order. Any second thoughts you may have had since the hearing do not allow you to act unilaterally after the Court has already ruled and directed the parties as to what the order will provide.

    7. I will add Attorney Michienzie's name and BBO number to the signature block as you requested. I will forward the final version with the additional changes as noted above tonight so that you can return a signed copy to me by fax in the morning in order to allow the parties to comply with the judge's Order to file it with the Court tomorrow.

It is ridiculous that you propose to submit 2 alternate versions of what the Court directed the parties to submit. I do not intend to do that. Instead, I intend to comply with the judge's Order. If you should choose to do otherwise, then that is your decision to make at your own peril. I will not agree, however, with your request that directly contravenes the express ruling and directions of Judge Sorokin.

I remain willing to discuss this matter if you can do so in a professional manner. I will be available tomorrow morning for this purpose.

Sincerely,

Brian A. Gillis, Esq.

---

**From:** John Barker [mailto:jb@masatlaw.com]
**Sent:** Monday, March 12, 2007 6:43 PM
**To:** bgillis@socialaw.com
**Cc:** Paul Michienzie
**Subject:** FW: Final Protective Order

Dear Mr. Gillis:

    There are certain items in the current draft Protective Order that we believe do not reflect Judge Sorokin's decisions on the wording of this Confidentiality Agreement. Taking these in the order of occurrence (not in the order of importance), they are as follows:

    1.    In ¶3(a), we believe that the judge approved our addition of "Existing Bates Numbers (if any) shall be retained on any such documents" at the end of this subparagraph.

    2.    The addition of new category (6)(e) "Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;" and the corresponding change from (e) to (f) of the next subparagraph.

    3.    In the last (unnumbered) paragraph of ¶6, change "6(d)" to "6(e)" and add the sentence "Nothing in this Confidentiality Agreement shall be construed as requiring disclosure of the identity of non-testifying experts or of other professionals not involved in the lawsuit (such as insurers or accountants)."

    4.    In ¶8, I would change in the last line, "not disclosed to any person" to "not disclosed to any other person other than those listed in ¶6". I am not sure if the court ruled on this proposed change, but I believe it is the logical sense of this paragraph.

    5.    In ¶12, the court expressly stated that the "shall be held in contempt" requirement was to be deleted from this paragraph.

    6.    The court also expressly ruled that the paragraph will not include the reference to "liquidated damages" that you have included in ¶12.

    7.    Please also add Paul Michienzie's name in the signature block for plaintiff's counsel (his BBO No. is 548701).

    Please let us know if you agree to the above-changes to your draft final Confidentiality Agreement. If you do not, I suggest that the best way for us to proceed would be to contact Judge Sorokin's clerk and submit our proposed versions informally by letter (rather than by motion), in order to expedite this process.

    Thank you, John Barker and Paul Michienzie.

**From:** Brian A. Gillis, Esq. [mailto:bgillis@socialaw.com]
**Sent:** Friday, March 09, 2007 2:35 PM
**To:** John Barker
**Subject:** Final Protective Order

Dear Counsel:

In accordance with judge Sorokin's orders at the hearing yesterday, and his subsequent order following the hearing, I have attached to this email the final version of the Protective Order with the changes he directed to be included therein.

Please review this document to satisfy yourself that all such changes have been incorporated as directed by the Court.

Once you have completed your review, please print, sign and date an original copy, fax that signed copy to me today, and mail the original signed copy to me. Upon receipt of your faxed signed copy, I will add electronic signatures to the document and file it with the Court as required.

If you have any questions, please contact me at any time.

Sincerely,

Brian A. Gillis, Esq.