**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

---

**ROBERT D. PRITCHARD,**

       Plaintiff,

vs.

                                                      **Case No.     05CV11135MLW**

**TRAFFICCAST, INC., BIN RAN,**
and **CONNIE JING LI,**

       Defendants.

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND COURT ORDERED LITIGATION DEADLINES

---

The defendants, TrafficCast, Inc., Bin Ran and Jing (Connie) Li, hereby state their opposition to the plaintiff's motion to extend the deadlines under this Court's Scheduling Order (per Wolf, C.J.), which was issued on September 15, 2006, <u>with the agreement of the plaintiff</u>. In support, the defendants state as follows:

    1.     The plaintiff filed his motion on March 2, 2007 without ever conferring and attempting in good faith to resolve or narrow the issues raised by his motion as required by Local Rule 7.1(A)(2). Instead, his attorneys sent a single email to the defendants' counsel at 3:04 p.m. the afternoon before they filed their motion, advising counsel that they intended to file their motion that same day or the next and inviting comment. See Email from Plaintiff's Counsel, dated March 1, 2007, attached hereto. Then, in their motion, which they filed with the Court the next day without ever

conferring with the defendants' counsel,[1] the plaintiff requested that his motion be heard by the Court just **six (6) days later** at a status conference before Magistrate Judge Sorokin, without allowing the defendants' any opportunity to respond. At that status conference, Magistrate Judge Sorokin declined to consider the plaintiff's motion and stated that it was "premature" since there was still time to comply with the deadlines of the original Scheduling Order of Chief Judge Wolf.

2.    On September 15, 2006, following a status conference before the Court (Wolf, C.J.), with counsel for all parties present, this Court issued a Scheduling Order on the basis of the parties' proposals for timely completion of discovery and the disposition of this case by trial or otherwise. That Order tracked almost exactly what the plaintiff had requested in the parties' Joint Statement Pursuant to Rule 26(f), previously filed on September 6, 2006. The defendants' proposal had sought an earlier and more expeditious completion to discovery and the disposition of this case.

3.    On November 6, 2006, in accordance with the Court's Scheduling Order, the defendants filed their Rule 26 Automatic Disclosures, produced their documents to the plaintiff, and made those documents available to the plaintiff for inspection and copying, subject only to their request that the plaintiff agree to maintain the confidentiality of defendant TrafficCast's extremely sensitive and confidential business information. The defendants repeatedly attempted to reach an agreement on this matter with the plaintiff that would protect the confidential information of both parties produced in discovery from wrongful disclosure. Even though the plaintiff agreed with the

---

[1]    The defendants' counsel was traveling out of state at the time and as a result was unable to respond until the following Monday, after the plaintiff had already filed his motion with the Court.

2

"principle" of a confidentiality order, the plaintiff refused to resolve the matter with the defendants and instead insisted on retaining an unfettered right to disclose to anyone any information provided by the defendants without accountability. As they did with the present motion, the plaintiff's counsel refused to make any effort to discuss the areas of disagreement that arose and instead insisted that the defendants proceed with a motion for a protective order.

    4.    Defendant TrafficCast filed its motion for a protective order with the Court on December 28, 2006 pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, requesting the entry of a protective order to prevent the wrongful disclosure of confidential, proprietary business information, including intellectual property, trade secrets and other business information that is critical to the defendant's business. On January 8, 2007, the plaintiff filed with this Court his "**Partial** Opposition" to the defendant's motion for a protective order regarding its confidential and proprietary business information. In his "partial opposition," the plaintiff stated: "**Plaintiff Does Not Oppose a Confidentiality Agreement in This Case.**" Plaintiff's Partial Opposition, at p.1, filed herein (emphasis in original). In his "partial opposition," the plaintiff made it clear that, while he did not oppose the entry of a protective order, he sought an order that would provide nothing but illusory protection for the defendant's confidential and proprietary information. Id., at pp. 2-6. While that motion for a protective order was pending, the plaintiff also filed a motion to compel production of documents with this Court. In his motion, the plaintiff failed to disclose essential information to the Court and misstated other information. On February 21, 2007, the Court (per Wolf, C.J.) referred the defendant's motion for a protective order to Magistrate Judge Sorokin for decision.

5. On March 8, 2007, after a hearing, Magistrate Judge Sorokin issued an Order granting the motion in part and denying it in part. The Court also denied the plaintiff's motion to compel production of documents at that time. At the hearing, Magistrate Judge Sorokin expressly directed the defendants' counsel to incorporate changes to the proposed protective order submitted and to file the revised protective order with the Court by the close of business on Tuesday, March 13, 2007. In accordance with that Order, counsel for the defendants made the revisions as directed and submitted the revised order to the plaintiff's attorneys for review and signature. The plaintiff's attorneys then requested additional changes to the order. The defendants agreed to incorporate their requested additional changes, except those that directly contravened the Order and directions of Magistrate Judge Sorokin. The defendants then filed with the Court, together with a letter, the revised Final Protective Order as directed by Magistrate Judge Sorokin on Tuesday, March 13, 2007. Subsequently, the plaintiff's counsel filed an "emergency motion for clarification," in which his attorneys are once again attempting to obtain additional terms in the protective order that differ from those Magistrate Judge Sorokin ruled on and expressly directed to be included in the Protective Order.

6. The plaintiff's approach to the Court's Scheduling Order, just like their approach to the protective order and their frivolous motion to compel production of documents, is designed solely to gain some perceived tactical advantage in this litigation. These improper tactics have repeatedly caused unnecessary delay in the prosecution of this case that has only resulted in undue expense to the defendants. Therefore, as indicated by Magistrate Judge Sorokin at the hearing on March 8, 2007, the plaintiff's motion should be denied and the plaintiff and his counsel should be admonished to

4

comply with their obligations under this Court's rules and to refrain from further improper delaying tactics.

                                      Respectfully submitted,

                                      By the Defendants,

                                      _____/s/ Brian A. Gillis, Esq._____
                                      Brian A. Gillis, Esq.  BBO# 547767
                                      Forty-Five School Street
                                      Boston, Massachusetts  02108
                                      (617) 720-4443

                              CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic mail delivery on March 15, 2007.

                                        _____/s/ Brian A. Gillis, Esq._____
                                        Brian A. Gillis, Esq.

```
Extension of time deadlines in Pritchard caseFrom: John Barker [jb@masatlaw.com]
Sent: Thursday, March 01, 2007 3:04 PM
To: bgillis@socialaw.com
Cc: Paul Michienzie
Subject: Extension of time deadlines in Pritchard case

Dear Mr. Gillis:   Because of the delay in obtaining documents, we would like to
propose extensions of time for the all the remaining litigation deadlines in
this case, by two months each.  We plan to so move the court.  We are sending
this email to fulfill our obligation to confer with you in advance under Local
Rule 7.1(A)(2).  Please respond immediately if you have any comments and/or
objections, or if you will assent to this proposal.  We will file the motion
today or tomorrow, with a request that it be heard at the 3/8/07 hearing.  Thank
you, John Barker

John C. Barker
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116
Phone:    617-227-5660
Fax:        617-227-5882
E-mail:    jb@masatlaw.com

The information contained in this e-mail message is intended for the use of the
individual or entity named above only, and may be protected from disclosure
under applicable state and/or federal law.  If the reader of this message is not
the intended recipient, you are hereby notified that any unauthorized
dissemination, distribution or copying of this communication is strictly
prohibited.  If you have received this communication in error, please notify us
immediately by telephone at 617-227-5660, and delete the original message.
```