UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRITCHARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05cv11135-MLW |
| | ) | |
| TRAFFICCASST | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon review of defendants' Letter (Docket #50) and Plaintiffs' Emergency Motion fo Clarification (Docket #51) as well as further reflection of the issues raised by the Protective Order, the Court makes the following rulings.

The Protective Order submitted as Docket Number 50-2 shall enter as the governing Protective Order in this case subject to the modifications set forth below. Counsel for the Defendants shall prepare a revised version in accordance with this Order and the parties shall jointly submit it to the Court with both counsel certifying that it complies with this Order.

1. Paragraph 6 is amended by striking the last sentence and replacing it with the following:

> If any such person is a non-testifying expert witness, counsel retaining such person may retain the written agreement of such person in lieu of providing it to opposing counsel and instead provide opposing counsel with a certification that confidential information was disclosed to a non-testifying expert witness in compliance with this Protective Order. In no circumstance may confidential information be disclosed to a competitor of the Designating Party or an employee of or consultant to such competitor, if reasonable good faith inquiry would reveal such status. Any party seeking to invoke this prohibition shall file with the Protective Order a list of competitors which shall be a part of this Protective Order.

     2.  All of Paragraph 12 after the word "alternatively" in the second to last line of page 4 is struck and replaced with the following.

     be retained by counsel for three years.  Within thirty days after the experiation of the three year period counsel must destroy these documents and certify to counsel for the Designating Party that destruction has occurred.  In the event of an alleged breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the brach. The Designating Party shall bear the burden of proof any alleged breach.  The parties agree and believe that, in the event of an alleged breach, upon a Motion filed with the Court, an expediated hearing would be appropriate.

     3.  In paragraph 7 the citation to "Mass. R. Civ. P." is replaced with "Fed. R. Civ. P."

     The Emergency Motion (Docket #51) is DENIED IN PART AND ALLOWED IN PART.

Date: March 15, 2007                                        /s/ Leo T. Sorokin

                                                        LEO T. SOROKIN
                                                        UNITED STATES MAGISTRATE JUDGE