UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW

| | |
|---|---|
| ROBERT D. PRITCHARD, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>TRAFFICCAST, INC., BIN RAN., )<br>and CONNIE JING LI )<br>    Defendants. ) | |

JOINT CERTIFICATION OF THE PARTIES
PURSUANT TO ORDER OF MARCH 15, 2007

The plaintiff, Robert D. Pritchard, and the defendants, Trafficcast, Inc., Bin Ran., and Connie Jing Li, pursuant to the Order of the Court (per Sorokin, M.J.), dated March 15, 2007, hereby certify that the attached finalized Protective Order complies with this Court's Order of March 15, 2007.

Respectfully submitted,

By the Plaintiff,                                           By the Defendants,

ROBERT D. PRITCHARD                        TRAFFICCAST, INC., BIN RAN.,
                                                                     and CONNIE JING LI,

By his Attorneys,                                         By their Attorneys,

__/s/ Richard E. Bennett, Esq.____           __/s/ Brian A. Gillis, Esq._____
Paul Michienzie, Esq., BBO# 548701        Brian A. Gillis, Esq., BBO# 547767
John C. Barker, Esq., BBO# 637406          Old City Hall
Richard E. Bennett, Esq., BBO# 037740   Forty-Five School Street
Michienzie & Sawin LLC                           Boston, Massachusetts 02116
745 Boylston Street, 5th Floor                   (617) 720-4443
Boston, Massachusetts 02116
(617) 227-5660

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW

ROBERT D. PRITCHARD,            )
    Plaintiff                              )
                                                 )
v.                                                    )
                                                 )
TRAFFICCAST, INC., BIN RAN.,  )
and CONNIE JING LI                  )
    Defendants.                         )

**<u>PROTECTIVE ORDER</u>**

    Upon agreement of the parties, and review by the Court, it is hereby ORDERED as follows:

    1.    This Order provides for the confidential treatment of certain information or material produced during discovery in this action.  This information or material shall be referred to as "Confidential Material" and shall include all information or documents which are in good faith designated as "Confidential Material" by the "Designating Party."  A Designating Party is any party to this action or who identifies as Confidential Material information or documents provided by others for use in this action.  Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable good faith belief that the designated material is entitled to confidential treatment under Mass. R. Civ. P. 26(c).

    2.    This Order shall apply to: (a) documents produced in response to requests for the production of documents, and all information derived therefrom and all copies, excerpts or summaries thereof; (b) responses to requests for admission; (c) responses to interrogatories including documents used in preparing such responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests.

    3.    The Designating Party shall mark Confidential Material, according to the procedures set forth below, with the following "Confidentiality Legend":

        "CONFIDENTIAL": Subject to Protective Order in <u>Pritchard v. TrafficCast, Inc.,
        et al.</u>,   United States District Court District of Massachusetts
        Civil Action No. 05-11135-MLW

(a)     With regard to the production of documents, the Confidentiality Legend shall be placed on the face of the document and on each internal page designated as being or containing Confidential Material.  The internal pages may be so designated by only the legend: "Confidential."  Documents that are merely made available for inspection in response to a request for production need not be marked with the Confidentiality Legend.  However, a Designating Party shall mark with the Confidentiality Legend those documents that are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection.  Existing Bates Numbers (if any) shall be retained on such documents.

(b)     With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designations as Confidential Material shall be made by means of a statement at the conclusion of such affidavits, statements or responses specifying the responses or parts thereof deemed by the Designating Party to be confidential. The Confidentially Legend shall be placed on each page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating party to be confidential.

(c)     With regard to depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 30 days following receipt of the transcript of such deposition by counsel for the Designating Party with which the deponent is associated or employed or by counsel for the Designating Party whose Confidential Material was the subject of the deposition.  If such designation is made, the original and each copy of the transcript shall be labeled with the Confidentiality Legend on the front page and on each page of the transcript that has been designated as containing Confidential Material.  In addition, all deposition exhibits designated to be or containing Confidential Material shall be so marked.  If all or parts of a videotaped deposition are designated as confidential, the videocassette or other videotape container shall be labeled with the Confidentiality Legend.  If a party designates portions of a deposition transcript as containing Confidential Material after transcripts have been distributed to the parties, the Designating Party shall distribute to the parties copies of the cover page and all designated pages both bearing the Confidentiality Legend.  Upon receipt of these papers, the parties shall substitute them for the corresponding, non-marked pages and return to the Designating Party or destroy these pages.  All deposition transcripts shall be treated as Confidential Material for the first thirty days after such transcripts are received by any party.

4.      In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material may be designated as confidential by the producer as follows:

(a)     Within fifteen (15) days of the date of discovery of the inadvertent production of such material, the producer must give written notice to all parties that the producer claims that

the material is confidential, in whole or in part, and supply all parties to whom that material has previously been produced with new copies of the material labeled with the Confidentiality Legend in accordance with paragraph 3 of this order.

    (b)    Upon receipt of such notice and labeled copies of the materials, all parties who had received a copy of such material without the confidentiality Legend shall promptly destroy all unlabeled copies thereof.

    (c)    Upon receipt of the notice described in subparagraph (a) and of the new copies labeled with the Confidentiality Legend, all parties shall thereafter treat the Designated Material as subject to this Order.

    (d)    No party shall be held in breach of this order if, before the confidential nature of the material is claimed, such material or information has been disclosed to any person(s).

    5.    Confidential Material shall be used solely in connection with this action or any action involving only this plaintiff and these defendants, subject to the terms of this Order.  The confidential Material can also be used in any action consolidated with this action, subject to the terms of this Order

    6.    Except upon the prior written consent of the Designating Party or upon order of the Court, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential.  Confidential Material shall not be disclosed to any person other than:

    (a)    Counsel to the parties having responsibility for this action or the settlement thereof, and their associates.

    (b)    The parties' officers, directors, employees and agents;

    (c)    Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

    (d)    Deponents and witnesses, both during examination of such persons and in connections with preparation for testifying, and court reporters, in accordance with paragraph 3(c) and other procedures as may be agreed upon among the parties;

    (e)    Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;

    (f)    The Court and its personnel in accordance with Paragraph 8.

Those persons identified in subparagraph 6(a) through 6(e) shall, prior to obtaining access to Confidential Material, (i) be advised of the existence of this Order and be instructed

that he or she is bound by its terms, and (ii) be shown a copy of this Order and agree in writing, or be ordered by the Court, to be bound by its terms. Each such person shall provide his or her written agreement to the Designating Party prior to having any access to Confidential Material. If any such person is a non-testifying expert witness, counsel retaining such person may retain the written agreement of such person in lieu of providing it to opposing counsel and instead provide opposing counsel with a certification that confidential information was disclosed to a non-testifying expert witness in compliance with this Protective Order. In no circumstance may confidential information be disclosed to a competitor of the Designating Party or an employee of or consultant to such competitor, if reasonable good faith inquiry would reveal such status. Any party seeking to invoke this prohibition shall file with the Protective Order a list of competitors which shall be a part of this Protective Order.

      7.      If any party disputes the designation by any other party of any document or information as Confidential Material, the parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to confidential treatment. If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, counsel for either of the parties may file an appropriate motion with the Court seeking a Court order determining whether or on what terms the document or information is entitled to confidential treatment. The burden of establishing that the designated document or information is entitled to confidentiality under Fed.R.Civ.P.26(c) shall, at all times, remain with the Designating Party.

      8.      If confidential materials or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labelled "Confidential -- Subject to Court Order" and shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by this Court.

      9.      Nothing in the Order shall prevent any party from using or disclosing its own documents or information, or for using or disclosing any information it has also received from any source other than the Designating Party.

      10.      Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

      11.      A party's designation of materials as confidential, or its failure to object to another party's designation of materials as confidential, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

      12.      This Order shall survive the termination of this action and shall continue in full force and effect thereafter. Within ninety (90) days of the termination of this action and the expiration of any and all appeals therefrom, all parties shall return to counsel for the Designating Party all Confidential Material received from the Designating Party, including all copies, prints,

summaries and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants.  All attorney work product summaries or other work product materials containing information derived from the Confidential Material need not be returned to counsel for the Designating Party, but may alternatively be retained by counsel for three years.  Within thirty days after the expiration of the three year period counsel must destroy these documents and certify to counsel for the Designating Party that destruction has occurred.  In the event of an alleged breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the breach.  The Designating Party shall bear the burden of proof of any alleged breach.  The parties agree and believe that, in the event of an alleged breach, upon a Motion filed with the Court, an expedited hearing would be appropriate.

       13.    This Order may be modified or amended by agreements of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

       14.    This Order shall not in any way be construed so as to limit the rights or obligations of the parties under any other Order of this Court or any law, statute or regulation, nor act as a shield for any person or entity to refuse to disclose any information that it is by law obligated to disclose.

       15.    This Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Material at trial.

       /s/ Leo T. Sorokin_____
       LEO T. SOROKIN
       UNITED STATE MAGISTRATE JUDGE

Dated:_____

Consented to and agreed to by the parties:

       Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

       By his attorneys,

       _____
       Paul Michienzie, Esq., BBO# 548701
       John C. Barker, Esq.,  BBO# 637406
       Michienzie & Sawin LLC
       745 Boylston Street, 5th Floor
       Boston, Massachusetts 02116

Defendants, TrafficCast, Inc., Bin Ran., and
Connie Jing Li,

By their attorney,

_____
Brian A. Gillis, Esq., BB0# 547767
Old City Hall
Forty-Five School Street
Boston, Massachusetts 02108

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW

ROBERT D. PRITCHARD,         )
    Plaintiff            )
                             )
v.                           )
                             )
TRAFFICCAST, INC., BIN RAN., )
and CONNIE JING LI           )
    Defendants.          )

## PROTECTIVE ORDER

Upon agreement of the parties, and review by the Court, it is hereby ORDERED as follows:

1. This Order provides for the confidential treatment of certain information or material produced during discovery in this action. This information or material shall be referred to as "Confidential Material" and shall include all information or documents which are in good faith designated as "Confidential Material" by the "Designating Party." A Designating Party is any party to this action or who identifies as Confidential Material information or documents provided by others for use in this action. Designation of material as Confidential Material shall constitute a certification by the Designating Party that the party has a reasonable good faith belief that the designated material is entitled to confidential treatment under Mass. R. Civ. P. 26(c).

2. This Order shall apply to: (a) documents produced in response to requests for the production of documents, and all information derived therefrom and all copies, excerpts or summaries thereof; (b) responses to requests for admission; (c) responses to interrogatories including documents used in preparing such responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests.

3. The Designating Party shall mark Confidential Material, according to the procedures set forth below, with the following "Confidentiality Legend":

"CONFIDENTIAL": Subject to Protective Order in <u>Pritchard v. TrafficCast, Inc., et al.</u>, United States District Court District of Massachusetts Civil Action No. 05-11135-MLW

(a)     With regard to the production of documents, the Confidentiality Legend shall be placed on the face of the document and on each internal page designated as being or containing Confidential Material. The internal pages may be so designated by only the legend: "Confidential." Documents that are merely made available for inspection in response to a request for production need not be marked with the Confidentiality Legend. However, a Designating Party shall mark with the Confidentiality Legend those documents that are confidential or contain confidential information which are identified for copying and then copied for an opposing party following inspection. Existing Bates Numbers (if any) shall be retained on such documents.

(b)     With regard to affidavits, statements and responses to interrogatories or requests for admissions, the designations as Confidential Material shall be made by means of a statement at the conclusion of such affidavits, statements or responses specifying the responses or parts thereof deemed by the Designating Party to be confidential. The Confidentially Legend shall be placed on each page of any affidavit or set of responses to interrogatories or requests for admissions containing information deemed by the Designating party to be confidential.

(c)     With regard to depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or within 30 days following receipt of the transcript of such deposition by counsel for the Designating Party with which the deponent is associated or employed or by counsel for the Designating Party whose Confidential Material was the subject of the deposition. If such designation is made, the original and each copy of the transcript shall be labeled with the Confidentiality Legend on the front page and on each page of the transcript that has been designated as containing Confidential Material. In addition, all deposition exhibits designated to be or containing Confidential Material shall be so marked. If all or parts of a videotaped deposition are designated as confidential, the videocassette or other videotape container shall be labeled with the Confidentiality Legend. If a party designates portions of a deposition transcript as containing Confidential Material after transcripts have been distributed to the parties, the Designating Party shall distribute to the parties copies of the cover page and all designated pages both bearing the Confidentiality Legend. Upon receipt of these papers, the parties shall substitute them for the corresponding, non-marked pages and return to the Designating Party or destroy these pages. All deposition transcripts shall be treated as Confidential Material for the first thirty days after such transcripts are received by any party.

4.     In the event that material considered by the producer to be confidential is inadvertently produced without having been designated as Confidential Material, such material may be designated as confidential by the producer as follows:

(a)     Within fifteen (15) days of the date of discovery of the inadvertent production of such material, the producer must give written notice to all parties that the producer claims that

the material is confidential, in whole or in part, and supply all parties to whom that material has previously been produced with new copies of the material labeled with the Confidentiality Legend in accordance with paragraph 3 of this order.

(b)    Upon receipt of such notice and labeled copies of the materials, all parties who had received a copy of such material without the confidentiality Legend shall promptly destroy all unlabeled copies thereof.

(c)    Upon receipt of the notice described in subparagraph (a) and of the new copies labeled with the Confidentiality Legend, all parties shall thereafter treat the Designated Material as subject to this Order.

(d)    No party shall be held in breach of this order if, before the confidential nature of the material is claimed, such material or information has been disclosed to any person(s).

5.    Confidential Material shall be used solely in connection with this action or any action involving only this plaintiff and these defendants, subject to the terms of this Order. The confidential Material can also be used in any action consolidated with this action, subject to the terms of this Order

6.    Except upon the prior written consent of the Designating Party or upon order of the Court, parties to whom Confidential Material is disclosed shall treat all such Confidential Material as confidential. Confidential Material shall not be disclosed to any person other than:

(a)    Counsel to the parties having responsibility for this action or the settlement thereof, and their associates.

(b)    The parties' officers, directors, employees and agents;

(c)    Experts or consultants (including their employees, associates and support staff) retained by a party in connection with this action;

(d)    Deponents and witnesses, both during examination of such persons and in connections with preparation for testifying, and court reporters, in accordance with paragraph 3(c) and other procedures as may be agreed upon among the parties;

(e)    Insurers or reinsurers of the parties; accountants or financial advisors of the parties, as needed;

(f)    The Court and its personnel in accordance with Paragraph 8.

Those persons identified in subparagraph 6(a) through 6(e) shall, prior to obtaining access to Confidential Material, (i) be advised of the existence of this Order and be instructed

that he or she is bound by its terms, and (ii) be shown a copy of this Order and agree in writing, or be ordered by the Court, to be bound by its terms. Each such person shall provide his or her written agreement to the Designating Party prior to having any access to Confidential Material. If any such person is a non-testifying expert witness, counsel retaining such person may retain the written agreement of such person in lieu of providing it to opposing counsel and instead provide opposing counsel with a certification that confidential information was disclosed to a non-testifying expert witness in compliance with this Protective Order. In no circumstance may confidential information be disclosed to a competitor of the Designating Party or an employee of or consultant to such competitor, if reasonable good faith inquiry would reveal such status. Any party seeking to invoke this prohibition shall file with the Protective Order a list of competitors which shall be a part of this Protective Order.

7.   If any party disputes the designation by any other party of any document or information as Confidential Material, the parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to confidential treatment. If the parties are unable to agree as to whether the Designating Party should have designated the document or information as Confidential Material, counsel for either of the parties may file an appropriate motion with the Court seeking a Court order determining whether or on what terms the document or information is entitled to confidential treatment. The burden of establishing that the designated document or information is entitled to confidentiality under Fed.R.Civ.P.26(c) shall, at all times, remain with the Designating Party.

8.   If confidential materials or quotes from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labelled "Confidential -- Subject to Court Order" and shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by this Court.

9.   Nothing in the Order shall prevent any party from using or disclosing its own documents or information, or for using or disclosing any information it has also received from any source other than the Designating Party.

10.  Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

11.  A party's designation of materials as confidential, or its failure to object to another party's designation of materials as confidential, shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

12.  This Order shall survive the termination of this action and shall continue in full force and effect thereafter. Within ninety (90) days of the termination of this action and the expiration of any and all appeals therefrom, all parties shall return to counsel for the Designating Party all Confidential Material received from the Designating Party, including all copies, prints,

summaries and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. All attorney work product summaries or other work product materials containing information derived from the Confidential Material need not be returned to counsel for the Designating Party, but may alternatively be retained by counsel for three years. Within thirty days after the expiration of the three year period counsel must destroy these documents and certify to counsel for the Designating Party that destruction has occurred. In the event of an alleged breach, the non-breaching party shall give written notice of the breach to the breaching party upon discovery of the breach. The Designating Party shall bear the burden of proof of any alleged breach. The parties agree and believe that, in the event of an alleged breach, upon a Motion filed with the Court, an expedited hearing would be appropriate.

13. This Order may be modified or amended by agreements of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

14. This Order shall not in any way be construed so as to limit the rights or obligations of the parties under any other Order of this Court or any law, statute or regulation, nor act as a shield for any person or entity to refuse to disclose any information that it is by law obligated to disclose.

15. This Order shall not preclude the use or disclosure of any Confidential Material during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Material at trial.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATE MAGISTRATE JUDGE

Dated: _____

Consented to and agreed to by the parties:

Plaintiff/ Defendant in Counterclaim Robert D. Pritchard,

By his attorneys,

Paul Michienzie, Esq., BBO# 548701
John C. Barker, Esq., BBO# 637406
Michienzie & Sawin LLC  Richard E Bennett, BBO# 037740
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
617-227-5660

5

Defendants, TrafficCast, Inc., Bin Ran., and
Connie Jing Li,

By their attorney,

Brian A. Gillis, Esq., BB0# 547767
Old City Hall
Forty-Five School Street
Boston, Massachusetts 02108