UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV-11135-MLW

| | |
|---|---|
| ROBERT D. PRITCHARD, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| TRAFFICCAST, INC., BIN RAN., ) | |
| and CONNIE JING LI ) | |
|     Defendants. ) | |

DEFENDANTS' EXPERT WITNESS DISCLOSURE PURSUANT TO RULE 26
===

The defendants, TrafficCast, Inc., Bin Ran, and Connie Jing Li, pursuant to the Court's Order of September 15, 2006, Rule 26(a) of the Federal Rules of Civil Procedure and Rule 16.5 of the local Rules of this Court, hereby make the following disclosure of information regarding their anticipated expert witness testimony for trial.

The defendants anticipate retaining an expert to respond to the disclosed testimony of the plaintiff's identified expert, Warren Burkholder. However, the plaintiff has failed to provide any meaningful disclosure as required by the Court's Orders and Rules. For example, the plaintiff's designated expert offers as his opinion in the plaintiff's disclosure that "it is reasonable to assume that the Board of Directors held the value of the stock to be between $1 and $10 per share [and] … [t]his would place the value of the Subject Interest of 1,848,000 shares at between $1.8 million and $18 million." Such an opinion is so lacking in specificity or definiteness that the defendants are unable to respond. In fact, the plaintiff's expert even acknowledged that his opinion "is based on an incomplete analysis of *the Business* and all related facts and

circumstances." At the same time, the plaintiff's expert has based his disclosed opinion on facts for which there is no support and "presume[s] as fact otherwise uncertain information." The plaintiff's expert also asserts that he is unable to provide the necessary specificity for a meaningful opinion due to "the lack of any financial information about *the Business* or its affiliates … [and that] the number of shares outstanding is unknown."

The defendant produced to the plaintiff on November 6, 2006 **_all_ of its financial information _and_ information on its shares of outstanding stock.** The plaintiff had access to this information at that time, subject only to the condition that all such confidential and proprietary business information must be protected. The plaintiff, however, refused to maintain the confidentiality of the information. The Court has since granted the defendant's motion and entered a Protective Order concerning the defendants' confidential and proprietary business information. The plaintiff also has since copied more than 7,000 pages of documents produced by the defendants on November 6, 2006, many of which have been designated as Confidential within the terms of the Court's Protective Order. Despite this Protective Order, the plaintiff and his counsel have disclosed to their expert witness substantial amounts of the defendants' confidential and proprietary business information and refused to date to provide a certification from their expert that the confidentiality of all such information will be protected from disclosure in accordance with the Court's Order.

The defendants intend to seek appropriate relief from this Court concerning the plaintiff's failures to comply with its Rules and Orders, including the exclusion of any expert witness opinion that is inadmissible under the *Daubert/Kumho Tire* standards applicable to this action. The defendants further intend to seek appropriate relief from

this Court concerning the plaintiff's wrongful disclosures of their confidential and proprietary business information and the plaintiff's misappropriation of the defendant's property.  Accordingly, on the basis of the foregoing, the defendants are unable at this time to identify any expert witness who will testify on their behalf at the trial of this matter and request leave from this Court to reserve their right to supplement their disclosure upon the plaintiff's compliance with the Court's Orders and Rules.

        Respectfully submitted,

        By the Defendants,

        TRAFFICCAST, INC., BIN RAN.,
        and CONNIE JING LI,

        _____/s/Brian A. Gillis, Esq._____
        Brian A. Gillis, Esq., BBO# 547767
        Old City Hall
        Forty-Five School Street
        Boston, Massachusetts 02108
        (617) 720-4443

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic mail on April 13, 2007.

        _____/s/Brian A. Gillis, Esq._____
        Brian A. Gillis, Esq.